UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Civil No. 1-CV-00-0315

JOHN RICHARD JAE,
    Plaintiff,

U.S. District Judge Rambo
U.S. Magistrate Judge Smyser

vs.

D. KYLER, et al.,
    Defendants

FILED
HARRISBURG
DEC 21 2000
MARY E. D'ANDREA, CLERK
Per _____ MA
DEPUTY CLERK

PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Now Plaintiff John Richard Jae, pursuant to this court, now files his Plaintiff's Reply Brief to Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel, here, the above-captioned civil action, & who avers, deposes & says:—

1. On or about September 26, 2000, Plaintiff served Second Request For Production of Documents upon Defendants' counsel herein this case.

2. On or about October 30, 2000, Defendants by counsel filed their Defendants' Objections to Plaintiff's Second Request For Production of Documents, herein this case.

3. On or about November 13, 2000, Plaintiff filed Plaintiff's Brief In Opposition to Defendants' Objections to Plaintiff's Second Request For Production of Documents, herein this case.

4. On or about December 4, 2000, Defendants, by counsel, filed their Memorandum In Opposition to Plaintiff's Motion to Compel, herein this case.

5. This is the Plaintiff's Reply Brief to Defendants' Memorandum In Opposition to Plaintiff's Motion to Compel, herein this case.

Defendants' claim & argues that:—

(1) The last pleading filed by Plaintiff which

22, 2000. Thus by operation of Local Rule 26.4 discovery in this matter ended by the end of August, 2000. Plaintiff's second request for the production of documents, which was not served until the end of September is clearly out of time."

Plaintiff avers & submits, that while the above may very well be true, defendants filed to address/reply to Plaintiff's contention, that, "Second of all, even if this court does not agree with the above argument/contention of this Plaintiff, it can still order Defendants to produce documents requested by the plaintiff in his Plaintiff's Second Request for Production of Documents herein this case, because according to LR 1.3 of this Court, the Court can suspend these rules in individual cases by written order, and Plaintiff avers & submits that this Court shall suspend LR 26.4, herein this case, and order Defendants to provide the requested documents to this Plaintiff because of/ due to the facts that Defendants have filed a Motion For Summary Judgment here in this case, and the Plaintiff needs such requested documents in order to enable him to adequately respond to and defend against the Defendants' Motion For Summary Judgment here in this case, and because Fed. R. Civ. P., Rule 56(f) and the decision of the United States Sup. Court, in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986), as well as other federal case law on subject issue, a federal court is not supposed to grant summary judgment if discovery has not been completed in the case, thus, the interests of fundamental fairness and fair and equal justice require this court to suspend LR 26.4, herein this case, and order defendants to provide the requested documents to the plaintiff herein this case." 2/ and because Defendants "have so failed to address/reply to such, such must be deemed to be admitted/unopposed by Defendants, under & pursuant to Fed.

1/ see Defendants' Memorandum In Opposition To Plaintiff's Motion To Compel, herein this case, at 3-4.

2/ see Plaintiff's _____

... ~~Crv-P-8(d) and LR-7~~ of this Court and ~~there~~ should suspend LR 26-4, herein this case, and order Defendants to Produce "all" of the Requested Documents listed therein Plaintiff's Second Request For Production of Documents, herein this, to Plaintiff, for his Inspection and copying forthwith.

    Defendants also claim & argue, that:

"Plaintiff's third Request asks defendants to produce, "Plaintiff's Prison Medical Records from April 23, 2000 to May 1, 2000, to include, Physician's orders, Dispensary Card, Progress Notes and X-ray reports."

"This Request is not reasonably calculated to lead to the Discovery of admissible evidence. Plaintiff has not challenged the constitutionality of his medical care during this period. Instead, he focuses on whether he had access to his legal materials in order to respond to a deadline in another litigation. These documents are simply not pertinent to the claim, and defendants' objection should be sustained."

However, plaintiff avers & submits, that such is "not" true, his Request No. 3, IS relevant to Paragraph No's 5, 6, 8 & 9, of his Supplemental Complaint herein this case, and to enable him to counter & disprove Paragraph No's 5, 7, 8 & 9, of Defendants' Answer to Supplemental Complaint herein this, and thus such Documents/Medical Records should be ordered Produced herein for this Plaintiff's Inspection and copying.

    (W)HEREFORE, this Court should grant the Plaintiff's Brief In Opposition to Defendants' objections to Plaintiff's Second Request For Production of Documents, suspend LR 26-4, this case and order Defendants to Produce, for Inspection and copying, herein "all" of the documents requested therein Plaintiff's Second Request For Production of Documents herein this case.

Dated: 17th DECEMBER 2000.

No. 1=CV-00-0315

## CERTIFICATE OF SERVICE

Plaintiff now hereby certifies that on this 18th day of December, 2000, I served a true & correct carbon copy of the within Plaintiff's Reply to Defendants' Memorandum In Opposition to Plaintiff's Motion To Compel, by 1st class mail, postage prepaid, addressed to:=

Mr. Michael L. Harvey,
SDAG
Office of the Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA- 17120

Dated/Executed on:=
18th December 2000=
At=Waynesburg, Pennsylvania=

(S) _____
Mr. John Richard Jr.
#BQ-3219
SCI-Greene[?]
175 Progress Drive
Waynesburg, PA 15370
Plaintiff and Pro Se Counsel