"Please File In Case"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
    Plaintiff,

vs.

KENNETH D. KYLER, et al.,
    Defendants.

Civil No.: 1-CV-00

U.S. District Judge Ram
Magistrate Judge

FILED
HARRISBURG
DEC 21 2000
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

## PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO REMAND ACTION BACK TO STATE COURT

COMES NOW, the Plaintiff and Pro Se Counsel to the above-entitled Civil Action, John Richard Jae, as a Layman Unlettered in the & Sciences of the Laws & Legal Procedures within the United States, pursuant to LR 7.8 of this Court, files his Plaintiff's Reply Brief to Defendants' Memorandum In Opposition to Motion To Remand Action Back To State Court, & why, avers, deposes:

On or About November 15, 2000, Plaintiff John Richard filed his Motion For Remand of Case Back To State Court And Brief In Support, herein this case.

On or About November 27, 2000, Plaintiff filed his Amended Motion For Remand of Case Back To State Court And Amended Brief In Support, herein this case.

On or About December 4, 2000, Defendants, by Counsel, filed Memorandum In Opposition To Motion To Remand Action Back To State Court, herein this case.

This is the Plaintiff's Reply Brief To Defendants' Memorandum In Opposition To Motion To Remand Action Back To State Court.

First, Plaintiff objects to Defendants' Memorandum

court, ██ and avers that such should be stricken and not considered by this court, as such pleading is not in proper form/is "not" a proper response, as Plaintiff filed a Motion for Remand of Case Back to State Court And Brief in Support, "not" a "Motion to Remand Action Back To State Court, as Defendants state in their Memorandum.

Defendants claim &argue, that:

"Defendants properly removed this action because the complaint states claims under the United States Constitution." 1/

However, Plaintiff avers &submits, that, first of all, Defendants did state the above as their reason for removing this action to this Federal Court in their Notice of Removal nor in their Removal Petition, herein this case and, in fact, did not state any ground/reason for removing this action to Federal Court at all, either in their Notice of Removal "nor" in their Removal Petition as they "are" legally required to by 28 U.S.C. §1446 &thus, Defendants' Removal Petition & Notice of Removal "are" legally insufficient as a matter of law & Defendants "have" clearly violated and failed to comply with the requirements of 28 U.S.C §1446 &should not be rewarded by being allowed to continue this action before/in this Federal and their deliberate and knowing failure to comply with the requirement of 28 U.S.C. §1446, that they state their reasons for removing this action to Federal Court divests this Court of proper jurisdiction of this

Although, the above is enough reason to legally require this court to remand this case back to State

1/ See Defendants' Memorandum in opposition to Motion to Remand...

court, all by itself, Plaintiff avers & submits, that, second of all, Defendants' claim/argument that Defendants properly removed this action because the complaint states claims under the United States Constitution is just "not" a good enough reason for removal of this action from state court to federal court and such desires and "is" contrary to rulings of federal courts that state courts are competent to hear federal claims as "state" courts have the inherent authority to and are presumptively competent to adjudicate claims arising under the laws of the United States. Tafflin v. Levitt, 493 U.S. 455, 458 (1990). In fact, states are compelled by the supremacy clause 2/ to enforce federal law. See Howlett v., 496 U.S. 356, 367, 110 S.Ct. 2430 (1990)(holding that states are mandated to hear 42 U.S.C. §1983 actions and explaining federal law is enforceable in state courts because "the Constitution and laws passed pursuant to it are as much laws in the states as laws passed by the state legislature"), and further, by removing this action from state to this federal court, defendants "have" illegally deprived the plaintiff of his right to choose which forum to proceed with this action, and Plaintiff contends that the real reason as to why the Defendants removed this case to this federal court is that Plaintiff would be prevented from exercising his right to appeal the decision if this court enters final judgment of any form in Defendants' favor, as they were/are aware that Plaintiff cannot appeal any adverse decision of this court to the United States Court of Appeals for the Third Circuit, as he has three strikes & more against him & would have to pay the filing fee for such appeal up front, all at once, which he can "not" do, but would not have to do in any appeal from state court

Defendants next claim & argue, that:

"Plaintiff incorrectly argues that Defendants must demonstrate that they cannot protect their federal rights in state court as a prerequisite to removal. Pl. br. at 2. Plaintiff apparently relies on 28 U.S.C. §1443, which authorizes the removal of a state law claim."

However, in reply to the above, Plaintiff avers & submits that he has "not" incorrectly argued such, as there is nothing at all in 28 U.S.C. §1443 that says such only applies to removal of a state law claim and the Defendants are reading something into this statute that just isn't there, and it is them, not Plaintiff who is incorrect here.

Finally, Defendants claim & argue, that:

"This case was properly removed under §1441 because complaint clearly invokes federal law. Accordingly, plaintiff's motion to remand should be denied."

However, plaintiff avers & submits, in reply to such, that this case was "not" properly removed under §1441 and as a matter plaintiff's motion to remand should be granted and the case should be remand back to the State Court.

RESPECTFULLY SUBMITTED,

Date: 17th December 2000

(s) John Richard Jae
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/CMU
175 Progress Drive
Waynesburg, PA 15370
Plaintiff and Pro Se Counsel

CERTIFICATE OF SERVICE

I certify that on 18/00, I mailed to the person listed below a true and correct carbon copy of this Reply Brief by 1st Class Mail, Postage Prepaid:

MR. MICHAEL L. HARVEY, SDAG
Office of the Attorney General of Pennsylvania
15th Floor Strawberry Square
Harrisburg, PA 17120
Date/Executed on: 18th December 2000

(s) John Richard Jae
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel