IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, Plaintiff, | CIVIL NO. 1:CV-00-0315 |
| vs. | U.S. District Judge Rambo Magistrate Judge Smyser |
| KENNETH D. KYLER, et al., Defendants. | |

FILED
HARRISBURG
FEB 28 2001
MARY E. D'ANDREA, CLERK
Per: _____ Deputy Clerk

### PLAINTIFF'S SECOND MOTION FOR ENLARGEMENT OF TIME

COMES NOW the Plaintiff & Pro Se Counsel in the above-entitled Civil Action, John Richard Jae, as a Layman unlettered in the Arts & Sciences of the Laws & Legal Procedures within the United States, who now files his Second Motion for Enlargement of Time, herein pursuant to Fed.R.Civ.P. 6(b) & who, avers, deposes & states:

1. On or about October 17, 2000, Defendants, thru Counsel, filed their Motion for Summary Judgment and their Statement of Undisputed Facts, herein the above-captioned Civil Rights Action.

2. On or about December 5, 2000, Defendants, thru Counsel, filed their Memorandum In Support of Motion For Summary Judgment and their Documents Supporting Defendants' Motion For Summary Judgment herein the

3. On or About December 18, 2000, Plaintiff filed his Motion requesting an enlargement of time until February 18, 2001, to file & serve his Brief in Opposition to Defendants' Motion For Summary Judgment and on December 27, 2000 this Court granted Plaintiff his request for enlargement of time, until February 16, 2001, here[in]

4. Plaintiff now files his Second Motion For Enlargement of Time, herein this civil action.

5. On January 10, 2001, Plaintiff John Rich[ard] Doe, had another mental health relapse and s[imply] attempted to kill himself by trying to hang him[self] from his cell heating vent & cut his right arm & [put] feces all over himself & his cell walls & he was hearing v[oices] & he was taken out of the SMU & placed in a cell in the M[ental] Observation area at SCI-Greene & then on January 14, 2001, ta[lked] with Dr. Ismael (his treating psychiatrist) who told Plaintiff [that] he felt Plaintiff was unstable & may be starting to become psych[otic] & he asked if the Plaintiff if he wanted to sign a voluntary mental h[ealth] committment to go to the mental health unit (MHU) at S[CI] Pittsburgh & the Plaintiff replied, yes he did, & he signed such committment papers & on January 18, [2001] the Plaintiff was transferred to the MHU at SCI-Pitt[sburgh].

6. [illegible]

& his files & papers in this case are up at SCI-Greene in his property boxes there.

7. That, the Plaintiff cannot prepare & file his Brief In Opposition to Defendants' Motion For Summary Judgment and Memorandum of Law In Support unless & until he has his papers & files in this case in his possession.

8. That, the Plaintiff and also the Director of the MHU here, DR. Judy Gettle, have both written to the Staff at SCI-Greene and requested that they send the case files & papers in this case (among plaintiff's other legal material) to the Plaintiff here at the MHU at SCI-Pittsburgh, but he has not received such yet here as of this date of this M/

9. On February 13, 2001, the Plaintiff was informed his treating psychiatrist here in the MHU at SCI-Pittsburgh that he is going to have this Plaintiff committed the Forensic Treatment Center at SCI-Waymart, as believes that the Plaintiff needs further/longer mental health treat

10. That, the Plaintiff has filed an Appeal to the U.S. District Judge from the U.S. Magistrate Judge denial of the Plaintiff's Motion To Remand this case back State Court, which the U.S. District Judge has not yet Ruled

11. When this Plaintiff left SCI-Greene for the MHU here on 1-18-01,

11. That, on or about December 27, 2000, this Court ordered the Defendants to provide to the Plaintiff the materials which he requested in his Plaintiff's Second Request For Production of Documents within ten (10) days of the date of this Order, but the Defendants <u>have failed to do so</u> yet as of the date of this here Motion, herein, and the Plaintiff needs to have these documents/materials also before he can prepare & file his Brief In Opposition To Defendants' Motion for Summary Judgment And Memorandum Of Law In Support herein, [before he can]

12. Furthermore, Plaintiff is filing, simultaneously with this here Motion, his Motion To Compel Discovery and Affidavit and Brief In Support, <u>and</u> his Motion For Sanctions And Brief In Support herein this case.

13. Furthermore, this Plaintiff avers & submits that, he needs an Affidavit from a Prison Inmate, <u>and</u> one of the Protestant Chaplains and an Officer at the <u>State Correctional Institution At Camp</u> -Cont'd.-/ legal materials from his Medical Observation Area Cell at SCI-Greene, which contained his files & papers, in this 2/ Plaintiff does not recall all the discovery materials he

In order to enable him to counter & oppose Defendants' Motion For Summary Judgment filed Enlargement of Time, Memorandum of Law In support, herein, and to enable him to show that the Defendants "lie" & mislead this Court what they state & argue, therein, however, it is policy of the Pa. Dept. of Corrections that inmates confined in two separate prisons may not write one another or communicate, and he does "not" believe that the Prison Chaplain the Office will give this an Affidavit without an order from this Court requiring them to do herein this case, because they both would be afraid they would get in trouble with the DOC

14. That this Plaintiff, is filing simultaneously with this here Motion, his Motion For an Order Requiring Defendants to permit the Plaintiff to communicate and write Inmate at SCI Camp Hill Prison and his Motion For an Order Requiring Prison Chaplain Rev. Vogel, and Officer Charlie Craig to sign Affidavits For Plaintiff And Briefs In support, herein, this case, and it will take this Court at least several weeks to rule on these motion and on the Plaintiff's Motion to Compel, and Motion For Sanctions, his 2-Cont'd./For Reduction of Documents to attach hereto as such is down in his property at SCI Green

15. That Plaintiff needs to send out his Exhibits for his Plaintiff's Appendix To Brief In Opposition to Defendants' Motion For Summary Judgment And Memorandum Of Law In Support, to his Christian Friend to be photocopied so that he has enough copies of such for Defendants' counsel, this court & himself, herein this case, but do to the fact that Plaintiff's Christian Friend has already made photocopies of other legal pleadings in another court case for this Plaintiff already this here month, the Plaintiff cannot send out his Exhibits herein this case, to his Christian Friend for photocopy of such until March 1, 2001, & that it will take the Plaintiff's Christian Friend at least 2 weeks to photocopy & return such Exhibits back to this Plaintiff.

(W)HEREFORE, based upon the foregoing herein, supra, the Plaintiff John Richard Jae, pray that this court will grant him a Second Enlargement of Time of Thirty (30) days after the date of this Plaintiff's Accompanying Motions, herein, in which to prepare, file & serve his Plaintiff's Brief in Opposition to Defendants' Motion For Summary Judgment And Memorandum of Law In Support, the Statement of Disputed Material Response In Opposition To Defendants' Statement of Undisputed Facts and Exhibits, herein this ca[se]

AND HE SHALL EVER PRA[Y]
RESPECTFULLY SUBMITTED

(s) _____John Richard Jae_____
MR. JOHN RICHARD JAE,
#BQ-3219
SCI-Pittsburgh
P.O. Box 99901
Pittsburgh, PA. 15233-0[ ]

Plaintiff and Pro Se Couns[el]

Dated: 15th FEBRUARY 2001