IN THE UNITED STATES DISTRICT C[OURT] copy
FOR THE MIDDLE DISTRICT OF PENNSYL[VANIA]

| | |
|---|---|
| JOHN RICHARD JAE, | CIVIL No. 1:CV-00-0[315] |
| Plaintiff, | U.S. District Judge R[ambo] |
| | Magistrate Judge Smy[ser] |
| vs. | FILED<br>HARRISBURG |
| KENNETH D. KYLER, et al., | MAR 12 2001 |
| Defendants. | MARY E. D'ANDREA, CLE[RK]<br>Per_____ CHS<br>DEPUTY CLERK |

MOTION TO COMPEL PRODUCTION OF DOCUME[NTS]
AND ANSWERS TO PLAINTIFF'S SECOND SET
OF INTERROGATORIES

The Plaintiff John Richard Jae moves this court ple[ads]
to Rules 34(b) and 37(a), Fed. R. Civ. P., for an order compell[ing]
the Defendants to produce for inspection and copying th[e]
documents requested on January 8, 2001, and to answer the sec[ond]
of Interrogatories the same date, herein this above-entitled civil [action].

This motion is based upon the accompanying Affidavit and Brief in Sup[port]
and upon the papers & files herein this case.

(s) _John Richard Ja[e]_
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/BMU
175 Progress Drive
Waynesburg, PA 15370-[____]
Plaintiff and Pro Se couns[el]

Dated 8th MARCH 2001:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, | CIVIL No. JCK-00-
Plaintiff, |
| U.S. District Judge R
vs. | Mag. State Judge Sm
|
KENNETH D. KYLER, et al., | **FILED**
| **HARRISBURG**
Defendants. | MAR 12 2001
| MARY E. D'ANDREA, CLERK
| Per _____ GTS
|       DEPUTY CLERK

AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND
ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Plaintiff John Richard Jaeaver States under penalty of perjury, pursuant to 28 U.S.C. §1746, that:

1. I am the Plaintiff and Pro Se counsel in the above-entitled civil action. I make this Affidavit in support of Motion to Compel Production of Documents in this case.

2. On or about January 9, 2001, I served Defendants' counsel of record with the originals of Plaintiff's Second Set of Interrogatories and Plaintiff's Third Request for Production of Documents herein this

3. On or about February 13, 2001, Defendants, thru co filed their Defendants' Objections to Plaintiff's Sec Set of Interrogatories and Defendants' Objections to Plaintiff's

Third Request For Production of Documents, herein th[is]

4. That, all of Plaintiff's Second Set of Interrogatories and all of his Third Request For Production of Documents are relevant to the fac[ts] & claims at issue herein this case, as set forth in the accompanying Brief In Support.

5. That, the Defendants' Answers to Plaintiff's Second Set of Interrogatories and their Production of the Documents as is requested therein Plaintiff's Third Request For Production of Docum[ents] "is" necessary to enable the Plaintiff to adequately respond to and defend against Defe[ndants'] Motion For Summary Judgment, herein this cas[e].

6. Defendants' Objections herein, are waived, a result and a consequence of their failure to [file] them in a timely manner, as is set forth in th[e] accompanying Brief In Support.

7. Defendants' Objections herein, are waived as a result and a consequence of their failure to file any Brief in su[pport] manner of their Defendants' Objections to Plaintiff's Second Set of Interrogatories and their failure to file any Brief In Support of their Defendants' Objections to Plaintiff's Third Request For Production of Documents, herein this case, as set forth in the accompanying Brief In Support.

(W)HEREFORE, Plaintiff John Richard Jae, Requests that this Court grant this Motion To Compel in all respects and order the Defendants to Answer Plaintiff's Second Set of Interrogatories In Toto and produce all of the documents requested In the Plaintiff's Third Request For Production of Documents in their Individual entirity, hereIn this case:

RESPECTFULLY SUBMITTED

(s)_____John Richard Jae_____
MR. JOHN RICHARD JAE,
#BQ-3214
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370-8089

Dated/executed on:

8th MARCH 2001=

At= Waynesburg, Pennsylvania=

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH D. KYLER, et al., <br><br> Defendants. | CIVIL No. 1:CV-00-0315 <br><br> U.S. District Judge Rambo <br> Magistrate Judge Smyser <br><br> **FILED** <br> **HARRISBURG** <br><br> MAR 1 2 2001 <br><br> MARY E. D'ANDREA, CLERK <br> Per _____ <br> DEPUTY CLERK |

