ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN RICHARD JAE,                    :
                                     :
           Plaintiff                 :
                                     :
    v.                               :    No. 1:CV-00-0315
                                     :
KENNETH D. KYLER, individually, and :    (Judge Rambo)
in his official capacity, et al.,    :
                                     :    (Magistrate Judge Smyser)
           Defendants                :

FILED
HARRISBURG, PA

MAR 1 3 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SANCTIONS**

**PROCEDURAL HISTORY**

This is a civil rights action brought pro se by John Richard Jae, an inmate currently

incarcerated at the State Correctional Institution at Greene (SCI-Greene). Defendants are various

present and former officials at the State Correctional Institution at Camp Hill.

This action was originally commenced in January 2000 in the Court of Common Pleas of

Cumberland County. Defendants removed the action to this Court on February 22, 2000. The

complaint alleged violations of the First, Eighth and Fourteenth Amendments, as well as, state

law claims. Regarding plaintiff's constitutional claims he asserted that he had been denied legal

materials and religious literature, that he had been denied showers and exercise and that he had

been subjected to poor ventilation and excessive heat in his cell (Complaint ¶¶1, 10-16, 17-19,

20-21, 23-27).

After defendants objected to a document request as outside the discovery period, Jae

moved to compel production of documents. The magistrate judge assigned to this matter granted

the motion on December 27, 2000, and directed defendants to produce the documents within ten

days of the order.  The documents at issue were (1) RHU 17x quarters cards from April 24, 2000, to June 6, 2000, (2) the RHU property Officer's notes form November 20, 1999 to May 24, 2000, and (3) Jae's medical records from April 23, 2000 to May 1, 2000.

Counsel did not provide the documents to Jae within the time set forth in the order of the magistrate judge.  The documents, however, have been delivered to Jae.

Before the court is Jae's motion for sanctions.  This brief is submitted in opposition to Jae's motion.

## STATEMENT OF FACTS[1]

Counsel for defendants received this Court's Order directing defendants to provide documents in response to plaintiff's second set of requests for production of documents on December 27, 2000.  The Order directed that the documents be provided within ten days, which under Fed.R.Civ. P. 6 was January 11, 2001.  At the time counsel received the Order, the plaintiff, John Richard Jae, was housed in the State Correctional Institution at Greene.  He had been transferred there from SCI-Camp Hill on October 24, 2000.

Counsel was initially unable to contact the appropriate staff member at SCI-Greene until January due to holiday vacations.  On January 22, 2001, counsel received a package of materials from SCI-Greene pertaining to the Jae case, which he believed were complete responses to the discovery request.  Counsel discovered, however, that he had been sent DC-17 forms, which were Jae's "Conduct Record" and not the DC-17x, which was his adjustment record which he had requested.  In addition, the medical records sent were incomplete in that these records did not

---

[1]This statement of facts is based upon the Unsworn Declaration of Michael L. Harvey, attached hereto.

2

include all the dates requested by Mr. Jae.

Jae was transferred to the mental health unit of SCI-Pittsburgh on January 18, 2001 and counsel then contacted staff at SCI-Pittsburgh to obtain Jae's DC-17x forms and his complete medical records. Counsel was subsequently told that Jae's DC-14 file which contained his DC-17x forms could not be located in SCI-Pittsburgh. He was further told that, because this was a temporary transfer, it was possible that Jae's DC-17x forms could still be at SCI-Greene. SCI-Pittsburgh staff, however, were able to locate Jae's medical records, and on February 9, 2001, counsel received Jae's complete medical file.

Counsel contacted the litigation coordinator at SCI-Greene, and was initially informed that Jae's DC-14 file could not be found at SCI-Greene. He contacted staff at SCI-Camp Hill to see if the DC-14 may have been sent there. Counsel was later informed that the DC-14 was located at SCI-Greene, and he received the DC-17x forms on February 21, 2001.

When counsel prepared the documents for mailing he discovered that Jae's medical record lacked dispensary cards and he believed this may have been an oversight. Jae was then transferred back to SCI-Greene on February 22, 2001, and counsel contacted the litigation coordinator at SCI-Green to check to see if there were any dispensary cards for the time period Jae had requested. After a few days, he received confirmation that there were no dispensary cards for time period covered in Jae's request.

