**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN RICHARD JAE,** | : | |
| **Plaintiff** | : | |
| v. | : | No. 1:CV-00-0315 |
| **KENNETH D. KYLER, individually, and in his official capacity, et al.,** | : | (Judge Rambo) |
| | : | (Magistrate Judge Smyser) |
| **Defendants** | : | |

FILED
HARRISBURG, PA
MAR 26 2001
MARY E. D'ANDREA, CLERK
Per ___ Deputy Clerk

## DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO COMPEL

### PROCEDURAL HISTORY / STATEMENT OF FACTS

This is a civil rights action brought pro se by John Richard Jae, an inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Defendants are various present and former officials at the State Correctional Institution at Camp Hill.

This action was originally commenced in January of 2000 in the Court of Common Pleas of Cumberland County. Defendants removed this action to this Court on February 22, 2000. The complaint alleged violations of the First, Eighth, and Fourteenth Amendments, as well as, state law claims. Plaintiff asserts that he had been denied legal materials and religious literature, that he had been denied showers and exercise and that he had been subjected to poor ventilation and excessive heat in his cell.

On July 17, 2000, Jae filed a supplemental complaint adding as defendants corrections officers Rubendall and Rager. On September 26, 2000, Jae served a second request for production of documents. After defendants objected to a document request as outside the discovery period, Jae moved to compel production of the documents. The magistrate judge assigned to this

matter granted the motion on December 27, 2000, and ruled that the supplemental complaint filed in July was a pleading for purposes of calculating the discovery period under Local Rule 26.4.

Jae then served a set of interrogatories — plaintiff's second set — and a document request — plaintiff's third — on January 8, 2001. On February 13, 2001, defendants served objections to both discovery requests, asserting that they were untimely.[1]

Jae has now moved to compel responses to the discovery served on January 8, 2001. This brief is submitted in opposition to the motion to compel.

### STATEMENT OF QUESTIONS INVOLVED

1. Did defendants timely object to plaintiff's discovery of January 8, 2001?

2. Was plaintiff's discovery of January 8, 2001 served outside the discovery period?

### ARGUMENT

#### I. DEFENDANTS TIMELY OBJECTED TO PLAINTIFF'S DISCOVERY OF JANUARY 8, 2001

Initially, plaintiff argues in his motion to compel that defendants did not timely object to his Second Set of Interrogatories and Third Request for Production of Documents. Even assuming that defendants are obligated to respond to unobjected to discovery served out of time, under Fed.R.Civ.P. 6(e), defendants' objections were timely.

Jae's discovery is dated January 8, 2001, although it does not contain a certificate of service stating the date it was served. Under Fed.R.Civ.P. 33(b)(3), defendants are to serve a copy of their answers to interrogatories and any objections 30 days after service of the interrogatories. Similarly, a written response to a request for production of documents is to be made within 30 days

---

[1] Copies of the discovery requests and defendants' objections are attached hereto.

after service of the requests. Fed.R.Civ.P. 34(b). Fed.R.Civ.P. 6(e) allows for three additional days to be added to the 30 days in this case because the discovery requests were served by mail:

> Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Accordingly, defendants' response to Jae's discovery was due or February 13, 2001, the day the objections were served.

## II. PLAINTIFF'S DISCOVERY OF JANUARY 8, 2001, WAS SERVED OUTSIDE THE DISCOVERY PERIOD.

Jae also argues that his discovery was served within the time permitted for discovery under the local rules. Jae's last pleading was his supplemental complaint filed on July 17, 2000. His discovery served at the earliest on January 8, 2001 was not timely, because it was not served at a time to allow answers to be completed within the discovery period.

Local Rule 26.4 makes it clear that each party shall complete all discovery proceedings within six months of its last pleading. Jae suggests that this rule should be read to mean that to all discovery must be *served* within six months of the last pleading. The wording of the rule does not support the interpretation, however. The language of the rule makes it clear that the party's discovery *proceedings* must be completed within the period. Therefore, interrogatories and document requests must be served at an early enough date so that answers can be served within the discovery period, and the discovery proceedings completed.

This conclusion is supported by the next sentence in the rule: "After the expiration of the discovery deadline, the parties are deemed ready for trial." Obviously, a party should not be deemed ready for trial if discovery is outstanding. Without question, Local Rule 26.4 requires that

2

all discovery be completed, including all responses, before the end of the discovery period. Jae failed to do this and his discovery requests are barred.

