IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD DAE, Plaintiff,

vs.   **ORIGINAL**

KENNETH D. KYLER, et al., Defendants.

CIVIL NO.: 1:CV-00-315

U.S. District Judge Rambo
Magistrate Judge Smyser



FILED
APR 11 2001
PER _____
HARRISBURG, PA.   DEPUTY CLERK

PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQUIRING PRISON CHAPLAIN REV. VOGEL AND OFFICER CHARLIE CRAIG TO SIGN AFFIDAVITS FOR THE PLAINTIFF

COMES NOW, the PLAINTIFF Pro Se Caused in above-entitled Civil Action, John Richard Dae, as a Layman unlettered in the Arts & Sciences of the Laws & Legal Proceedings within the United States & now files his Plaintiff's Reply Brief To Defendants' Brief In Opposition To Plaintiff's Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For The Plaintiff herein, & who, avers, deposes & states:

On or About February 15, 2001, Plaintiff John Richard Dae filed his Motion For An Order Requiring Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For The Plaintiff Herein And Brief In Support, herein this case.

On or about March 20, 2001, Defendants, by Counsel, Fil[ed] their Brief In Opposition to Plaintiff's Motion For Order Requi[ring] Prison Chaplain Rev. Vogel and Officer Charlie Craig To Si[gn] Affidavits For the Plaintiff, herein this case.

In their Brief In Opposition to Plaintiff's Mot[ion] For An Order Requiring Prison Chaplain Rev. Vogel A[nd] Officer Charlie Craig to Sign Affidavits For th[e] Plaintiff, Defendants fail to respond and/or address [the] facts and arguments which the Plaintiff rais[ed] therein his Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig to [sign] Affidavits For The Plaintiff Herein And Brief In S[upport].

Instead they only argue, that "Fed. R.Civ.[P.] allows for the filing of affidavits to oppos[e] a motion for summary judgment. Nowhere[,] do the federal rules provide for the court to or[der] parties or non-parties to sign affidavits, which they ar[e not] willing to sign voluntarily. Plaintiff's motion [must], therefore, be denied. — — — — — — — — — — The r[ules] contemplate this Court compelling answers to questions posed to persons as part of discovery [but] do not authorize this Court to compel the sign[ing] of affidavits. Plaintiff's motion should be denied.["] and, therefore, pursuant to Fed. R. Civ. P. 8(d), Defendant's [must] by law, be deemed & held to have admitted the facts & argume[nts]

1/ See Defendant's Brief In Opposition to Plaintiff's [Motion] For An Order Requiring Prison Chaplain Rev. Vogel An[d]

this Plaintiff's Motion For An Order Requiring Prison Chaplain [Rev.] Vogel And Officer Chantre Cato, to sign Affidavits For the Plaintiff Herein And Brief In Support, herein this ca[se].

In their Brief In Opposition, Defendants claim;

> Following the close of discovery, the defendants moved for summary judgment, and subsequently submitted a brief and documents in support of the motion. 2/

However, in reply to the above, the Plaintiff/Averse submits, that, such is untrue and Defend[ants] "lie" when they claim such, as discovery did [not] close herein this case until January 17, 200[1]. Defendants filed their Motion For Summar[y] Judgment on October 17, 2000 & their Brief supporting documents on December 5, 2000, herein this [case].

Defendants next claim & argue, that:

> Fed. R. Civ. P. 56 allows for the filing of affidavits to oppose a motion for summary judgment. Nowhere, however, do the federal rules provide for the court to order parties or non-parties to sign

---

2/ See Defendants' Brief In Opposition To Plaintiff's Motion **For** An Order Requiring Prison Chaplain Rev. Vogel And Officer Chantre [to] sign Affidavits for the Plaintiff at [...]

affidavits, which they are not willing to sign voluntarily. Plaintiff's motion must, therefore, be denied.[3/]

However, in reply to such, the Plaintiff avers & declares that, first of all, neither do the Federal rules prohibit a/the ordering parties or non-parties to sign affidavits, which they are not willing to sign voluntarily. The Federal rules just do not say either way; and second of all, this Plaintiff never declaimed in his Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For the Plaintiff Herein And Brief In Support, that, Rev. Vogel and Officer Craig were not willing to sign Affidavits whatsoever for the Plaintiff at all, but what the Plaintiff stated & claimed therein his Motion And Brief In Support, was that: "However, the Plaintiff believes & therefore, avers & submits, that neither Rev. Vogel nor Officer Craig will voluntarily sign an Affidavit for the Plaintiff, herein, as they would both be concerned that they would get in trouble for doing such."[4/] and, third of all, on Monday morning, March 26,

---

[3/] See Defendants' Brief In Opposition To Plaintiff's Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For the Plaintiff ...

2.

