IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
    Plaintiff,

vs.

KENNETH D. KYLER, et al.,
    Defendants.

CIVIL NO. 1-CV-00-315

U.S. District Judge Rambo
Magistrate Judge Smyser

**ORIGINAL**

FILED
APR 11 2001
PER _____
HARRISBURG, PA.   DEPUTY CLERK

## PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO COMPEL

COMES NOW, the Plaintiff Pro Se named in the above-entitled action, John Richard Jae as a Layman Unlettered in the Arts & Sciences, the Laws & Legal Procedures within the United States & now files Plaintiff's REPLY BRIEF IN Opposition To Defendants' Brief in Opposition to Motion To Compel, & who avers, deposes & states:

On January 5, 2001, Plaintiff John Richard Jae served upon Defendants' Counsel, his Second Set of Interrogatories and Third Request For Production of Documents, herein this case.

On February 13, 2001, Defendants, by Counsel, filed their Objections To Plaintiff's Second Set of Interrogatories and their Objections To Plaintiff's Third Request For Production of Documents, herein this case.

On March 9, 2001, Plaintiff filed his Motion To Compel Production of Documents And Answers To Plaintiff's Second Set of Interrogatories

On March 26, 2001, Defendants, by Counsel, filed their Brief In Opposition To Motion To Compel, herein this case.

This here is the Plaintiff's Reply Brief In Opposition To Defendants' Brief In Opposition To Motion To Compel.

Defendants first claim & argue, that:

> Initially, plaintiff argues in his motion to compel that defendants did not timely object to his Second Set of Interrogatories and Third Request for Production of Documents.[1]

However, by reply to such, plaintiff avers & submits that, even assuming arguendo, that Defendants did in fact, timely object to Plaintiff's Second Set of Interrogatories and Third Request For Production of Documents, herein, their objections to such must by & under M.D. LR 7.5 be deemed and construed to be waived, as they did "not" timely file their Brief In Opposition To Motion To Compel, herein this case.

Defendants next claim & argue, that:

> He argues that he could not be reasonably expected to serve his discovery until he

---

[1] See Defendants' Brief In Opposition To Motion To Compel at
[2] See Plaintiff's Brief In Support Of Motion To Compel Production Of Documents And Answers To Plaintiff's Second S

received a ruling on his earlier motion to compel, and the Court determined whether Jae's Supplemental complaint was a pleading and when discovery closed under Local Rule 26.4. There is no reason, however, for Jae not to serve his discovery before the Court ruled. Any ruling of the Court would apply to that discovery as well. Alternatively, Jae could have asked for more time to complete discovery. He did neither, and the uncertainty over the date for the close of discovery does not excuse Jae's late discovery requests.3/

However, in reply to such, plaintiff avers & submits that, first of all, since defendants had filed objections to Plaintiff's Second Request For Production Of Documents, their contention/argument that there is no reason, however, Jae not to serve his discovery before the Court ruled is ludicrous & frivolous, as he could not do so lest the Court would have granted Defendants objections to Plaintiff's Second Request For Production Of Documents, as, obviously such would not only have barred Plaintiff's Second Request For Production Of Documents, but Plaintiff's Second Set Of Interrogatories And Third Request For Production Of Documents as well. Furthermore, Plaintiff could not serve his Second Set Of Interrogatories and Third Request For Production Of Documents, here, at the same time that he filed his Second Request

3/ See Defendants Brief In Opposition To Motion To Compel at

Case 1:00-cv-00315-SHR    Document 102    Filed 04/11/2001    Page 4 of 6

Production of Documents, herein, on September 24, 200[0], as Defendants had not yet even filed their Motion for Summary Judgment and Statement of Undisputed Facts[.] Plaintiff had no knowledge that he would even need [the] information and document which he seeks from the Defe[ndants] in his Second Set of Interrogatories and Third Request [for] Production of Documents then, herein. Plaintiff first b[ecame] aware that he would need such information and documents w[hich] he seeks in his Second Set of Interrogatories and Thi[rd] Request for Production of Documents on December 8, 2000 [when] he received & reviewed Defendants' Memorandum of Law I[n] Support of Motion for Summary Judgment and their support[ing] Document, however, he believed that he could not ser[ve] his Second Set of Interrogatories and Third Request [for] Production of Documents upon counsel for the Defendants, until this Court ruled on his pending Motion to Compel a[nd] Defendants' objections to Plaintiff's Second Request for Prod[uction] of Documents, herein. and Furthermore, the Plaintiff [is] proceeding pro se without a lawyer, herein, & he is not a lawyer himself and he cannot be expected to know that a lawyer would know nor can this Court strin[gently] held him & his pro se pleadings strictly to the Local R[ules] of this court, as it would an actual lawyer. Second, the Plaintiff was not aware during the relevant tim[e] period, herein, that he could have asked for more t[ime] to complete discovery and that such is why he did not [file, herein, a Motion of...]

the date for the close of discovery, herein, is on the part of the defendants, not this plaintiff.

Plaintiff also avers & submits, that, in addition to what he had claimed & argued at pp. 10-11, of his Brief In Support of Motion to Compel Production of Documents And Answers to Interrogatories, herein this case, also argues herein, that he needs the Answers to his Second Set of Interrogatories and Third Request to Production of Documents from Defendants to also enable him to set forth specific facts showing that there is a genuine issue for trial, and that, without such, he will be unable to do so, and furthermore, even if this would deny plaintiff's instant Motion to Compel, it could & should in the interests of fundamental fairness & equal justice, reopen discovery proceeding herein this case, and order Defendants to answer plaintiff's second set of Interrogatories and produce the documents requested therein Plaintiff's Request for Production of Documents, or issue an order suspending Local Rule 26.4 herein this case, as provided for by & under Local Rule 1.3 of this Court.

Therefore, based upon the above & foregoing facts & arguments, Plaintiff's Motion to Compel Production of Documents And Answers to Plaintiff's second set of Interrogatories, should not be denied, but should be granted, in full herein this case, forthwith.

RESPECTFULLY SUBMITTED,

(S) John Richard Jae
MR. JOHN RICHARD JAE,
#BQ-2219
SCI-Greene/LMU
175 Progress Drive
Waynesburg, PA. 15370-80..

Plaintiff and Prose Counsel

Dated: 5th APRIL 2001:

SAE vs. KYLER, et al.
CIVIL No. 1:CV-00-0315
CERTIFICATE OF SERVICE

I Certify that on 4-06-01, I mailed to the person listed below a true and correct carbon copy of each of the within Plaintiff's Reply Brief in Opposition to Defendants' Brief in Opposition to Motion to Compel, Plaintiff's Reply Brief in Opposition to Defendants' Brief in Opposition to Plaintiff's Motion to Permit the Plaintiff to Communicate with Inmate At SCI-Camp Hill Prison, Plaintiff's Reply Brief to Defendants' Brief in Opposition to Plaintiff's Motion For An Order Requiring Priests Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavits For The Plaintiff And Plaintiff's Motion For Leave of Court To File A Reply Brief in Opposition to Defendants' Motion For Summary Judgment And Memorandum Of Support which Exceeds the Fifteen (15) Page Allowable Limit of LR 7.8 And Brief In Support, by First Class U.S. Mail, postage prepaid, addressed to:

Mr. Michael L. Harvey, SDAG
Office of the Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA. 17120

I certify that on 4-06-01, I gave the originals of each of the documents to Prison Officials here for mailing to this Court.

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that the above is true & correct.

Dated/Executed on:
6th APRIL 2001
At Waynesburg, Pennsylvania

(s) _John Richard_
MR. JOHN RICHARD
#BQ-3319
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15