copy 103

UNITED STATES DISTRICT C[OURT]
MIDDLE DISTRICT OF PENNSY[LVANIA]

JOHN RICHARD JAE,
    Plaintiff

                                        CIVIL NO. 1:CV-00-[315]

vs.         JUDGE'S COPY            U.S. DISTRICT Judge [Rambo]
                                        Magistrate Judge Sm[yser]

KENNETH D. KYLER, et al.,
    Defendants

FILED
APR 11 2001
PER HARRISBURG, PA DEPUTY CLERK

PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO
DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO PERMIT THE PLAINTIFF TO COMMUNICATE
WITH INMATE AT SCI-CAMP HILL PRISON

Comes Now, the Plaintiff & Pro Se Counsel in the above-[styled]
Civil Action, John Richard Jae, as a Layman Unlettered i[n the]
Arts & Sciences of the Laws & Legal Procedures w[ithin]
the United States & now files his Plaintiff's Reply B[rief]
In Opposition To Plaintiff's Motion To Permit The [Plaintiff's?]
Plaintiff's Motion To Permit The Plaintiff's B Commu[nicate]
With An Inmate At SCI-Camp Hill Prison, herein, &
avers, deposes & states:

• On or about February 15, 2001, Plaintiff John Richard [Jae]
filed his Motion To Permit The Plaintiff B Commu[nicate]
With Inmate At SCI-Camp Hill Prison & sta[ted]
therein, facts alleging that Inmate Norman Joh[nson?]
is an Inmate up at SCI-Camp Hill RHU, who was h[oused]
in the RHU and near this Plaintiff during the relevant
& time periods pertaining to this suit and Inmate [Johnson?]

disputed material facts, which will show that the Defendants "are" "lying" as to such, here this case, that, the Plaintiff needs to obtain the Affidavit from Inmate Norman Johnston to attach as an exhibit/evidence to his Reply Brief in Opposition to Defendants' Motion For Summary Judgment & Memorandum of Law In Support, herein, however, Dept. of Correction prohibits inmates from corresponding with inmates and therefore, Plaintiff needs an order from this court ordering Defendant Dragovich to allow this Plaintiff to send an Affidavit to SCI Hill RHU Inmate Norman Johnston & allowing Norman Johnston to sign & return such Affidavit to the Plaintiff at which prison that this Plaintiff is confined in at such time, and that, given it would be an unfair & prejudicial manifestation of justice and an unconstitutional denial of due process of law for this court to deny this Motion as without such requested order this Plaintiff "will" be unable to obtain such Affidavit from Norman Johnston & thus "will" be illegally denied relevant evidence he needs to combat & oppose the "lies" & disputed facts of Defendants' Motion For Summary Judgment pleadings, herein this case.

On or About March 20, 2001, Defendants, by filed their Brief In Opposition to Plaintiff's Motion permit the Plaintiff to communicate with an Inmate

In their Brief In Opposition To Plaintiff's Motion To Permit The Plaintiff To Communicate With An Inmate At Camp Hill Prison, Defendants fail to respond and address the facts & arguments which the Plaintiff raises therein his Motion To Permit The Plaintiff To Communicate With An Inmate at Camp Hill Prison. Instead they only argue "Before the plaintiff asks this Court to Intervene, he should follow Department procedure to obtain permission to correspond with another inmate. Until that procedure is exhausted, his motion is premature. It should therefore be denied," and therefore, pursuant to Fed. R. Cr. P., 8(d), Defendants "must", by law, be deemed & held to have admitted the facts & arguments of the Plaintiff's Motion To Permit The Plaintiff To Communicate With An Inmate At Camp Hill Prison, herein this case.

As reference is stated above, herein, Defendants In their Brief In Opposition To Plaintiff's Motion To Permit The Plaintiff To Communicate With An Inmate At Camp Hill Prison, Defendants Argues "Before the plaintiff asks this Court to Intervene, he should follow Department procedure to obtain permission to correspond with another inmate. Until that procedure is exhausted, his motion is premature." 1/

However, by way of reply to such, the plaintiff avers

_____
1/ See Defendants' Brief In Opposition To Plaintiff's Motion To Permit The

submits, first of all, notably absent from the Defendants' Brief is any citations of case Authorities or statutes/laws which are cited support their argument here & Plaintiff both & therefore, avers & submits that that is [not] because there are [not] any case citations [or] Laws/statutes available to support Defendant's argu[ment] here, because such argument is ludicrous & spec[ious] Second of all, Defendants' arguments here is ludicrous & specious because, in the first pl[ace] according to DOC Policy both thee Superinten[dent] here at SCI-Greene where the Plaintiff is con[fined] at and the superintendent at SCI-Camp [Hill] (who is Defendant Dragovich) where Norman Johns[ton] is confined at, must approve such and t[he] reason we are in this here situation and t[he] reason as to why this Plaintiff had to file this here Motion of his, is because when he ha[d] tried to get permission from Defendant Dragovich previously, while he was still hou[sed] & confined at SCI-Camp Hill prison himself, [for] Inmate Norman Johnston to be passed & [sign] this here same affidavit at issue, herein, a[nd] so, it was and is futile and pointless for t[he] to have again first followed Department procedu[re] this when he had already done so last & [said] Camp Hill Superintendent denied such & would [not] → See Plaintiff's attached Exhibit -A- hereto, a[s]

deny such again, so why waste everybody's time & cause a delay in this here case for nothing, and, in the second place, by their Brief In Opposition to Plaintiff's Motion To Permit Plaintiff To Communicate With An Inmate At Camp Hill Prison and their argument therein, the Defendants are illegally and unconstitutionally attempting to get this Court to unlawfully deny this Plaintiff relevant evidence/information which he needs in order to enable him to adequately, effectively & meaningfully respond & address & combat their Motion For Summary Judgment and Memorandum of Law In Support to comply with and follow the provisions /requirements of Fed. R. Civ. P., 56(c) "and" do this because they know that such Affidavit of Norman Johnston will only further support the Plaintiff's allegations & arguments and show that the Defendants and Ben Livingood "lie" in Defendants' Memorandum of Law In Support Motion For Summary Judgment and the unsworn Declaration of Ben C. Livingood, accompanying herein.

Therefore, the Plaintiff's Motion To Permit Plaintiff To Communicate With An Inmate At Camp Hill Prison, is "not" premature and should "not" be ordered denied by this Court, but rather, as a matter of law, Defendants' Brief In Opposition should

(W)HEREFORE, Plaintiff John Richard Greys the this Court will grant the Plaintiff's Motion for an O Requiring Defendants to permit the Plaintiff communicate with and write inmate at SC Camp Hill Prison, Forthwith, in full, herein this c

IN THE ALTERNATIVE, it is requested the Court stay the proceedings herein this ca for a period of thirty (30) days from the da its order on this Motion, to enable Plaintif follow Department procedure and make a req that he be permitted to communicate with Inmate Norman Johnston at SCI-Camp #1 Prison for the purposes of such affidavit to give the SCI-Camp Hill Superintendent (Defendant Dragovich) and the SCI-Greene Superintendent to either approve or deny such Legal Communication, herein this Civil Rights A

AND HE SHALL EVER PR
RESPECTFULLY SUBMITT

(s) ―――― John Richard J
MR. JOHN RICHARD J
#BQ-3219

Dated: 4th APRIL 2001
SCI-Greene/SMU
175 PROGRESS DRIVE
Waynesburg, PA 15370-8