*see at*

(106
4/18/01)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE,<br>    Plaintiff,<br><br>v.<br><br>KENNETH K. KYLER,<br>JOHN A. PALAKOVICH,<br>WILLIAM J. RHOADES,<br>MARTIN DRAGNOVICH,<br>OFFICER RUBENDALL, and<br>OFFICER RAGER,<br>    Defendants | : CIVIL NO: 1:CV-00-0315<br>:<br>: (Judge Rambo)<br>:<br>: (Magistrate Judge Smyser)<br>:<br>:<br>:<br>:<br>: FILED<br>: HARRISBURG, PA<br>:<br>: APR 17 2001<br>:<br>: MARY E. D'ANDREA, CLERK<br>: PER _____ DEPUTY CLERK |

<u>ORDER</u>

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action in the Court of Common Pleas of Cumberland County, Pennsylvania. In a complaint and amended complaint, the plaintiff claims that defendants Kyler, Palakovich, Rhoades and Dragnovich violated his constitutional rights and Pennsylvania Department of Corrections regulations by confiscating his personal law books and religious materials, by denying him showers and outside exercise and by subjecting him to excessive heat and poor ventilation.

AO 72A

On February 22, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich removed the case to this court. On March 7, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich filed an answer to the plaintiff's complaint and amended complaint.

On July 17, 2000, the plaintiff filed a supplemental complaint adding defendants Rubendall and Rager. The plaintiff claims that defendants Rubendall and Rager failed to return to him his personal, religious and legal materials despite orders by Drs. Laskey and Clark and defendants Dragnovich and Palakovich that the plaintiff's property be returned to him.

On August 28, 2000, the defendants filed an answer to the plaintiff's supplemental complaint.

On October 17, 2000, the defendants filed a motion for summary judgment and a statement of undisputed facts. After receiving a number of extensions of time, the defendants filed a brief in support of their motion for summary judgment on

2

December 5, 2000.  The plaintiff requested and received extensions of time until May 4, 2001 to file a response to the defendants' statement of material facts, a brief and any summary judgment evidence he has in opposition to the motion for summary judgment.

By an Order dated December 27, 2000, the plaintiff's motion to compel was granted and the defendants were ordered to provide documents responsive to the plaintiff's second set of requests for the production of documents within ten days.

On February 28, 2001, the plaintiff filed a motion for sanctions and brief in support of that motion.  The plaintiff contends that the defendants have not complied with the Order of December 27, 2000 compelling them to provide documents responsive to the his second set of requests for the production of documents.  The plaintiff argues that the defendants should be sanctioned, held and contempt and required to pay the costs he incurred in preparing his motion for sanctions.

3

On March 13, 2001, the defendants filed a brief in opposition to the plaintiff's motion for sanctions. The defendants admit that they did not comply with the Order of December 27, 2000. They assert that because of delays due to the holiday season, errors in identifying and mailing the correct documents and plaintiff's several transfers to other institutions, they were not able to provide the documents to the plaintiff until March 1, 2001. The defendants assert that because the plaintiff now has the documents in response to his second set of requests for the production of documents the court should not impose sanctions or costs on them.

Since the plaintiff now has the documents he requested and the defendants have explained the delay in getting the documents to the plaintiff, we will not impose sanctions. However, we will grant the plaintiff's request for the costs he incurred for paper, pens, carbon paper, postage and envelopes in connection with his motion for sanctions. The plaintiff will be ordered to file a statement of expenses listing in detail the costs he actually incurred for paper, pens, carbon

4

AO 72A
(Rev.8/82)

paper, postage and envelopes in connection with his motion for sanctions. The statement of expenses shall not include any amount for the plaintiff's time in preparing his motion. Within ten days after the plaintiff files his statement of expenses the defendants shall either pay the amount set forth by the plaintiff of file objections to the statement of expenses.

On March 12, 2001, the plaintiff filed a motion to compel the production of documents and answers to interrogatories and a brief in support of that motion. On March 26, 2001, the defendants filed a brief in opposition to the motion to compel, and on April 11, 2001, the plaintiff filed a reply brief.

The plaintiff served requests for the production of documents and interrogatories on or about January 8, 2001. On February 13, 2001, the defendants served objections to the discovery.

The plaintiff contends that the defendants' February 13, 2001, objections were untimely and are, therefore, waived. Assuming that the plaintiff placed his discovery requests in the mail on January 8, 2001, the defendants' responses were due on or before February 12, 2001. The defendants' objections were served on February 13, 2001. The plaintiff has not indicated that he was prejudiced by the one day delay. We will not deem the defendants' objections to be waived.[1] .

The defendants objected to the discovery on the ground that it was untimely.

Local Rule 26.4 provides:

In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings

---

1. The plaintiff also argues that the defendants' objections should be deemed to be waived because the defendants failed to file a brief in support of their objections. There is no requirement in either the Local Rules of the Federal Rules of Civil Procedure for a brief in support of objections to discovery requests. The plaintiff also argues in his reply brief that the objections should be deemed to be waived because the defendants failed to file their brief in opposition to his motion to compel in a timely manner. The defendants' brief in opposition filed on March 26, 2001 was timely filed.

6

>within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P. 7(a). After expiration of the discovery deadline, the parties are deemed ready for trial.

The last pleading filed by the plaintiff was his July 17, 2000 supplemental complaint. Thus, pursuant to Local Rule 26.4, the plaintiff was required to complete all discovery proceedings on or before January 17, 2001. The defendants contend that the plaintiff's January 8, 2001, discovery requests were untimely because they were not served at a time to allow answers to be completed within the discovery period.

