**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:CV-00-0315 |
| | : | |
| KENNETH D. KYLER, individually, and in his official capacity, et al., | : | (Judge Rambo) |
| | : | |
| | : | (Magistrate Judge Smyser) |
| Defendants | : | |

FILED
HARRISBURG, PA
MAY 10 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR COURT-APPOINTED OF AN OFFICER TO TAKE WITHIN DEPOSITIONS

### PROCEDURAL HISTORY/STATEMENT OF FACTS

This is a civil rights action brought pro se by John Richard Jae, an inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Defendants are various present and former officials at the State Correctional Institution at Camp Hill.

This action was originally commenced in January of 2000 in the Court of Common Pleas of Cumberland County. Defendants removed this action to this Court on February 22, 2000. The complaint alleges violations of the First, Eighth and Fourteenth Amendments and asserts state law claims as well. Plaintiff contends that he had been denied legal materials and religious literature, that he had been denied showers and exercise and that he had been subjected to poor ventilation and excessive heat in his cell.

On October 17, 2000, the defendants moved for summary judgment. After receiving enlargements of time, defendants filed a brief in support of their motion on December 5, 2000. Jae's obligation to respond to the motion has been stayed until June 18, 2001, to permit him to conduct discovery.

On February 28, 2001, Jae moved for an order requiring Chaplain Vogel and Officer Craig to sign prepared affidavits for him. The motion was denied; however, the court further extended the discovery period to June 11, 2001, to enable Jae to get information from the two witnesses through discovery.

Jae has now moved for a court-appointed officer to take the depositions of Vogel and Craig upon written questions. This brief is submitted in opposition to Jae's motion.

### STATEMENT OF QUESTION INVOLVED

Should this Court deny plaintiff's request for a court-appointed officer to conduct depositions?

### ARGUMENT

#### THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A COURT-APPOINTED OFFICER TO CONDUCT DEPOSITIONS.

Fed.R.Civ.P 31 allows a party to take the testimony of any person by deposition upon written questions. That rule, however, does not provide for the Court to select an officer to take the deposition as Jae requests. Rule 28 permits the Court to appoint an officer to take a deposition, but as the note following that rule states, this language "provides for the situation, occasionally arising, when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths and take testimony. . . ." Presumably, under this section, the court appoints an individual to serve as an officer who is requested by the party taking the deposition. It would be an unwarranted intrusion by the Court for it to select an individual to take a deposition on behalf of one of the parties.

Nor has Jae provided any reason for the Court to make this appointment. He says that he

2

knows of no officer who can take the depositions and that he does not know how to locate an officer. Plaintiff's Brief at 3. There is no suggestion, however, that he does not have access to a phone book, where he could check the listings for "Reporters" in the classified section. Obviously, he could write to any reporter listed there and request his or her services.

Jae does not state who would pay the expenses of a court-appointed reporter. It is well-settled, however, that litigants generally bear their own litigation expenses. Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert denied, 510 U.S. 1196 (1994); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987). "There is no provision in the statute [28 U.S.C. §1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for the payment of the necessary expenses in a civil suit brought by an indigent litigant. Tabron, 6 F.3d at 159. Nor can plaintiff's obligation to finance his own litigation be thrust upon the defendants. Badman v. Stark, 139 F.R.D. 601, 605-06 (M.D. Pa. 1999)("[a] defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees").

Accordingly, there is no basis for granting Jae's request for a court-appointed officer to take his deposition.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion for court-appointment of an officer to take depositions upon written questions should be denied.

                                        Respectfully submitted,

                                        **D. MICHAEL FISHER**
                                        **Attorney General**

BY: _____
        MICHAEL L. HARVEY
        Senior Deputy Attorney General

        SUSAN J. FORNEY
        Chief Deputy Attorney General
        Chief, Litigation Section

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526

DATE: March 20, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    Plaintiff :
:
v. : No. 1:CV-00-0315
:
KENNETH D. KYLER, individually, and : (Judge Rambo)
in his official capacity, et al., :
: (Magistrate Judge Smyser)
    Defendants :

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, Defendants' Brief in Opposition to Plaintiff's Motion for Court-appointed of an Officer to Take Within Depositions by depositing a copy of the same in the United States Mail, postage prepaid, in Harrisburg, Pa., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

_____
MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

DATE: March 20, 2001