IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

115

JOHN RICHARD JAE,
Plaintiff,

VS.

KENNETH D. KYLER, et al.,
Defendants.

CIVIL No. 1: CV-00-0315
U.S. DISTRICT Judge Ram
Magistrate Judge Smys

MOTION FOR AN ORDER REQUIRING DEFENDANT DRAG
AND SCI-GREENE SUPERINTENDENT CONNER BLAINE TO P
THIS PLAINTIFF TO COMMUNICATE WITH AND WRITE TO INM
NORMAN JOHNSTON AT SCI-CAMPHILL RHU AND BRIEF IN

COMES NOW, the Plaintiff & Pro Se Counsel in the above-
Civil Action, John Richard Jae, as a layman, unlettered in the Arts
of the Laws & Legal Procedures within the United States & now pursua
R. Civ. P. 56(f), files his Motion For An Order Requiring Defendant Dragovi
Greene Superintendent Conner Blaine To Permit This Plaintiff To Comm
with And Write To Inmate Norman Johnston At SCI-CampHill RHU
In Support, Herein, & who, avers, deposes & states:

1. On or About Octoeber 17, 2000, Defendants, thru Counsel, filed their M
Summary Judgment and their Motion For Statement Of Undisputed F
herein the above-captioned Civil Rights Action.

2. On or About December 5, 2000, Defendants, thru Counsel, filed their
In Support Of Motion For Summary Judgment and their Documents Supporting Defendants' Motion
Judgment, herein this case.

3. On or About February 15, 2001, the Plaintiff filed his Initial Motio
Order Requiring Defendants To Permit The Plaintiff To Communicate
Write Inmate At SCI-Camp Hill Prison, herein this case.

4. On or About March 20, 2001, Defendants, thru Counsel, filed the
Brief In Opposition To Plaintiff's Motion To Permit The Plaintiff To Com
With An Inmate At CAMP Hill Prison, herein this case, and arguing, th

"Before the plaintiff asks this Court to interfere, he should follow Departme
procedure to obtain permission to correspond with another inmate. Until t
procedure is exhausted, his motion is premature. It should, therefore, be denied

5. On April 17, 2001, Order, this Court agreed with the above-referen
of the Defendants, & denied Plaintiff's Motion For An Order Requiring Defendants To Perm
[illegible] With And Write Inmate At SCI-CampHill Prison, herein thi

6. Because the Plaintiff has now requested and has been [illegible] Prison officials' permission[2] and he has followed & exhausted Pa. Dept. [illegible] Corrections procedure to obtain permission to correspond with another inmate, but to no avail,[3] this Motion is no longer premature & given [illegible] based upon the following facts & arguments, as is set forth herein below, as well as based upon the papers & files, herein this case, which the Pl[aintiff] now hereby incorporates herein by reference hereunto all of the same, th[is Court] should now intervene in this matter, and, in the interests of fundamental fa[irness], equal justice & due process of the law, enter an Order requiring Defen[dant] Dragovich and SCI-Greene Superintendent Conner Blaine to permit this Plaintiff to communicate with and write to Inmate Norman Johns[ton] at SCI-Camp Hill RHU, to obtain an Affidavit from Norman Johnston [to] use in the [illegible]

BRIEF IN SUPPORT

In their Statement of Undisputed Facts, submitted, herein, along with their M[otion for] Summary Judgment, Defendants claim that, "~~the Plaintiff~~ John Richard Doe has not be[en] prohibited from following the exchange procedure and obtaining any legal m[aterials,] books or papers from his stored property."[4]

In their Statement of Undisputed Facts, Defendants claim that, "In November [and] December, 1999, Doe's cell was not excessively hot."[5]

In their Answer To Supplemental Complaint, herein this case, at Par[agraph] No's. 10 & 14, Defendants deny that Defendants Rubendall and Rager d[enied] Plaintiff his legal and/or religious materials in April & May, 2000.

In their ~~Answer~~ Response To Plaintiff's First Set Of Interrogatories, herein t[his case,] Defendants claim that, "to the best of defendants' knowledge, according to [the] property records, plaintiff did not obtain his religious books from his sto[red] property. Plaintiff, however, had the opportunity to obtain these books."[6]

However, this Plaintiff strongly disputes the above-referenced claims [and denials] of the Defendants', herein this case, as such are nothing more than a bunch of outright [lies].

Plaintiff avers & submits that, Inmate Norman Johnston is an Inmate [at] SCI-Camp Hill RHU, who was housed in the RHU near this Plaintiff during the relevant time period pertaining to the incidents/violations alleged in the complaints, here[in this] case & he has relevant information which will show that the Defendants are "lying" as [to the] above-referenced claims & denials, herein.

2/ See Page: -4-, herein, infra.

