IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD SAE,                    CIVIL No. 1:CV-00-
                Plaintiff,

        vs.                          U.S. District Judge
                                     Magistrate Judge Smyser

KENNETH D. KYLER, et al.,
                Defendants.

JUDGE'S COPY

FILED
HARRISBURG
JUN 0 8 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

MOTION FOR ORDER OF COURT REQUIRING SCI-GREENE PRISON OFFICIALS TO RETURN TO THIS PLAINTIFF HIS LEGAL MATERIALS, COURT CASE FILES AND LAW BOOKS AND TO PROVIDE HIM WITH ENOUGH PAPER, CARBON PAPER AND ENVELOPES TO ENABLE HIM TO MEET COURT DEADLINE, INTER ALIA PETITION FOR WRIT OF MANDAMUS AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff & Pro Se Counsel in above-entitled Civil Action, John Richard Sae, as a layman unlearned in the Arts & Sciences of the Laws & Legal Procedures within the States (now files his Motion for Order of Court Requiring SCI-Greene Prison Officials To Return To This Plaintiff All His Legal Materials, Court Case Files And Law Books And To Provide Him Enough Paper, Carbon Paper And Envelopes To Enable Him To Meet Court Deadline, Inter Alia Petition For Writ Of Mandamus And Brief In Support, herein, & whosoever, deposes & says:

I. The Motion

1. On or about October 19, 2001, Defendants Counsel, filed their Motion For Summary Judgment & Statement Of Undisputed Facts, herein this case

2. On or about December 5, 2000, Defendants, by counsel, filed their Documents supporting and Memorandum In Support of Motion For Summary Judgment/[Reinstate]

3. After receiving one (1) enlargement of time, Plaintiff's Brief In Opposition to Defendants' Motion For Summary Judgment And Memorandum In Support and his supporting documents are presently due to be filed, herein, on or before June 18, 2000.

4. Plaintiff Jae now moves this Court for an Order Requiring SCI-Greene Prison Officials to Return to this Plaintiff All His Legal Materials, Court Case Files And Law Books And To Provide Him With Enough Paper, Carbon Paper and Envelopes To Enable Him To Meet Court Deadlines, Inter Alia Petition For Writ Of Mandamus herein this case, based upon the following facts, arguments & citations of authorities, below & in

II. Brief In Support

Plaintiff John Richard Jae, avers & submits that he has upcoming court dates for Briefs In Opposition to be filed with this court, herein this case, on or before June 18, 2001, and in Jae vs. Lester, 1:C 01-0041 on June 23, 2001, and his Petition for Writ of Certiorari in the U.S. Supreme Court on or before June 23, 2001, in his State Criminal Court case, where he is challenging the legality of his conviction and confinement, however, he is unable to meet all three of these court Deadlines, due to the fact that SCI-Greene Prison Officials here are illegally withholding his legal materials, court case files & Law Books

from him out in the SMU property room and are refus[ing] to allow him to have sufficient enough time to go thru such property boxes, locate & retri[eve] & take back his with him, all of the legal materials, court case files and law books of his, which he needs in order to enable him t[o] prepare & file his court pleadings in the aforementioned three court cases, and com[ply] with the afore-mentioned court-deadlines, herein, supra, at 2. Additionally, SCI-Greene Pris[on] Officials here are misquoting Prison Policy, and illegally denying this Plaintiff, who is a[n] indigent state prisoner, sufficient enough Pap[er] & carbon which he needs to prepare his aforementioned court pleadings in order to file such. Furtherm[ore,] Prison officials here at SCI-Greene are illegal[ly] refusing to provide this [blacked out] Plaintiff with the [legal] envelopes which he needs to mail his aforeme[ntioned] pleadings to the courts, as such pleadings g[et] too thick for regular size envelopes such a[s] the ones Prison officials provide this Plainti[ff] with ten (10) of at the beginning of each month be[...]

When Prison officials refuse to allow this Plaintiff to have all of his legal materials in his prison cell with him & store such [...] a[...] are a outside of his control such violates th[e] case's integrity and at a bare minimum the[y] should, by law, allow him sufficient access [&] time to go thru his property boxes in the prop[erty...]

Room to locate, retrieve & take back to his cell with him the legal materials, court case files/papers & his law book which he needs to enable him to prepare his court case pleadings when he has a deadline to meet, and anything less would be, & is, a denial of access to the courts & this SCI-Greene Prison Officials have failed to do here.

