IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : |
| v. | : No. 1:CV-00-0315 |
| KENNETH D. KYLER, individually, and in his official capacity, et al., | : (Judge Rambo) |
| | : (Magistrate Judge Smyser) |
| Defendants | : |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DOCUMENTS SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This is a civil rights action brought pro se by John Richard Jae, an inmate currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Defendants are various present and former officials at the State Correctional Institution at Camp Hill (SCI-Camp Hill).

The complaint and supplemental complaint allege violations of the First, Eighth and Fourteenth Amendments, as well as state law claims. Plaintiff's constitutional claims are based upon allegations that he had been denied legal materials and religious literature, that he had been denied showers and exercise and that he had been subjected to poor ventilation and excessive heat in his cell

(Complaint ¶¶1, 10-16, 17-19, 20-21, 23-27; Supplemental Complaint ¶¶4-48).

Defendants moved for summary judgment, and subsequently filed a memorandum and documents in support of their motion on December 5, 2000. The documents submitted by defendants were an unsworn declaration of Ben C. Livingood with seven attached exhibits which were authenticated in the declaration; docket entries in the case of *Jae v. Laskey*, 1:99-CV-1610 (M.D. Pa.); and the Order of July 19, 2000, in the case of *Jae v. Laskey*. Since the defendants filed their brief and documents, the Court has extended the time within which plaintiff must oppose defendants' motion three times. Order of December 27, 2000; Order of March 7, 2001; Order of April 17, 2001. Plaintiff's response was due on June 18, 2001. To date, plaintiff has not filed a brief or documents in opposition to the motion.

On June 8, 2001, - - six months after defendants filed their brief and documents in support of their motion for summary judgment - - plaintiff filed a motion to strike the documents which were filed in support of defendants' summary judgment motion. The motion also requests that certain portions of defendants' memorandum of law be stricken. The motion to strike is patently frivolous and should be denied.

2

## ARGUMENT

The plaintiff first argues that the documents submitted in support of the defendants' summary judgment motion are not sworn or certified copies papers as required by Fed.R.Civ.P. 56(e). Plaintiff is incorrect.

Defendants submitted a declaration of Ben Livingood with attached exhibits and docket entries and an order in the case of *Jae v. Laskey* in support of their motion for summary judgment.

Mr. Livingood's declaration was made under the penalty of perjury and each of the seven exhibits attached to the declaration were verified by Mr. Livingood. Thus, these documents were properly submitted. See *Countryside Oil Company v. Travelers Insurance Co.*, 928 F. Supp. 474, 482 (D.N.J. 1995) ("In order for a document to be considered by a court on a motion for summary judgment, the document 'must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be the person through who the exhibits could be admitted into evidence.'")(quoting 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure §2722 at 58-60 (2d ed. 1983)).

The docket entries and the order from the case of *Jae v. Laskey*, although

3

not authenticated, were proper because a federal court may take judicial notice of its own documents and records. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3rd Cir.), *cert. denied* 488 U.S. 467 U.S. 967 (1988) (citing *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)).

The plaintiff also contends that arguments I and II in defendants' brief in support of their motion for summary judgment should be stricken because, as they address the sufficiency of the complaint, they should have been raised in a motion to dismiss prior to answering the complaint. Even accepting plaintiff's characterizations of Arguments I and II, he is incorrect. Fed.R.Civ.P. 12(b) states that a defense of failure to state a claim upon which relief may be granted "may" be raised by preliminary motion. The rules expressly do not require defendants to raise the defense of failure to state a claim by preliminary motion. Indeed, as set forth in Fed.R.Civ.P. 12(h)(2), motions for failure to state a claim may be made at anytime up until the disposition of the case in the district court. *Weaver v. Bowers*, 657 F.2d 1356, 1360 (3d Cir. 1981).

4

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to strike documents supporting defendant's motion for summary judgment should be denied.

                                             Respectfully submitted,

                                             **D. MICHAEL FISHER**
                                             Attorney General

BY: *[signature]*
                                             MICHAEL L. HARVEY
                                             Senior Deputy Attorney General

                                             SUSAN J. FORNEY
                                             **Chief Deputy Attorney General**
                                             **Chief, Litigation Section**

**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**PHONE: (717) 783-6896**
**FAX: (717) 772-4526**

**DATE: June 26, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE, :
:
    Plaintiff :
:
v. : No.  1:CV-00-0315
:
KENNETH D. KYLER, individually, and : (Judge Rambo)
in his official capacity, et al., :
: (Magistrate Judge Smyser)
    Defendants :

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served a copy of the foregoing document , by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902


                         MICHAEL L. HARVEY
                         SENIOR DEPUTY ATTORNEY GENERAL

**DATE:  June 26, 2001**