Copy
(127)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
            Plaintiff,                    CIVIL No. 1: CV-00-0319

                                          U.S. District Judge Rambo
        v.                                Magistrate Judge Smyser

KENNETH D. KYLER, et al.,
            Defendants.

JUDGE'S COPY

FILED
HARRISBURG, PA
JUN 2 7 2001
MARY E. D'ANDREA, CLERK
Per ___ Sct

BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

I. STATEMENT OF THE CASE

This is a §1983 action filed by Plaintiff John Richard Jae, a
of the Pennsylvania Department of Corrections, seeking compensatory
damages, a Declaratory Judgment, Court costs, Filing Fees, Service
Plaintiff's Attorney's Fees (if any) and a Jury trial based on Defen
denial of his personal legal materials, law books, religious books (materia)
exercise & showers, and inadequate ventilation & excessive heat stemming from
of a plexiglass shield over the Plaintiff's cell door. On April 23, 2001, Plain
Second Set of Interrogatories and his Third Request for Production of I
Counsel for the Defendants in the above-entitled Civil Action. On J
Defendants, by counsel, responded to Plaintiff's
Second Set of Interrogatories, by answering all Interrogator
except for Interrogatory No. 18, which they objected to. Defe
by counsel, likewise then responded to Plaintiff's Third Requ
Production of Documents, agreeing to provide all docume
except Defendants failed to state they would provide the
of Beard to Plaintiff's request to him. Contrary to Defend
contention that the Documents requested would be pr
for this plaintiff's inspection, such documents have n
produced, as of this date. On June 11, 2001, Plaintiff sent
letter to counsel for the Defendants, herein advising him of

agreement that such would be produced for plaintiff's inspection and advising him of Defendants' failure to state in their response to Plaintiff's Third Request for Production of Documents whether Beard's Re... to plaintiff's written request would be produced and explaining to... the relevance of his request for inmate Robert Adams' current prison address. P... also advised Counsel for the Defendants, therein such same letter, that if... Discovery dispute was not resolved by June 15, 2001, that on June 18... Plaintiff would file a Motion To Compel the same with this Court. Such... dispute was not resolved by June 15, 2001, and thus, this plaintiff... Filing this Motion To Compel here in this case. Therein his Brief in... of Motion To Compel.

## II. ARGUMENTS

A. DEFENDANTS HAVE FAILED TO PRODUCE THE DISCOVERY WHICH THE PLAINTIFF ALLY AGREED TO PRODUCE FOR PLAINTIFF'S INSPECTION IN IN A TIMELY MANNER NOR AT ALL.

As stated above, on April 23, 2001, the Plaintiff sent his Third Request... Production of Documents to Counsel for the Defendants, herein, and on... Defendants responded to such and agreed to produce the Documents req... the Plaintiff's Inspection, except that Defendants failed to state whet... would produce Secretary Beard's response to Plaintiff's letter to him... in their Response, stated the following:

" Defendants will make the documents available for review at a mutually convenient time. Plaintiff may make arrangements for the Inspection by submitting a Request slip to the assistant to the Superintendent. Photocopies may be secured at the Plaintiff's expense at the usual institutional charge.

On June 5, 2001, Plaintiff Joe sent the request slip to make arrang... Inspection of these documents to the Assistant to the Superintendent, Ms. Sharon L. DE... On June 6, 2001, Mr. Dan Davis responded to Plaintiff's Request-slip to Me... and stated:

" Mr. Joe, No such letter was received requesting that you... are to Inspect documents."

On June 11, 2001, Plaintiff wrote & sent a letter to cou[...]
for the Defendants, herein, Senior Deputy Attorney General Michael L. [...]
therein writing, advising him of this problem with discovery, be[...]
produced and requesting that he rectify such with an immedi[...]
phone call to the Superintendent's Assistant Ms. Sharon D'Eleo[...]
to Mr. Dan Davis hereat SCI-Greene and that he resolve this d[...]
dispute problem and see to it that I am provided with the documents [...]
their Plaintiff's Third Request for Reduction of Documents by Friday, June [...]
but Defendants' Counsel has not replied to such letter & no documents were pr[...]
for Plaintiff's Inspection by Friday, June 15, 2001.

On June 19, 2001, Dan Davis, SCI-Greene Administra[...]
Assistant, brought down a packet of discovery materials [...]
he stated Defendants' Counsel had faxed him for my inspection & [...]

Upon reviewing these discovery materials, Plaintiff d[...]
that counsel for the Defendants had failed to provide/produ[...]
December 1999, & February & March, 2000, DC-141 PART III 30 DA[...]
PRC REVIEW PAPERS, and Executive Deputy Secretary of Correct[...]
Beard's written response to Plaintiff's November 30, 1999, lett[...]
to him and that counsel for the Defendants had provided/pr[...]
the wrong January, 2000, DC-141 PART III 30 DAY PERIOD[...]
REVIEW Paper, producing the an item SCI-Greene PRC (wh[...]
mistakenly been dated January, 2000, instead of for January, [...]
of the January, 2000, SCI-Camp Hill PRC Review Paper, which is [...]
the Plaintiff needed/needs. Plaintiff also discovered upon rev[...]
the copies of the discovery papers/materials, which counsel [...]
Defendants had faxed to Mr. Davis, had the words of Plai[...]
November 30, 1999, Letter/Request to Executive Deputy Secre[...]
cut off at the sides and at the bottom of pages and that [...]
for the Defendants had failed to produce page-t[...]
Plaintiff's November 28, 1999, Inmate Request Form to D[...]
Deputy Falakovich. Plaintiff then there advised Mr. Da[...]
the above problems with the Discovery Materials/Papers [...]
& asked him to contact Counsel for the Defendants and [...]
problems correct & all discovery produced by the end of th[...]
however, such was not done, despite Mr. Davis promise to this Plain[...]
Based upon the above & [...] foregoing facts, Plaintiff att[...]

B. DEFENDANTS FAILED TO STATE IN THEIR RESPONSE
TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS
WHETHER THEY WOULD OR WOULD NOT PROVIDE EXECUTIVE
DEPUTY SECRETARY BEARD'S RESPONSE TO PLAINTIFF'S
LETTER TO HIM IN VIOLATION OF FED. R. CIV. P. 34(b).

In his Plaintiff's Third Request For Reduction Of Documents, at Paragraph N, Plaintiff requests/states:

" Any and all letters which the Plaintiff wrote and sent to Executive Deputy Secretary of Corrections Beard and/or to Deputy Secretary of Corrections William Love, concerning the denial of his own personal law books and religious materials showers and outside exercise in the SCI-Camphill RHU and/or about excessive heat poor ventilation problems in the RHU and/or about the plexiglass shield being placed over the plaintiff's cell door, back in November and/or December 1999 and the written replies sent to this inmate/plaintiff on each of such letters."

On June 1, 2001, Defendants responded to such & stated as follows:

" <u>Response:</u> Defendants will produce plaintiff's written request to Beard, secretary of corrections. No letters to Love from plaintiff were found."

In the first place, plaintiff's letter/request was written & sent to DR. Jeffrey A. Beard, Executive Deputy Secretary of corrections not to Beard, Secretary of Corrections, as Defendants stated and, second of all, because such response fails to state whether Defendants will produce for inspection, Beard's response to such /request to him from plaintiff, and thus, Defendants have violated the of Fed. R. Civ. P. 34(b), which state/require:

" i) The party upon whom the request is served shall serve a written response within 30 days after service of the request. - - - - - - 'The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated."

C.  DEFENDANTS' OBJECTION, ON THE CLAIM OF
PRIVILEGE, TO PLAINTIFF'S Interrogatory No.18 OF
PLAINTIFF'S SECOND SET OF INTERROGATORIES FOR
THE PRESENT LOCATION AND FULL PRISON ADDRESS
OF INMATE ROBERT ADAMS #CQ-2185, IS
CONTRARY TO THE LAW OF PRIVILEGES.

In his second set of Interrogatories, Interrogatory No.18 Plaintiff a
"what is the present location and full prison address of Inmate Robert Adams?

In their Response to Plaintiff's Second Set of Interroga
herein this case, Defendants object to Plaintiff's above-referenc
Interrogatory No.18, based on a claim of privilege, however
Defendants do so in a generalized fashion and they fail to s
and/or explain why or how such information is privileged.

Under federal law regard privileges the mere assertion
information is "confidential" establishes no privilege enforceable is t
Court. See Nguyen Da Yen v Kissinger, 528 F.2d 1194 (9th Cir. 1975); Ma
United States, 351 F.2d 794, 795 (D.C.-Cir. 1965); Martin v Lambl
143 (W.D.N.Y. 1988) and cases cited. Nor may privileges be as
in a generalized fashion. Documents or information clai
to be privileged must be specifically designated and descri
Fed-R-Civ.P. 26(b)(5). See also Kerr v United States District Cou
192, 198-99 (9th Cir. 1975), aff'd. 426 U.S. 394, 96 S. Ct. 2119 (1976); Euro
Corp. v Hartford Accident and Indemnity Co., 136 F.R.D. 179, 182
(E.D. Cal. 1991) and cases cited.

The government privilege is also subject to procedural req
It must be formally asserted and supported with specific fac
allegations. See United States v Reynolds, 345 U.S. 1, 78, 73 S
(1953); Miller v Pancucci, 141 F.R.D. 292, 300-01 (C.D. Cal. 1992) and
Mobil Oil Corp. v Dept of Energy, 102 F.R.D. 1, 5-6 (N.D. N.Y. 1983); Carter v C
9, 10-11 (D.D.C. 1973). Furthermore an improperly asserted claim of privilege is
Black v Sheraton Corp. of America, 371 F.Supp. 97, 101 (D.D.C.

Plaintiff's Second Set Of Interrogatories, is asserted by Defendant in a generalized fashion, is not specifically designated and described and such is not supported with specific factual allegations and thus such asserted claim of privilege is improperly asserted by the defendants, herein, thus, constituting a claim of privilege, and given such, Defendants should, by law, be compelled to provide an answer in full to Plaintiff's Interrogatory of his Second Set of Interrogatories, herein this case sub Judice.

Furthermore, the governmental privilege does not cover everything that officials may want to keep secret; it is designed to protect "deliberative and decision making processes of government officials" and "investigative reports of an administrative agency to the extent that they reflect advisory rather than factual material." See Kinoy v. Mitchell, 67 F.R.D. 1, 10-11 (S.D.N.Y. 1975)(footnote omitted) accord Kelly v. of San Jose, 114 F.R.D. 653, 658-59 (N.D. Cal. 1987).

Plaintiff avers & submits, that, herein this case sub Judice, the information which he has requested from the requested from the Defendants in Interrogatory No. is of his Second Set of Interrogatories, do "not" seek any information which contains "deliberative and decision making processes of government officials" and/or "investigative reports of administrative agency to the extent that they reflect advisory rather factual material and thus Plaintiff's motion to compel, must, by law, be granted, herein this case sub Judice.

D. THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE.

Rule 26, Fed. R. Civ. P., permits discovery of matters "relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears, or that reasonably could lead to other matter that could bear on, any issue that or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978) (footnote omitted) accord Weiss v. Amoco Oil Co., 142 F.R.D.

Discovery requests should be allowed unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." La Chemise La Coste V. Alligator Co., Inc., 60 FRD 164, 171 (D. Del. 1973); Nash V. Thalke, 743 F.Supp. 1306 (W.D.

Each document sought by the Plaintiff is relevant to the claims and defenses in this case, as is the information sought by Interrogatory No. 18 of Plaintiff's Second Set of Interrogatories. And each of such is relevant & necessary to prove the allegations of his complaint and/or is necessary to enable the plaintiff to file his Brief in Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support and to enable him to counter and adequately and effectively defend against such Summary Judgment motion. Additionally, the information sought by Interrogatory No. 18 of Plaintiff's Second Set of Interrogatories is the present location and full prison address of Inmate Robert Adams, #CQ-2185, which is necessary and relevant to the claims and defenses in this here Civil Rights Action, because and due to the fact that Inmate Robert Adams is a witness to and can give relevant testimony pertaining to the factual allegations and claims of this Plaintiff's Initial and Amended complaints, here in this case sub judice. Obviously, Plaintiff needs to be provided with the present location and full address of Inmate Robert Adams #CQ-2185, in order to know his whereabouts to call him as a witness at any hearing and at the trial in this case:

(W)HEREFORE, based on the foregoing Facts, arguments and citations of authorities herein, this Plaintiff should get the Plaintiff's Motion Authorities herein, this Plaintiff should get the Plaintiff's Motion in Full, Order Counsel for the Defendants to produce the originals of the documents for Plaintiff's review.    (S)

RESPECTFULLY SUBMITTED,
John Richard
MR. JOHN RICHARD
#BQ-3219
SCI-Greene SMU
175 Progress Drive
Waynesburg, PA 15

Dated: 21st JUNE 2001=

Page: - One -

From The Desk Of -
MR. JOHN RICHARD JAE,
SCI - Greene/BMU
175 Progress Drive
Waynesburg, PA - 15370 - 8089
June 10, 2001

To: Mr. Michael L. Harvey, SDAG
OFFICE Of The Attorney General Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA - 17120

Re: Jae VS. Kyler, et al.,
CIVIL NO. 1: CV-00-635

Dear Mr. Harvey:
I received Defendants' Response To Plaintiff's

Third Request For Production Of Documents and Defendants'
Response To Plaintiff's Second Set Of Interrogatories in
the above-captioned Civil Rights Action on June 4, 2001, and
Immediately wrote a Request Slip to the Superintendents
Assistant Ms. Sharon L. D'Eletto on such same date, requesting
that she make arrangements for me to inspect the documents
in my Third Request For Production Of Documents, as you had told me to
do, on p. 2 of Defendants' Response, and I sent such to her in the
Institutional mail on the next morning. On June 6, 2001, MR. Dan D.
Administrative Assistant here responded back to me on my 6-11-01 Request
to Ms. D'Eletto and stated:

        "Mr. Jae, No such letter was received requesting
          that you are to inspect documents",

and refusing to produce such documents for my Inspection,
thus, interfering with discovery in the above-captioned case.

        Mr. Harvey, I now write & send you this letter to request
as soon as you receive it you call down here - SCI - Greene &
speak with Ms. D'Eletto or Mr. Davis here & get this discovery
problem straightened out & see to it that the Documents be
produced for my Inspection & copying by Friday, June 15,

MR. Michael L. Harvey, SDAG
June 10, 2001
page two

I now also advise you informally herein writing that
if I do not receive the documents requested in my Plaintiff's
Third Request For Production of Documents, by Friday,
June 15, 2001, for my inspection thereof the same,
and if the other two problems mentioned in the enclosed
Motion To Compel Discovery and Brief In Support are not
corrected by Friday, June 15, 2001, on Monday June 18,
I will file the originals of the enclosed Motion To Compel Discovery
and Brief In Support, with the Court, in this case and you know
what that means, when the court grants such to me any Motion To Compel
Discovery, you will have to provide such to me anyhow
and will also have to pay me my costs for having
to file & serve such again, herein, so please, why don't
you cooperate for once & lets try & resolve these
discovery disputes/problems informally without the court's
intervention & order, which will only cause unnecessary
delay in these proceedings.

I request your immediate reply back to me on this
letter in writing as soon as you receive such from me.
your prompt consideration and response on this, too,
will be appreciated, as is requested, herein.

Sincerely,
John R. Pchano
#BQ-5319
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA-15