BRIEF IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND ANSWERS
~~TO PLAINTIFF'S SECOND SET OF INTERROGATORIES~~
~~I. STATEMENT OF THE CASE~~

This is a 42 U.S.C. §1983 Civil Rights Action filed by a prisoner at the ~~State Correctional Institute~~ at Camp Hill, Camp Hill, PA., seeking compensatory and punitive Damages, a Declaratory Judgment, Plaintiff's costs of this suit, Plaintiff's Attorney's fees & costs (if any) and a Trial By Jury, based upon Defendants' denial of Legal Materials, Religious Materials, Showers, outside yard/exercise, excessive heat/poor ventilation, Failure to Follow Mandatory Prison Policy Directives, and Retaliation for Exercise of Rights to Freedom of Speech.

1/ On October 24, 2000, the Plaintiff was transferred from the SCI-Camp Hill RHU to the SCI-Greene SMU where he is presently confined at p.61.

## II. STATEMENT OF THE FACTS

On January 8, 2001, Plaintiff mailed his Second Set of Interrogatories and his Third Request For Production of Documents to Counsel for the Defendants, herein this case, pursuant to Fed. R. Civ. P. 33 & 34(b).

As set forth in the Plaintiff's Affidavit in Support of Motion To Compel Production of Documents, herein the Defendants failed to respond to this Plaintiff's Discovery Requests, as set forth above, within thirty (30) days of their receipt thereof the same as required by federal law, Fed. R. Civ. P. 33(b) & 34(b). [2]

Also, as set forth in the Plaintiff's Affidavit in Support of Motion To Compel Production of Documents herein, the Defendants have not, as of the date of this here Motion, filed any Brief in Support of Defendants' Objections To Plaintiff's Second Set of Interrogatories, nor have they filed any Brief in Support of Defendants' Objections To Plaintiff's Request For Production of Documents, within ten (10) days after the filing of said Objections, as required by M.D. LR 7.5 of this Court, herein this case. [3]

---

2/ Plaintiff mailed his Second Set of Interrogatories and his Request For Production of Documents on January 8, 2001, and gave three (3) days for mailing, defendants' objections were due on/by February 12, 2001, but were not actually filed until February 13, 2001.

3/ The here Defendants' Briefs were due to be filed herein by no later than February 26, 2001.

III. ARGUMENTS
   POINT I

A. DEFENDANTS HAVE WAIVED THEIR OBJECTIONS TO ANY OF PLAINTIFF'S DISCOVERY REQUESTS BY THEIR FAILURE TO RESPOND TIMELY TO SUCH REQUESTS WITHIN THIRTY (30) DAYS THEREAFTER SERVICE THEREOF THE SAME.

The Federal Rules of Civil Procedure provide that responses and objections to Interrogator[ies] shall be served within thirty days after service.[4] Rules likewise provide the same exact time lim[it] service of responses and objections to Requests [for] Production of Documents.[5] The Defendants, herein, ha[ve] did "not" respond to this Plaintiff's Second Set of Interrogatories nor Plaintiff's Third Request for Prod[uction] of Documents, herein this case, nor did they file any objections to either or both of such Plaintiff's d[iscovery] requests within thirty (30) days thereafter servi[ce] of both of such, herein, either. Defendants' obje[ctions] to Plaintiff's second set of Interrogatories and th[e] objections to Plaintiff's Third Request for Production of Doc[uments] were not served upon this Plaintiff, herein, until February 13, 2001, thirty-one (31) days after servi[ce] thereof, and the rule says 30, not 31 days. In fact, cou[nsel] did not even prepare Defendants' objections to Plaint[iff's] Second Set of Interrogatories nor Defendants' objections to Plain[tiff's]

4/ See Fed. R. Civ. P. 33(b)(3).
5/ See Fed. R. Civ. P. 34(b).

Third Request For Production of Documents until the 31rst day and therefore, Defendants' objections to both Plaintiff's discovery requests herein, is especially untimely. 6/

Plaintiff furthermore avers & submits that it is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, Davis v. Yamaha Motor Corp., 128 F.R.D. 20, 22 (D. Mass. 1989) and cases cited; Krewson v. City of Quincy, 120 F.R.D. 7 (D. Mass. 1988); Cephas v. Busch, 47 F.R.D. 371, 372 (E.D. Pa. 1969); Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 425 (W.D. Mo. 1963), and Perrignon v. Borough of Morrisville, 136 F.R.D. 396 (E.D. Pa. 1991).

"This waiver is enforced even if the objection is based on a claim of privilege. Marx v. Kelly, Hart & Holman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Frontier v. Kellner, 10 F.R.D. 303, 309 (D. Kan. 1986) and cases cited; Cardox Corp. v. Olin Mathieson Chemical Corp., 23 F.R.D. (S.D. Ill. 1958). The noncomplying party is excused from this only if the discovery sought is "patently improper." Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of

6/ Throughout this case, Defendants' counsel has repeatedly ignored, violated & disrespected the time limits of the Federal Rules of Civil Procedure, Local Rules of this court and/or the Court's

fair discovery. Krewson v. City of Quincy, 120 F.R.D.

7. Plaintiff's discovery requests at issue herein, "not" "patently improper" does such far exceed the bands of fair discovery, and thus, Defendants should not be excused from the waiver herein this case.

    B. DEFENDANTS HAVE WAIVED THEIR OBJECTIONS TO ANY OF PLAINTIFF'S DISCOVERY REQUESTS BY THEIR FAILURE TO FILE ANY BRIEFS IN SUPPORT OF THEIR OBJECTIONS WITHIN TEN (10) DAYS.

On or about February 13, 2001, the Defendants this counsel, filed their objections to Plaintiff's second set of interrogatories and their objections to Plaintiff's third request for production of documents herein this case, and therefore, as required by M.D.L.R. 7.5, was due to be filed & served by no later than February 27, 2001, however, Defendants have filed any briefs in support of their objections herein this case, as of the date of this motion to compel.

M.D.L.R. 7.5 of this court, in its relevant part, states: within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall
6-cont'd/order, by filing motions, briefs, objections, by not providing this with discovery documents, as ordered by the court for over two months & now the time has come

file an original and two copies of a brief with the clerk and shall serve copies thereof on all parties.... .... Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided by this rule such motion shall be deemed to be withdrawn."7/

Thus, Defendants' objections to Plaintiff's discovery requests should be deemed withdrawn and Defendants should be compelled to answer Plaintiff's Second Set of Interrogatories in full and compelled to produce all of the Documents requested by Plaintiff's Third Request For Production of Documents, herein this instant civil Rights Action.

## POINT II

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND PLAINTIFF'S THIRD REQUEST FOR DOCUMENTS, HEREIN, ARE "NOT" UNTIMELY.

THE Defendants, in both their Defendants' objections To Plaintiff's Second Set Of Interrogatories and their Objections to Plaintiff's Third Request For Production

---

7/ Given what this Plaintiff states & sets forth, herein supra, this court should not order otherwise, herein

Documents, herein this case, claim that because plaintiff's Second Set of Interrogatories and Plaintiff's Third Request for Production of Documents were "not" served on a date so that discovery could be completed by January 12, 2001, 9 months after the supplemental complaint, are not timely.

However, contary to what the Defendants claim, Plaintiff avers & submits, that in addition to the Defendants claim here being waived, as untimely brought/filed, the Defendants are in error, as on October 30, 2000, Defendants, thru counsel, filed their Objections to Plaintiff's Second Request For Production of Document, herein this case.

On November 13, 2000, Plaintiff filed his Brief in Opposition to Defendants' Objections to Plaintiff's Second Request For Production of Documents, herein this case.

On December 4, 2000, Defendants, thru counsel, filed their Memorandum in Opposition to Plaintiff's Motion To Compel, herein this case.

On December 18, 2000, Plaintiff filed his Reply Brief To Defendants' Memorandum In Opposition to Plaintiff's Motion To Compel, herein this case.

Obviously, the Plaintiff could not file his Plaintiff's Second Set of Interrogatories nor his Plaintiff's Second Request for Production of Documents, herein, while this Pleading was still pending before this Court and had to wait until the Court ruled on such pleadings before could do so given what the Defendants had argued in their Memorandum In Opposition to Plaintiff's Motion to Compel, herein.

The Court, on December 27, 2000, denied the Defendants' Arguments and ruled that the discovery period in this case did not close until January 17, 2001, and granted Plaintiff's Motion to Compel.

Plaintiff did not receive this Court's December 27, 2000, until January 2, 2001, and he served his Plaintiff's Second Set of Interrogatories and Plaintiff's Third Request For Production of Documents upon Counsel for the Defendants, herein, on January 8, 2001, six (6) days later, and thus such were not "in the" herein.

Plaintiff avers & submits, that, M.D.LR 26.4, Court, in its relevant part, states as follows:
   In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of

last pleading filed by that party.

Plaintiff avers & submits, that there is nothi[ng] in M.D. LR 7.5 of this court nor in Fed. R. Civ. P.[,] which requires this plaintiff to have served h[is] Plaintiff's Second Set of Interrogatories and h[is] Plaintiff's Third Request for Production of Docume[nts] upon counsel for the Defendants, herein, this on [a] on a date so that discovery could be completed [by] January 17, 2001, the discovery deadline, herein t[his] case. In fact, M.D. LR 26.4, in its relev[ant] part, specifically states, that, "----- each part[y] civil action shall complete all discovery pleadings within six (6) months of the date of the last pl[eading] filed by that party." The last pleading fil[ed by] this plaintiff, herein, was his Supplemental Complaint, filed on July 17, 2000, and thus s[ince] he served his Plaintiff's Second Set of Interrogator[ies] and his Plaintiff's Third Request for Production of Documents upon counsel for the Defendants, h[erein] on January 8, 2001, he "has" completed all discov[ery] proceedings within six (6) months of the date of [the] last pleading filed by this party, and furthermore, [it] was then upon Defendants to file their resp[onse] to Plaintiff's ~~Second Set of Interrogatories~~ and Plaintiff's Third Request [for] Production of Documents, herein, within six (6) mo[nths] of the date last pleading filed by that party, which was [their] Answer to Plaintiff's Supplemental Complaint, filed he[rein]

August 28, 2000, which would make Defendants' discovery deadline set for February 28, 2001, as Plaintiff's Second Set of Interrogatories and Third Request For Production of Documents was mailed to counsel for the Defendants, herein, on January 8, 2001, and Defendants' Answers to both of such were due on February 12, 2001, ample time to have serve such on this Plaintiff before February 28, 2001, and thus Defendants' claims here have no legal merit at all & are contrary to

Finally, Plaintiff avers & submits, that, he needs the Defendants' Answers to his Second Set of Interrogatories and it is necessary for Defendants to produce all of the documents which he requests there in his Plaintiff's Third Request For Production of Documents, herein, in order to enable him to adequately & sufficiently respond to and defend against the Defendants' Motion For Summary Judgment, herein, and that without such he will be denied his rights to due process of the law and to access to the courts, and as such denial will cause him to be unable to properly, adequately & sufficiently defend against such defense motion, and he has a right to Interrogatory Answers and documents which enable him to do and in as far as M.D.LR 56.6 can be used /construed to limit or deny him such, such Local Rule of Court would & does violate Fed. R. Civ. P. 56

(f) and deny this plaintiff his rights to access to the courts, due process of the law under the 1st & 14th Amendments of the United States Constitution, and such Local Rule of Court would be "IS" unconst[itutional], this plaintiff does challenge the constitutionality of such and lastly, a Local Rule of one Court cannot be construed nor used to deny nor circumvent the Federal Rules of Civil Procedure for all the courts nor what is allowed thereunder, for, it is the Federal Rules of Civil Procedure, not the Local Rules of this Court, which conte[rol] and govern this matter, herein this case and thus, plaintiff's motion to compel, must be gr[anted] in full, by this Court.

RESPECTFULLY SUBM[ITTED]

(s) _John Richard Jae_
MR. JOHN RICHARD JAE
#BQ-3319
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-8089

Dated: 8th MARCH 2001

11

Joe vs. Kyle, et al.
Civil No. 1:CV-00315
CERTIFICATE OF SERVICE

I Certify that on 3/09/01, I mailed to the persons listed a true & correct copy of each of the Plaintiff's Motion to Compel Production of Documents, Affidavit in Support of Motion to Compel Production of Documents and Brief in Support of Motion to Compel Production of Documents, U.S. 1st Class Mail, Postage Pre-paid & addressed to:

Mr. Michael L. Harvey, SDAG
Office of the Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA. 17120

"I Declare under penalty of perjury pursuant to 28 USC §1746 the above is true & correct."

(s) _____
Mr. John Richard
Plaintiff and Pro Se Counsel

Dated/Executed on:

9th March 2001:

At: Waynesburg, Pennsylvania=