On March 1, 2001, counsel mailed to Jae the documents sought in his document request.

### STATEMENT OF QUESTION INVOLVED

Should plaintiff's motion for sanctions be denied where defendants have substantially complied with the Court's order and the plaintiff has not been prejudiced?

3

# ARGUMENT

## PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED WHERE DEFENDANTS HAVE SUBSTANTIALLY COMPLIED WITH THIS COURT'S ORDER AND THE PLAINTIFF HAS NOT BEEN PREJUDICED.

Plaintiff seeks sanctions under Fed.R.Civ.P. 37(b) alleging that defendants, through counsel, failed to timely comply with a court order compelling discovery. Specifically, Jae requests that defendants be fined, and that Jae be awarded the costs of this motion for sanctions.

Generally, the imposition of sanctions, and the choice of an appropriate sanction under Rule 37, is a matter committed to the second discretion of the trial court. Howes v. Medical Components, Inc., 698 F.Supp. 574, 580 (E.D. Pa. 1988). The presence of willfulness or bad faith, while not conclusive, is a relevant factor in this determination. Id; see Wright and Miller, Federal Practice and Procedure: Civil §2291.

In some circuits, "substantial compliance with a court order is a defense to an action for civil contempt. . .[i]f a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986); see United State Steel Corp. v. United Mine Workers, 598 F.2d 363, 368 (5th Cir. 1979); Washington Metropolitan Area Transit Authority v. Amalgamated Transit Union, 531 F.2d 617, 621 (D.C. Cir. 1976). Whether substantial compliance is a defense to civil contempt is still undecided in the Third Circuit. See Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994) (stating that even if the court were to recognize substantial compliance as a defense to contempt, it would not apply in that case). However, district courts have accepted substantial compliance as a defense. See Haldeman v. Pennhurst State Sch. & Hosp., 154 F.R.D. 594, 608 (E.D.Pa.1994);

4

<u>Merchant & Evans, Inc. v. Roosevelt Building Products Co., Inc.</u>, No. 90-7973, 1991 WL 261254, at *1 (E.D. Pa. Dec. 6, 1991).

"There is general support for the proposition that a [party] may not be held in contempt as long as it took all reasonable steps to comply." <u>Harris v. City of Phila.</u>, 47 F.3d 1311, 1324 (3d Cir. 1995). The respondent must "show that it has made 'in good faith all reasonable efforts to comply.'" <u>Id</u> (quoting <u>Citronelle-Mobile Gathering, Inc. v. Watkins</u>, 943 F.2d 1297, 1301 (11th Cir. 1991)).

Here, counsel took reasonable steps to comply with the Court order. As set forth, in the attached declaration, however, errors in identifying and mailing the correct documents and plaintiff's several transfers resulted in multiple unforeseen delays in counsel obtaining the documents so that he could forward them to Jae. Moreover, Jae now has the documents and is able to use them in his response to defendants' motion for summary judgment which is now due on May 4, 2001. Thus has not been prejudiced by the delay.

Accordingly, the fine and payment of costs are not appropriate in this case and Jae's request for the documents is now moot. The motion for sanctions should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for sanctions should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

BY: _____

**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**PHONE:  (717) 783-6896**
**FAX:  (717) 772-4526**

**DATE:  March 13, 2001**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                         :
                                          :
                Plaintiff                 :
                                          :
        v.                                :        No. 1:CV-00-0315
                                          :
KENNETH D. KYLER, individually, and :              (Judge Rambo)
in his official capacity, et al.,         :
                                          :        (Magistrate Judge Smyser)
                Defendants                :

### UNSWORN DECLARATION OF MICHAEL L. HARVEY

I, Michael L. Harvey, hereby declare under penalty of perjury that the following is true

and correct based upon my personal knowledge and my review of my office mail log and the

Department of Corrections Inmate Record System:

1.      I received this Court's Order directing defendants to provide documents in

response to plaintiff's second set of requests for production of documents on December 27, 2000.

The Order directed that the documents be provided within ten days, which under Fed.R.Civ. P.

6(a) was January 11, 2001.

2.      At the time I received the Order, the plaintiff, John Richard Jae, was housed in the

State Correctional Institution at Greene.  He had been transferred there from SCI-Camp Hill on

October 24, 2000.

3.      I was unable to contact the appropriate staff member at SCI-Greene until January

due to holiday vacations.

4.      I informed the litigation coordinator there of the documents I required.

5.      On January 22, 2001, I received a package of materials from SCI-Greene

pertaining to the Jae case, which I believed were complete responses to my request.

6.      I discovered, however, that I had been sent DC-17 forms, which were Jae's "Conduct Record" and not the DC-17x, which was his adjustment record which he had requested.  In addition, the medical records sent were incomplete in that these records did not include all the dates requested by Mr. Jae.

7.      Jae was transferred to the mental health unit of Pittsburgh on January 18, 2001.

8.      I then contacted staff at SCI-Pittsburgh to obtain Jae's DC-17x forms and his complete medical records.

9.      I was subsequently told that Jae's DC-14 file which contained his DC-17x forms could not be located in SCI-Pittsburgh.  I was told that, because this was a temporary transfer, that it was possible that Jae's DC-17x forms could still be at SCI-Greene.  SCI-Pittsburgh staff, however, were able to locate Jae's medical records, and forwarded them to me.

10.     On February 9, 2001, I received Jae's complete medical file.

11.     I contacted the litigation coordinator at SCI-Greene, and was initially informed that Jae's DC-14 file could not be found at SCI-Greene.  I contacted staff at SCI-Camp Hill to see if the DC-14 may have been sent there.

12.     I was later informed that the DC-14 was located at SCI-Greene, and I received the DC-17x forms on February 21, 2001.

13.     When I prepared the documents for mailing I discovered that Jae's medical record lacked dispensary cards and I believed this may have been another oversight.

14.     Jae was then transferred back to SCI-Greene on February 22, 2001.

15.     I contacted the litigation coordinator at SCI-Greene to check to see if there were any dispensary cards for the time period Jae had requested.  After a few days, I received confirmation that there were no dispensary cards for time period covered in Jae's request.

16.    On March 1, 2001, I mailed to Jae the documents sought in his document request.

Attached hereto is a true and correct coy of what I sent him.

**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**

**Executed on:**  _3/1/01_



COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**

**March 1, 2001**

MIKE FISHER
ATTORNEY GENERAL

**REPLY TO:**
15th **Floor, Strawberry Square**
**Harrisburg, PA 17120**
**PHONE: (717) 783-6896**
**FAX: (717) 772-4526**

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

RE: **Jae, John Richard v. Kyler, et al**
No. 1:CV-00-0315

Dear Mr. Jae:

Enclosed please find the documents requested in your second request for production of documents dated September 24, 2000:

1.  Plaintiff's RHU 17x quarters cards from April 24, 2000, until June 6, 2000.
2.  Any notes taken by the RHU property officer from November 20, 1999 until May 24, 2000, concerning the plaintiff's property.
3.  Plaintiff's prison medical records from April 23, 2000, until May 1, 2000 including physician's orders, progress notes and x-ray reports. There are no dispensary cards in plaintiff's medical records for the time period requested.

Very truly yours,

**MICHAEL L. HARVEY**
Senior Deputy Attorney General

MLH/cmt
Enclosures

FORM **DC-17X**

**ADJUSTMENT RECORD**

**COMMONWEALTH OF PENNSYLVANIA**
DEPARTMENT OF CORRECTIONS

☐ DISCIPLINARY CUSTODY
☐ ADMINISTRATIVE CUSTODY

DC NO. _BO3219_ NAME _Ive Tom_

☐ MAXIMUM   ☐ CLOSE

REMARKS _____
_____
_____

Date Received _____ Block Received From ____
Cell No. ____B2-# _____ Placed By _____
Date Released _B2-57_ Released By _____

| DATE | TIME | COMMENT | OFFICER'S SIGNATURE |
|------|------|---------|---------------------|
| | | Given RHU set-up + rules and regulations | |
| 4-5-02 | APL | Continue DC Review again... set up | hardy |
| 4-5-00 | 12oc | Placed in Law Library | AA |
| 4-10-00 | | CONTACT: MOVED TO BACK OF TIER & HAS BEEN QUIET SINCE. | |
| | | PSYCHOLOGY IS ATTEMPTING TO TRANSFER HIM TO WAYMART ICU, | |
| | | AS NOTED ON 8/ PRT. GOOD BEHAVIOR ONLY LAST SO LONG, AS | |
| | | EVERYONE WAITS FOR EXPLOSION. DC-TIME TO 3-2003. | J Richter |
| 4-23-00 | 2-10 | REFUSED TO GIVE UP CELL CLEANING MATERIALS DC141 | COI McFadden |
| 4-23-00 | 2-10 | REFUSED TO GIVE UP CELL CLEANING MATERIALS DC141 | COI LR Smith |
| 4-23-00 | 2-10 | THREATENING STAFF DC 141 | CK #... COII |
| 4-23-00 | 2-10 | RECVD DC-141 FOR SPITTING ON STAFF | COI LR. SMITH |
| 4-23-00 | 2-10 | RECVD DC-141 FOR THREATENING STAFF | COI Cook |
| 4/23/00 | 2215 | INMATE JAE DID SWALLOW STAPLES IN | |
| | | FRONT OF THIS OFFICER AND STATED THAT | |
| | | HE WAS GOING TO KILL HIMSELF TONIGHT | Dumble |
| 4/24/00 | 1430 | spoke w/Jae Manipulative behavior | |
| | | "staged" a p'ticit'tion - do | JKell |
| | | recommend in the system | |
| | | his Bail at 1600 hrs | form |
| | | to "PACit/" ??? | JKell |
| 4/24/00 | 1705 | Helmet + Handcuffs + Waist shackles | K Clark |
| 4/24/00 | | FLOODED TIER - WATER RESTRICTION STARTED DC141 | CK... CO II |
| 4/24/00 | | Moved to B104 unable to shut water off | |
| | | Due to Broken or Jammed water Panel | CK... CO II |
| 4/24/00 | | Removed Helmet 2nd Helmet placed Broke 1st | CK... CO II |
| 4/24/00 | | Removed 2nd Helmet tore padding out | CK... CO II |
| 4/24/00 | | Notified Dr. Clark. Dr. Clark says Remove | |
| | | Helmet. | CK... CO II |
| 4/24/00 | | DC141 A233235 For Refusing to obey an order | |
| | | to cuff up. | CK... CO II |

IH-04   JHE   BQ 3217

| DATE | TIME | COMMENT | OFFICER'S SIGNATURE |
|------|------|---------|---------------------|
| 4.24.00 | | DC 141 A.233236 For Flooding tier | C. Pitts cot |
| 4-24-00 | 10-6 | Inmate spitting at this officer while I made a security round. Threatened this officer stating "I'LL Kill You C.O. if I see you in population". | P.P Slender |
| 4/27/00 | 1700 | May remove shackles. | R. Clark, RN |
| 4/28-00 | 0600 | Loud all day | de Nanzo |
| 4/28/00 | 0910 | Unruly all day, threw toilet water on COT Lester. Threatening staff all morning. Quite unstable. | de Nanzo |
| 4/30/00 | 0905 | THROWING TOILET WATER ON OFFICER misconduct # A-233259 | LESTER |
| 5/1/00 | 0915 | Refused AM medication + ear flush tx — R. Bf— | R. Bf— |
| 5-2-00 | PRC | CONTACT: TRANSFER PETITION INPUT TO MOVE HIM TO SCI & THEN TCU IN WAYMART. THERE ARE SHORT INTERIMS WHEN HE BEHAVES. BUT THAT IS IT. CONTINUE ON D/C TIME. | L Bezeith |
| 5-2-00 | 1610 | Continue DC | L Stolzer |
| 5-3-00 | 6830 | PRC Continue DC Review again in 30 days inmate received property, hygiene article, religious material, requested a shower. | R. Murphy |
| 5-3-00 | 1250 | this inmate was given a 9 inch stack of loose legal papers that the staples had been removed. This inmate became very disruptive and state that you gave me the wrong paper. I then told this inmate that this is the paper work that I removed the staples out of so that you don't eat them. You will receive more legal papers tomorrow after I get the staples taken out of the rest of it. This inmate then started to throw the papers that I gave him out on the tier. This inmate was ordered by Sgt Welch to stop this action several times. This inmate did not comply. This inmate received a misconduct # A233287 | C W Rager |
| 5-5-00 | | PER Lt. PORTERFIELD Inmate is to be Removed FROM Total RESTRICTION. As Long As behavior continues to improve | C Pitts cot |

BQ3214    Joe    B103

| DATE | TIME | COMMENT | OFICER'S SIGNATURE |
|------|------|---------|--------------------|
| 7.30.00 | | Inmate Flooded Tier DC141 issued Angry because He didn't Recieve the Same meal. | C. Roscoe |
| 7-19-00 | | Rec'd From Temp Transfer | |
| 7-24-00 | | Ordered by Lt. Ponsfield to stay off his Gate and to cease h. Yelling | Coller |
| 7/26 | P.RL | Cont D.C. Revie in 4 Wks. | M |
| 8-1-00 | 2-10 | Loud on Gate again. | M Tohst with |
| 8-1-00 | 2140 | ORDERED TO STOP YELLING OUT OF HIS GATE | McTalk |
| 8-7-00 | | CONTACT: BEHAVIOR HAS BEEN GOOD FOR HIM. TIME WILL TELL THIS IS THE FIRST TIME EVER THAT HE DIDN'T ASK A FAVOR | J Revolta |
| 8-9-00 | 2-10 | LOUD ON GATE ORDERED TO STOP YELLING DOWN THE TIER | McTalk |
| 8/10/00 | 0930 | Refused am med | H Bryant |
| 8-10 | 1730 | Inmate's papers were not approved to come in. Talked with the mailroom supervisor and the papers were approved | J Speck |
| 8-10-00 | 1725 | DC141 #35 | C Kos |
| 8-15-00 | | CONTACT: EVERYBODY IS BAD & HE IS THE VICTIM. GOT ANOTHER MISCONDUCT — IT WAS ONLY A MATTER OF TIME. | J Revolta |
| 8-16-00 | | Ordered to cease all loud and boisteus behavior | C. Ker |
| 8/18/00 | 0930 | Unable to do tx due to inmate being very anger — supplies given | H Bryant |

EXCHANGED Rel + Legal Rundell
1-30-00

Issued 20 Sheets Of Typing

Paper Per Lt funk

2-23-00 Rundall

2-13-00 Property Exchange Rundell

3 Brown file Briefcase (Cardboard)
Placed In Property 3-10-00
Rundell

3-16-00 Legal + Rel. EXCHANGE Rundell
Returned 3- Religion Books Wants
Rundell 3 in place when they come in
3-21-00 Placed March Issue OF Globe Enpot.
4-27-00 Globe Placed In Prop Rundell
4-27-00 Placed Eye Glasses In Property Rundell
4-28-00 Started Removing Staples from
All of Joe's Cell Property (per Lt Rineses)

5-3-00
Returned 6"
Of loose legal
Papers, He now

~~Returned~~
~~legal + Religion staples~~
to Joe 5-12-00

Hager

Has a full Box now

4-28-00 Returned
2 Shorts
2 U-nes Shirts
1 Pr Shower Shoes
1 Pr Socks
9" legal
8 Law Books
1 Pen
hand Books

5-25-00   Spent 30 min looking Thru legal
            Boxes   Per PRC Dep Polakovich

6-3-00   JAE started to sort property for T.T.
          Rundell      Tims 1/2 (Officer Torres Escort)

6-4-00 (Raber + Reisdorf) Had JAE down to
    finish sorting property. JAE did Agree
    To 4 Box Limit on Property Per Policy.
    He Placed misc Papers + Booklets, Books
    In Trash Bag. Then later Refused
    to sign The Confiscation Items
    slip.
                6-4-00   Rundell

7-18-00 Ret to RHU.  Left with 2 Boxes Ret with 3 Boxes
7-25-00 Received  Hearing Aid   Per Lt. Ladd

7-28-00 JAE Down Stairs Going Thru legal
         Packing his mat out 1-Box (legal + Rel)
                          stated that some may be in
                              His Bed At Walmart
7-28-00 Re Issue 1-Box legal mat.
            2 Shirts  1 Shower Shoes
            2 Shorts 2 Socks Bible, 1 comb
              mailed 1 Box out Now Back to 4 Per
                                              Policy
         GR
7-29-00 Received 2" of misc Papers + Trash for Disposal
7-30-00 Issued Approx 3" legal Paper + Rec. 2" Also Empty
Rundell   to Place in Property                      2 folders
8-28-00 Placed 1 Prison Pursuit Envelope in Prop (Post
                                                      Pd.)
8-28-00 Per PRC Polakovich JAE to look for legal Papers
         JAE Assured Property Officer Did Not get
         legal Papers

# PROGRESS NOTES

[ ] Outpatient                                                  [ ] Inpatient

| Date/ Time | Prob # | Discipline Abbreviation | Remarks Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 4/23/00 9:00 | | Nsg | S- I have green stuff draining from my nose. O: Unable to assess - light in cell poor and shield on door. A- P- Refer PA / seek care Rose Mylezosie RN |
| 4/23/00 | | Nsg 2300 | S- "I'm hungry for staples." O- Came to cell door. No obvious bleeding. Refused to have mouth examined. No mention of suicide - but will bleed from the staples. A: Refused. P: Placed in POC by security. John Waglen(?) |
| 4/23/00 | | Nsg 2300 | DR. LASKY notified of inmates behavior and swallowing of STAPLES. DR. LASKY advised remove any object that contain staples etc. Security notified. Per Cpt. Benton, inmate transferred to POC to provide safe environment. James L____ LPN |
| 4/24/00 | | Nsg 0010 | Received call from Cpt. Benton regarding POC placement. Evidently inmate refused order to be moved from cell or to POC, I was asked to evaluate inmate again to see if he could remain in his cell or would have to be extracted. cont. James L____ LPN |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Inmate Name: Joe, John

Inmate Number: BQ 3219

DOB: 1/3/60

Institution: Camp Hill

# PROGRESS NOTES

[ ] Outpatient                                                    [ ] Inpatient

| Date/ Time | Prob # | Discipline Abbreviation | Remarks — Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 4/25/00 | | 1200 | Doctor note |
| | | S | seen at request of Dr. Vsky, also on sick line |
| | | | inmate reports losing it. |
| | | | as a result he started swallowing his staples |
| | | | also c/o green drainage out of A.S. |
| | | O. | fluid in outer canal. no earlobe tender |
| | | | 04/04 need suppl |
| | | | lungs clear heart reg |
| | | | abd soft BS⊕ no tender |
| | | A. | ingestion of staples, as documented by HSH-ER |
| | | | otitis externa |
| | | P | will start drops & monitor for |
| | | | complications of staples |
| | | | WILLIAM YOUNG, MD WHS PRIMARY PHYSICIAN |
| 6/4/00 1600 | | NSG | RHU called dispensary to notify medical that inmate was "banging his head." C. Neufield psc. referred medical to call psychology to evaluate inmate. Andrea Priori PSS notified of inmates behavioral will refer to Mr. Bailey to evaluate inmate in a.m. RHU notified to call medical if needed. — P. Schmid |

Inmate Name: JAE, JOHN

Inmate Number: BQ 3219

DOB: 1-3-60

Institution: SCI CAMPHILL

# PROGRESS NOTES

[ ] Outpatient                                                                    [ ] Inpatient

| Date/ Time | Prob # | Discipline Abbreviation | Remarks Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 4/27/00 | | 1030 | Doctor line |
| | | | signed up for sick line. had a BM yesterday but |
| | | | didnt find stoles |
| | | | asking about ear drops |
| | | | exam some drowsn AS |
| | | | sores unchanged |
| | | | lungs clear heart reg   abd soft |
| | | | absent cant remist from cell. |
| | | | observing. |
| | | | WILLIAM YOUNG, MD WHS PRIMARY PHYSICIAN |
| 4/28/00 | | 1358 | Doctor line |
| | | | in followup. |
| | | S | C/O sore lesions m wrists |
| | | O | Exam ordes  Leen some apparent fungal growth |
| | | | lungs clear heart reg |
| | | | abd soft |
| | | | numerous scabs on arms legs trunk, wrists |
| | | A/P | numerous 2° infected lesions healing |
| | | | otfreakems apparently fungal |
| | | | cingislin stopke will check xray |
| | | | WILLIAM YOUNG, MD WHS PRIMARY PHYSICIAN |

**Progress Notes**
**Commonwealth of Pennsylvania**
**Department of Corrections**
**DC-472**

Inmate Name: JAE, John

Inmate Number: BQ 3219

DOB: 1/3/60

Institution:

## MEDICATION

NAPROSYN 500MG TABLET
NAPROXEN 500MG TABLET
TAKE 1 TABLET ORALLY

NEWFIELD PAC

TWICE DAILY x bid

4/25/00  Keflex 500 mg PO Bid x 5 days
(1 or Bid x 7 days)  4/30/00  5/8/00

Keflex solution Tik gtte

| CHARTING FOR | 04/01/00 | THROUGH | 04/30/00 |
|---|---|---|---|

| DIAG-NOSIS | D. D4 | NAME | B03219 |

PATIENT  JAE/ JOHN

PATIENT NO.  C.JAET2

ALLERGIES: DILANTIN/PHENOBARBITAL/THORAZINE/MAYO

FACILITY: CAMP HILL SCI

RESTORATIVE POTENTIAL

MR-04

## MEDICATION / TREATMENT RECORD

800-882-6337

**MEDICATION:**

CORTISPORIN OTIC SUSP. YOUNG   050500

NEO/POLYMYXIN/HC/EAR SUSP

INSTILL 4 DROPS INTO LEFT EAR TWICE DAILY

4/28/00

3/16/00

Vogel solution in gtt 3 (L) ear bid x 7 days.

5-2-00
Motrin 800 mg po BID x 5 days

5/16/00
Thorazine 100 mg po BID x 5 days

5/16/00
Thorazine 200 mg po BID #21 m aline

Tegretol 200 mg (po)
BID — PRN x 60 days

**HOURS:** AM 1 2 3 4 5 6 7 8 9 10 11 12 ... PM 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

| CHARTING FOR | THROUGH | | | |
|---|---|---|---|---|
| 05/01/00 | 05/31/00 | | | |

**FACILITY:** CAMP HILL SCI

**DIAG-NOSIS:** DILANTIN/PHENOBARBITAL/
THORAZINE/MAYO

**ALLERGIES:** 

| PATIENT: | NAME | PATIENT NO. | ROOM | BED | FACILITY CODE | DATE | PAGE |
|---|---|---|---|---|---|---|---|
| JAE/JOHN | 0035219 | C-JAE52 | D | | 0C-999999 | 00/00/00 | |

RESTORATIVE POTENTIAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,          :
                               :

          **Plaintiff**         :

                               :

          v.              :     No. 1:CV-00-0315

                               :

**KENNETH D. KYLER, individually, and** :    (Judge Rambo)
**in his official capacity, et al.,**        :

                               :    (Magistrate Judge Smyser)

          **Defendants**     :

## CERTIFICATE OF SERVICE

      I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, Defendants' Brief in Opposition to Plaintiff's Motion for Sanctions by depositing a copy of the same in the United States Mail, postage prepaid, in Harrisburg, Pa., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902


                                     _____
                                     **MICHAEL L. HARVEY**
                                     **SENIOR DEPUTY ATTORNEY GENERAL**

**DATE: March 13, 2001**