Jae argues that he could not be reasonably expected to serve his discovery until he received a ruling on his earlier motion to compel, and the Court determined whether Jae's supplemental complaint was a pleading and when discovery closed under Local Rule 26.4. There is no reason, however, for Jae not to serve his discovery before the Court ruled. Any ruling of the Court would apply to that discovery as well. Alternatively, Jae could have asked for more time to complete discovery. He did neither, and the uncertainty over the date for the close of discovery does not excuse Jae's late discovery requests.

## **CONCLUSION**

For the foregoing reasons, Jae's motion should be deemed.

          Respectfully submitted,

          **D. MICHAEL FISHER**
          **Attorney General**

By: _____
          **MICHAEL L. HARVEY**
          **Senior Deputy Attorney General**
          **Attorney I.D. #30098**

          **SUSAN J. FORNEY**
          **Chief Deputy Attorney General**
          **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 787-6896
FAX: (717) 772-4526

DATE:  March 26, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD SAE,
PLAINTIFF,

vs.

KENNETH D. KYLER, et al.,
Defendants.

CIVIL No. 1-CV-00-031

U.S. District Judge Rambo
Magistrate Judge Smyser

RECEIVED JAN 1 2 2001 OFFICE OF ATTORNEY GENERAL LITIGATION SECTION

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P., Rule 33, Plaintiff John Richard submit the following Second Set of Interrogatories for Defendants to answer. The Defendants are directed to answer each of the following Interrogatories in writing under oath within thirty (30) days of service thereof.

These Interrogatories shall be deemed continuing so as to require supplemental answers as new & different information materializes:

1. State the duties of Defendant Lt. William J. Rhoades as RHU Lt./Unit Manager, State Correctional Institution At Camp Hill ("SCI-Camp Hill"). If those duties are set forth in writing in any Job Description or other written document, attach a copy of such to your answers to these Interrogatories.

2. State the duties of Defendant Glenn W. Rubendall as the RHU Property Officer, State Correctional Institution At Camp Hill ("SCI-Camp Hill"). If those duties are set forth in any Job Description or other document in writing, attach a copy of such to your answers to these Interrogatories.

3. On November 25, 1999, or at any other time in November and/or December, 1999, did Defendant Lt. Rhodes tell/order then RHU property officer Chantie Craig and/or RHU Sgt. Pyles not to give the Plaintiff his own personal/state law books and/or religious books (other than a bible) from his property boxes in the RHU property room?

4. If your answer to Interrogatory No. 3, is yes,

a. State in detail why Defendant Lt. Rhodes told/ordered Craig and/or Sgt. Pyles such.

5. On April 28, 2000, did Defendant Off. Rubendall return of the plaintiff's personal property to him, that had been rem-

6. If your answer to Interrogatory No. 5 is yes,

a. State in detail the items Defendant Off. Ruben da returned to plaintiff on April 28, 2000.

7. Was Defendant Officer Rager aware that Defendant Dragovich & Palakovich had ordered that the plaintiff be immed given back his the remainder of legal, Religious other property that had been remove from his RHU B2-S7 cell on April 24, 2000, on May 2 &3, 2000, respectively?

8. If your answer to Interrogatory No. 7, is yes,

a. State the date you became aware of such orders, and

b. State in detail why you did comply with such orders until May 14, 2000.

6: Is it not true that in January/February, 2000, the Facility Chaplaincy Program Director, Rev. James Smith had to conduct an investigation into why the Plaintiff was not receiving his personal religious materials from his property in the SCI-Camp Hill RHU Property Room?

7. Is it not true that back in November, 1999, — May 31/2000, that if an Inmate at SCI-Camp Hill filed a grievance and such grievance was rejected by the Grievance Coordinator for whatever reason and such grievance was then returned back to the Inmate without any Grievance No. being assigned to such grievance, that the Grievance Coordinator would not have a record of such grievance being filed by the Inmate (no way to track such grievance)?

8. What is the current location and full prison address of Inmate Robert Adams, #CR-285?

Dated: 8th JANUARY 2001:

RESPECTFULLY SUBMITTED
(s) John Richard Jr.
MR. JOHN RICHARD JR.
#BD-3319
SCI Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
    Plaintiff,

vs.

KENNETH D. KYLER, et al.,
    Defendants.

CIVIL No.: 1:CV-00-0315

U.S. District Judge Rambo
Magistrate Judge Smyser

RECEIVED
JAN 1 2 2001
OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION

PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff John Richard Jae, pursuant to Rule 34, Fed.R.C... now files his Third Request for Production of Documents herein the above-captioned civil action and requests th... the Defendants produce the documents listed herein belo... within thirty (30) days of receipt of this Request, either by providing the Plaintiff with entire copies of the documen... requested or by producing such for plaintiff's inspection and copying.

1. Any and all requests written by Plaintiff & sent to Defenda... Kyler and/or Palakovich during the months of November and Dec... 1999.

2. A copy of each of the DC-141 PART III 30 DAY PERIODIC Re... papers on this Plaintiff for the months of December, 1999, and January and February 2000.

3. An entire copy of the SCI-Camp Hill General Rules And Regulations for R... as put out by Defendant Palakovich in either August or September, 199...

RESPECTFULLY SUBMITTED:
(s) John Richard Jae
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370

Dated: 8th January 2001

Disc
2-13-0

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    Plaintiff :
:
v. : No. 1:CV-00-0315
:
KENNETH D. KYLER, individually, and : (Judge Rambo)
in his official capacity, et al., :
: (Magistrate Judge Smyser)
    Defendants :

## DEFENDANTS' OBJECTIONS TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendants hereby object to Plaintiff's Second Set of Interrogatories. Local Rule 26.4 provides that "each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party." The last pleading filed by plaintiff was the Supplemental Complaint filed on July 17, 2000. Plaintiff's Second Set of Interrogatories were not served on a date so that discovery could be completed by January 17, 2001, six months after the Supplemental Complaint. Accordingly, the interrogatories are not timely.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: *[signature]*

MICHAEL L. HARVEY
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
717-783-6896
DATE: February 13, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-0315 |
| KENNETH D. KYLER, individually, and in his official capacity, et al., | : (Judge Rambo) |
| | : (Magistrate Judge Smyser) |
| Defendants | : |

### CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on September 12, 2000, I caused to be served the foregoing Defendants' Objections to Plaintiff's Second Set of Interrogatories, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

John R. Jae, #BQ-3219
SCI-Pittsburgh
P. O. Box 99901
Pittsburgh, PA 15233

MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

DATE: February 13, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    **Plaintiff** :
:
v. : No. 1:CV-00-0315
:
KENNETH D. KYLER, individually, and : (Judge Rambo)
in his official capacity, <u>et al.</u>, :
: (Magistrate Judge Smyser)
    **Defendants** :

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S**
**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants hereby object to Plaintiff's Third Request for Production of Documents. Local Rule 26.4 provides that "each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party." The last pleading filed by plaintiff was the Supplemental Complaint filed on July 17, 2000. Plaintiff's Third Request for Production of Documents were not served on a date so that discovery could be completed by January 17, 2001, six months after the Supplemental Complaint. Accordingly, the document request is not timely.

In addition, Document Request No. 3 is objected to because the documents sought by the request are not relevant to the subject matter of this action and those documents are protected by government privilege.

                                                               **Respectfully submitted,**

                                                               **D. MICHAEL FISHER**
                                                               **Attorney General**

                               By:    _____
                                                              **MICHAEL L. HARVEY**
                                                               **Senior Deputy Attorney General**

                                                               **SUSAN J. FORNEY**
                                                               **Chief Deputy Attorney General**
                                                               **Chief, Litigation Section**

**OFFICE OF ATTORNEY GENERAL**
15th Floor, Strawberry Square
Harrisburg, PA   17120
717-783-6896
DATE:  February 13, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    Plaintiff :
:
v. : No. 1:CV-00-0315
:
KENNETH D. KYLER, individually, and : (Judge Rambo)
in his official capacity, et al., :
: (Magistrate Judge Smyser)
    Defendants :

### CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on September 12, 2000, I caused to be served the foregoing Defendants' Objections to Plaintiff's Third Request for Production of Documents, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

John R. Jae, #BQ-3219
SCI-Pittsburgh
P. O. Box 99901
Pittsburgh, PA 15233

                                        MICHAEL L. HARVEY
                                        SENIOR DEPUTY ATTORNEY GENERAL

DATE: February 13, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,           :
      Plaintiff           :
                          :
    v.                      :    No. 1:CV-00-0315
                          :
KENNETH D. KYLER, individually, and :    (Judge Rambo)
in his official capacity, et al., :
                          :    (Magistrate Judge Smyser)
      Defendants          :

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Brief in Opposition to Motion to Compel, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

DATE: March 26, 2001