[4/] See Plaintiff's Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For the Plaintiff Herein And Brief In Support, at 4.

the Plaintiff spoke with Officer Martin, a Corrections Officer assigned to work the 6:00 A.M. shift here in the State Correctional Institution, Greene Special Management Unit and questioned & asked him if he or any other corrections officer and/or would voluntarily sign an Affidavit for an Inmate-Plaintiff in a Lawsuit in State or Federal Court, would they get in trouble for doing so and Officer Martin replied & answered, "yes."

Defendants also claim & argue, that:

> The rules contemplate this Court compelling answers to questions posed to persons as part of discovery. They do not authorize this Court to compel the signing of affidavits. Plaintiff's motion should be denied. 5/

However, in reply to the above the Plaintiff avers & submits that, first of all, while the rules may very well contemplate this Court compelling answers to questions posed to persons as part of discovery, there is nothing in the rules which do not authorize this Court compelling non-parties to sign Affidavits as th

_____
5/ See Defendants' Brief in Opposition to Plaintiff's Motion for Order Requiring Prison Chaplain Rev. Vogel and Ot

Defendants erroneously & frivolously claim/argue, in reality the federal rules neither state that this Court has or does not have such authority to compel the signing of affidavits, as the rules are silent on this, and, second of all, by their brief in opposition to Plaintiff's Motion For An Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For The Plaintiff & their arguments therein such, the Defendants <u>are</u> illegally and unconstitutionally attempting to get this Court to unlawfully deny this Plaintiff relevant and necessary evidence/information which he needs in order to enable him to adequately, effectively, & meaningfully respond to & address & combat Defendants Motion For Summary Judgment And Memorandum Of Law In Support thereto, and enable him to comply with & follow the procedural requirements of Fed. R. Civ. P. 56(c) & (e) & the Defendants do this because they know that such affidavits of Prison Chaplain Rev. Vogel And Officer Charlie Craig will all further support & prove the allegations/facts of this Plaintiff's initial complaint & his arguments against their motion for summary judgment and that the Defendants <u>and Ben Livingood "Re" In Defendants Memorandum In Support Of Motion For Summary Judgment</u>

6/ Plaintiff avers that notably absent from Defendants' Brief In Opposition To Plaintiff's Motion For An Order Requiring Prison Chaplain Vogel And Officer Charlie Craig To Sign Affidavits For The Plaintiff To Any Federal Court Case Or Litigation In Support of

In the Unsworn Declaration of Ben C. Littlegood, accomp[anying] such, herein.

Plaintiff furthermore avers & submits, that, at Rule 56(e) of the Federal Rules of Civil Procedure:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This Plaintiff is attempting to comply with & meet the requirements of the above-cited rule & obtain affidavits setting forth specific facts showing that there is a genuine issue for trial in this case, however the Defendants are illegally attempting to prevent this Plaintiff from doing so by their arguments in their Brief in Opposition to Plaintiff's Motion For An Order Requiring Chaplain Rev. Vogel And Officer Charlie Cratuto Sign Affidavits for Plaintiff's [illegible] / Arguments here, & Plaintiff believes & therefore avers & submits this is because there is no case citations / Federal Court decisions available to support such, because an argument [illegible]

Furthermore, Rule 56(f) of the Federal Rules of Civil Procedure, states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Plaintiff avers & submits, that, the keywords are, "or may make such other order as is just", and given such, Plaintiff contends & submits, that this Court "has" the authority and the "duty" to grant in full, the Plaintiff's motion for an order requiring Prison Chaplain Rev. Vogel and Officer Charlie Cato, to sign affidavits for the Plaintiff herein this case, and that it would be an unfair & unjust prejudicial manifest miscarriage of justice and an unconstitutional denial of due process of the law for this Court to deny this motion, as without such requested order, this Plaintiff "will" be unable to obtain such affidavits from Prison Chaplain Rev. Vogel and Officer Charlie Cato, & thus he will be unconstitutionally

able to combat and oppose the "list and dispu[te]" material facts of Defendants Motion for Summ[ary] Judgment And Memorandum of Law To Supp[ort] herein this case, and to enable him to set forth specific facts showing that the[re] is a genuine issue for trial, herein this ca[se,] and that without such Affidavits he will be unable to [...]

Even if this court would hold that it does not have the authority to compel/order n[on] -parties to sign the Affidavits for the Plaintiff, this court can & should then orde[r] discovery reopened herein this case for [the] sole purpose of permitting this Plainti[ff] to obtain the relevant and necessary information from Prison Chaplain Rev. [Vogel] And Officer Charlie Craig by a depositi[on] upon written questions under Fed. R. Civ. P. [31 or] an Interrogatories under Fed. R. Civ. P. 33.

Based upon the above & foregoing facts [&] arguments, Plaintiff's Motion For An Order Req[uiring] Prison Chaplain Rev. Vogel And Officer Charlie Cr[aig] To Sign Affidavits For The Plaintiff should no[t be] denied, but should be granted in full forthwith. RESPECTFULLY [...]

(S) [signature] MR. JOHN RICHARDS[ON]
Dated: 4th APRIL 2001 #BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesboro, PA 15370