We agree with the defendants that the plaintiff's discovery request were untimely. However, because the rule is not clear and the plaintiff contends that he thought he had until January 17, 2001 to serve his discovery requests, we will grant the plaintiff's request to reopen discovery so that he may timely reserve his requests for production of documents and interrogatories. All discovery proceedings shall be completed on or before June 11, 2001.

7

We will grant the plaintiff an extension of time until June 18, 2001, to file a response to the defendants' statement of material facts and a brief and summary judgment evidence in opposition to the defendants' motion for summary judgment.

On February 28, 2001, the plaintiff filed a motion for an order requiring the defendants to permit him to communicate with another inmate at SCI-Camp Hill. On March 20, 2001, the defendants filed a brief in opposition to this motion, and on April 11, 2001, the plaintiff filed a reply brief.

The plaintiff contends that inmate Norman Johnston has information relevant to this case. The plaintiff wants to send to Johnston an affidavit for his signature and to use the affidavit in opposition to the defendants' motion for summary judgment.

Pursuant to DC-ADM 803 inmates are prohibited from corresponding with other inmates except with the written permission of the Superintendent.

8

The defendants contend that the plaintiff's motion for an order requiring them to allow him to correspond with inmate Johnston should be denied because the plaintiff has failed to show that he is unable to communicate with inmate Johnston. The defendants contend that the plaintiff should contact his counselor and explain his need to communicate with inmate Johnston and that the counselor will then forward the request to the superintendent.

The plaintiff argues that it will be futile for him to make such a request, but that if he is required to make such a request, then the proceedings in this case should be stayed while he attempts to get permission to communicate with inmate Johnston. We will deny the plaintiff's motion. As mentioned earlier, the plaintiff will be granted an extension of time until June 18, 2001, to respond to the defendants' motion for summary judgment.

On February 28, 2001, the plaintiff also filed a motion for an order requiring Chaplain Vogel and Officer Craig to sign

9

affidavits for him. On March 20, 2001, the defendants filed a brief in opposition to this motion, and on April 11, 2001, the plaintiff filed a reply brief.

The plaintiff contends that Chaplain Vogel and Officer Craig have information relevant to this case. The plaintiff asserts that he believes they will not voluntarily sign affidavits for the plaintiff because they fear getting in trouble by the prison administration. The plaintiff is requesting that the court ordered Vogel and Craig to review the affidavits prepared by the plaintiff and to sign them if they are accurate.

The defendants contend that this motion should be denied because there is no authority in the Rules for the court to require non-parties to review and sign affidavits.

The plaintiff contends that if we deny his motion, we should reopen discovery so that he can get the information he seeks through discovery.

10

We will deny the motion because there is no basis in either the Local Rules of the Federal Rules of Civil Procedure for the court to require non-parties to sign affidavits. As mentioned earlier, the discovery period will be extended to June 11, 2001.

AND NOW, this 17th day of April, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 84) for sanctions is **DENIED IN PART AND GRANTED IN PART.** The plaintiff's request for sanctions is **DENIED.** The plaintiff's request for costs is **GRANTED.** Within ten days of the date of this Order the plaintiff shall file a statement of expenses listing in detail the costs he actually incurred for paper, pens, carbon paper, postage and envelopes in connection with his motion for sanctions. The statement of expenses shall not include any amount for the plaintiff's time in preparing his motion. Within ten days after the plaintiff files his statement of expenses the defendants shall either pay the amount set forth by the plaintiff of file objections to the statement of expenses. **IT IS FURTHER ORDERED** that the plaintiff's motion

11

(doc. 89) to compel, the plaintiff's motion (doc. 85) for an order requiring the defendants to allow him to communicate with another inmate and the plaintiff's motion (doc. 86) for an order requiring Chaplain Vogel and Officer Craig to sign affidavits are **DENIED.  IT IS ORDERED** that all discovery proceedings shall be completed on or before June 11, 2001.  The plaintiff shall file a response to the defendants' statement of material facts and a brief and any summary judgment evidence he has in opposition to the motion for summary judgment on or before June 18, 2001.

J. Andrew Smyser
Magistrate Judge

Dated:  April 17, 2001.

AO 72A
(Rev 8/82)

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                      April 17, 2001
```

Re:   1:00-cv-00315    Jae v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

```
    John Richard Jae
    SCI-GREENE
    #BQ-3219
    175 Progress Drive
    Waynesburg, PA   15370

    Michael L. Harvey, Esq.
    Office of Attorney General
    Strawberry Square
    15th Floor
    Harrisburg, PA   17120

    Susan J. Forney, Esq.
    Office of Attorney General
    Strawberry Square
    15th Floor
    Harrisburg, PA   17120
```

```
cc:
Judge                       (/)            ( ) Pro Se Law Clerk
Magistrate Judge            (/)            ( ) INS
U.S. Marshal                ( )            ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( )
Federal Public Defender     ( )
Summons Issued              ( ) with N/C attached to complt. and served by:
                                U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5         ( )
Order to Show Cause         ( ) with Petition attached & mailed certified mail
                                to: US Atty Gen ( )   PA Atty Gen ( )
```

|                      |     | DA of County ( )   Respondents ( )   |
|----------------------|-----|--------------------------------------|
| Bankruptcy Court     | ( ) |                                      |
| Other _____ | ( ) | MARY E. D'ANDREA, Clerk              |

DATE: _____4-17-01_____          BY: _____
                                     Deputy Clerk