3/ Plaintiff previously told this Court that it would be futile to require him to do such, [as it] would only be denied & sure enough, this Plaintiff was correct, as such was, in fact, denie[d].

4/ See Defendants' Statement of Undisputed Facts, at Paragraph No. 7.

5/ See Id., at Paragraph No. 8.

6/ See Defendants' Response to Plaintiff's Interrogatory No. 23 of Plaintiff's First Set of Interro[gatories].

7/ [illegible] Defendants [illegible] Defendants' claim that "[illegible] according to the prop[erty]

Plaintiff Jae therefore needs to obtain an Affidavit from SCI-Camp Hill RHU Inmate Norman Johnston to attach as an Exhibit/Evidence to his Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum of Law In Support, [in] this case, however, the Policy of the Pennsylvania Department of Corrections prohibits inmates from corresponding with inmates and when this plaintiff recently requested permission to do so, such was denied him, and therefore Plaintiff needs & requests an order from this court ordering Defendant Dragovich and SCI-Green Superintendent Conner [illegible] this Plaintiff to mail/send an Affidavit to SCI-Camp [Hill] RHU Inmate Norman Johnston for him to sign & return such Affidavit to this Plaintiff at whichever prison that this Plaintiff [is] confined in at such time, herein this case.

That, this Plaintiff believes & therefore avers & submits [that] Inmate Norman Johnston will be willing to sign such Aff[idavit] for this Plaintiff, as he was previously willing to sign such [for] Plaintiff, when the Plaintiff & Norman Johnston were in the SCI-Ca[mp Hill] RHU.

That, given the above & foregoing, herein, it would b[e] an unfair and prejudicial manifest miscarriage o[f] justice and an unconstitutional denial of due process of law for this court to deny this Motion a[s] without such requested Order this Plaintiff "will" be unable to obtain such an Affidavit from Norma[n] Johnston & thus he "will" be illegally denied relevant evidence which he needs to comb[at] the "lies" & disputed material facts of Defendants' Motion For Summary Judgment & pleadings, h[illegible]

On or About April 25, 2001, the Plaintiff informed his Counselor, Mr. Craig Harris, during Mr. Harris' weekly Rounds in SHU HB Pod, here at SCI-Greene, that he had this case pending before this Court, what the case was about, that, Defendants had moved for summary judgment, herein this case, that he needed to get a written Affidavit from Inmate Norman Johnston at the SCI-Camp Hill RHU to attach to his Brief In Opposition To Defendant's Motion For Summary Judgment, as Norman Johnston was/is a witness to the facts in the Complaint and Plaintiff then there requested Mr. Harris to initiate the process and contact the Superintendent here to try and get it approved for myself to communicate with Inmate Norman Johnston at the SCI-Camp Hill RHU, in order to obtain such Affidavit from him for this case.

That, Mr. Harris then there on such same date, April 25, 2001, verbally told me he would take care of this matter as I had requested.

That, on May 16, 2001, Mr. Harris saw me at my SMU HB Cell during his weekly Rounds and when I had questioned him about such, he then verbally told me that, my request to communicate with Inmate Norman Johnston up at SCI-Camp Hill RHU to obtain his Affidavit for this case, was denied by the Superintendent here, because Inmate Norman Johnston was not a party to this Civil Action.

(W)HEREFORE, based upon the above & foregoing facts & arguments, Plaintiff John Richard Doe, prays that this Court will grant this [illegible] full & enter an order Requiring Defendant Dragovich & SCI-Greene Superintendent Conner Blaine to permit the Plaintiff to communicate with and write to Inmate Norman Johnston up at the SCI-Camp Hill to obtain an Affidavit from Norman Johnston for use in this Case.

(5)

RESPECTFULLY SUBMITTED,

John Richard Doe
Mr. JOHN RICHARD [illegible]
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, Pa. 15[illegible]

Dated: 24th May 2001:

CERTIFICATE OF SERVICE

I Certify that on 5-25-01, I mailed to the person listed below, a true & correct carbon copy of the Plaintiff Motion For Order Requiring Defendant Dragovich and SCI-Green Superintendent Conner Blaine To Permit this Plaintiff To Communicate With And Write Inmate Norman Johnston At SCI-Camp Hill RHU And Brief In Supp... by U.S. 1st Class Mail, Postage Prepaid & addressed to:

MR. Michael L. Harvey, SDAG
Office of the Attorney General of Pennsylvania
15th Floor-Strawberry Square
Harrisburg, PA. 17120

I Certify that on 5-25-01, I gave the original of the above document to prison officials here for mailing to this Court...

I Certify under penalty of perjury & pursuant to 28 U.S.C. §1746, that the above, is true & correct.

Dated/Executed On:
25th MAY 2001:
At: Waynesburg, Pennsylvania:

(S) John Richard J...
MR. JOHN RICHARD...
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 1537...

Plaintiff and Pro Se C...