On May 30, 2001, Plaintiff Jae sent an Inmate request form to Mr. Mark Capozza, the SCI-Greene SMU Unit Manager, and advised Mr. Capozza, of his need for the afore-mentioned court case pleading files, legal papers from his stored property boxes in the SMU Property Room here, of the afore-mentioned court deadlines & of the facts that he has not been given sufficient enough time to search thru his stored property boxes here for his needed court case files/papers & law book which he needed to make/meet such afore-mentioned court deadlines & he requested therein that Mr. Capozza make arrangements to put my stored property boxes in the SMU mini law library with me the next time I go to the law library here or that he grant 1½ hours to go thru my stored property to find such. Mr. Capozza, on May 31, 2001, replied back to me in writing on such request to him & denied such and refused to do such & denied me access to such in violation of the 1st Amendment, U.S. Constitution & Article 1, §20 of Pennsylvania State Constitution


Additionally, from May 2, 2001, – May 9, 2001, Unit Manager Capozza illegally denied this Plaintiff total access to his legal materials, court case files/papers & law books, Mr. Capozza illegally refused to allow this Plaintiff to possess any of his legal materials, court case files/papers, law books & correspondence materials (i.e., paper, carbon paper, envelopes), thereby illegally causing this Plaintiff to miss the filing deadline of May 10, 2001, for his Petition for Reconsideration of U.S. District Judge's 4/5/01 order in this here case, which he otherwise would have filed in this case, if Mr. Capozza had not denied him such items, as above-stated & thus causing Plaintiff to suffer an actual injury & a denial of his First Amendment, U.S. Const. & Article 1, § 20, Pa. State Constitutional Rights of access to the courts.

On – May 6, 2001, Plaintiff here wrote & sent a letter to SCI Superintendent Conner Blaine, Jr. and a letter to SCI-Greene Superintendent for Central Feed Services Paul J. Stowitzky, about the above-referenced denials of Mr. Capozza's (among other things) & that I was going to miss my filing deadline of May 10, 2001.

Superintendent Blaine refused to do anything about such & Stowitzky violated policy about responding to correspondence from & failed to even show the common courtesy due of responding back to this on such correspondence, as sent to him on May 6, 2001.

Additionally, the SCI-Greene Librarians have failed to supply this Plaintiff with enough paper and carbon paper to prepare his legal pleadings in this & the other two afore-mentioned cases & has to provide this Plaintiff with any large legal size envelopes at all needed to mail such pleadings out to the Ct. and the U.S. Supreme Ct. & this Plaintiff is totally indigent and he has no money at all to buy such himself, thus they, too, have illegally denied this Plaintiff his afore-mentioned Constitutional Rights to access to the Courts & both Superintendent & Deputy Stowitzky are aware of this & yet have failed to do anything.

Thus, given the above & foregoing facts, it should be clear to any man almost certainly to this Court, that this Plaintiff already has & will be again in the near future, denied his State & Federal Cases & Rights of access to the Courts unless this Court intervenes & the relief requested herein this pleading.

In Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed. the U.S. Supreme Court held that the Constitution re...

legal papers with the courts. See Bounds, supra, 430 U.S., at 828, 97 S.Ct., at 1498.

In Peterkin v. Jeffes, 855 F.2d 1021 (3d Cir. 1988), our Third Circuit U.S. Court of Appeals reasoned that

> An actual injury necessarily occurs by virtue of a prison's failure to provide the level of assistance required under Bounds.

and by failing to allow this plaintiff to have sufficient access and to go through his stored legal property boxes to locate, retrieve and back to his cell with him, his necessary legal materials, court files & papers & his own personal soft-cover law books and by totally denying him access to/possession of his legal and court materials, court case files/papers & personal law books at all here 5-02-01 — 5-07-01 & causing him to miss a deadline for his Petition for Reconsideration, herein this case, and by denying him enough paper and carbon to prepare his afore-mentioned pleading and no large legal envelopes at all to mail such pleading etc., this ca U.S. Supreme Court, SCI-Greene Prison Officials have violated duty under the U.S. Constitution to assist this inmate-plaintiff the preparation and filing of meaningful legal papers with the cou they "must" do under Bounds, 430 U.S. at 828, 97 S.Ct. at 1498, and plaintiff "has" already suffered actual injury as a direct re thereof such & he "will" suffer actual injury again in the near f as a direct result thereof such, unless this court intervenes her this plaintiff the relief which he seeks & requests herein thi

Furthermore, this plaintiff avers & argues that, seizure or de of a prisoner's legal papers may also violate the Constitution. See v. Carine, 957 F.2d 353, 354 (7th Cir. 1992); Roman v. Jeffes, 904 F.2d 1 (3d Cir. 1990); Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987); Simmons 804 F.2d 182, 183-85 (1st Cir. 1986); Wright v. Newsome, 795 F.2d 964, 1986); Patterson v. Mintzes, 717 F.2d 284, 288 (6th Cir. 1983); Tyler v. Woods, 643, 644 (8th Cir. 1979); Williams v. ICC Committee, 812 F.Supp. 1029, (N.D.Cal. 1992); Gallipeau v. Berard, 734 F.Supp. 48, 53 (D.R.I. 1990); Bal Scully, 606 F.Supp. 176, 183-84 (S.D.N.Y. 1985); Stringer v. Thompson, F.Supp. 133, 137 (N.D.Ill. 1982); Sizer v. Bordenkircher, 526 F.S 1265 (N.D.W.Va. 1981) and in Carter v. Hutto, 781 F.2d 1028 (4th U.S. Court of Appeals for the Fourth Circuit, stated & held:

> He has asserted that prison officials officials confiscated and/or destroyed his legal materials, some of which were

430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977) (State's failure to provide legal research facilities denies inmates access to the courts in violation of the fourteenth amendment); Hudspeth v. Figgins, 584 F.2d at 1347-48 (allegation that correctional authorities threatened prisoner with physical harm to deter him from seeking judicial relief states cognizable claim under §1983); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (confiscation of legal materials from prisoners constitutes unreasonable interference with access to courts). Were Carter to succeed in proving these allegations his entitlement to some remedy would be beyond dispute. (Carter, 781 F.2d at 1032).

Furthermore, in Tyler v. "Ron" Deputy Sheriff, 574 F.2d 427, 429 (8th Cir.) the U.S. Court of Appeals for the Eighth Circuit stated & held:

The taking of a prisoner's legal papers states a claim under 42 U.S.C. §1983 if it results in interference with or infringement of the prisoner's constitutional right of access to the courts. Stoures v. Brown, 418 F.2d 105 (7th Cir. 1969). (Tyler, 574 F.2d at 429).

Furthermore, in Patterson v. Mintzes, 717 F.2d 284 (1983), the U.S. Court of Appeals for the Sixth Circuit stated:

As has [been] recently summarized:

"Persons in prison, like other individuals, have the right to petition the government for redress of grievances, which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), quoting Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Prison officials are charged with the responsibility of assuring that inmate access to the courts is "adequate, effective and meaningful." Bounds, supra 97 S.Ct. at 1495. See also, Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). A prisoner's First Amendment guarantees must be ~~~~~ freely exercisable without hindrance. Milhouse, supra, 652 F.2d at 374, referencing Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980); Garland v. Polley, 594 F.2d 1220, 1222-25 (8th Cir. 1979); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979). (Patterson 717 F.2d at 289).

See also Haines v. Wilson, 520 F.2d 289, 291 (2d Cir. 1975) and Bonner 517 F.2d 1311, 1320 (7th Cir. 1975).

Furthermore, Plaintiff avers & submits that prison officials ca[n't deprive] prisoner of his legal research, scientific or otherwise. Holding papers and personal/legal prisoner control violates the case's integrity, officer

The American Correctional Association (ACA) Standard 5234 (Access to the Courts) grants," ---- the right of access to the courts minimally provides that inmates have the right to present any issue, including the following: challenging the legality of their conviction or confinement; seeking redress for illegal conditions or treatment while under correctional control; pursuing remedies in connection with civil legal problems; and asserting against the state or other governmental authority any other right protected by constitutional, statutory provision, or common law. Inmates seeking judicial relief are not subjected to reprisals or penalties because of the decision to seek relief."

Court access embraces the right under the First Amendment when officials deny the ability to have the material means to comprehend the transcript, evidence and reports of a case on the conviction. Transcripts and evidence are not generic, but specific to each conviction. Errors in one case may not appear in the next. Thus, prison officials cannot show an inmate his legal sentence, or otherwise where the inmate has only chance to fall on the books, although the courts.

Finally, In Bounds, supra, 97 S. Ct., at 1496, the US Supreme [Court stated]. Moreover, our decisions have consistently required states to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.

For purposes of this pleading only, Plaintiff joins as to this action, pursuant to Fed. R. Civ. P. Rule 19(a), [Cannen], SCI-Greene superintendent, and Mark Capozza, SCI-Greene [ ] Manager.

This court has jurisdiction to grant the relief which Plaintiff seeks by/in this motion, pursuant to 28 U.S.C. [ ]

Also, U.S. District Judge Sylvia H. Rambo, of this county, granted the relief which the Plaintiff seeks in this [ ] previously, in her orders dated October 6, 2000, in [ ]

(10) WHEREFORE, based upon the foregoing facts, argum[ents] & citations of authorities, herein, plaintiff John Richard [Sae] prays that this court will enter an order, ordering SCI-G[reene] prison officials to return all of his legal materials, case files/papers & his own personal law books to him forthwith, so that he can prepare and file his legal ple[adings] in the cases referred to & listed, herein, supra, and th[at] they provide him with enough paper, carbon paper and en[velopes] so he can prepare, file & mail such pleadings out to th[is court &] to the U.S. Supreme Court.

AND HE SHALL EVER PRA[Y]
RESPECTFULLY SUBMITTED

(S) ___John Richard Sae___
MR. JOHN RICHARD SAE,
#BQ-2219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370-80[8?]

Plaintiff and Pro Se Counsel

Dated 4th JUNE 2001: