From the Desk of:
Mr. John Richard Joe,
#BQ-3219
S.C.I.-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-8089

June 22, 2001

FILED
HARRISBURG, PA
Jul 9, 2001
MARY E. D'ANDREA, CLERK
Per _____

To: Mr. Michael L. Harvey, SDAG
Office of the Attorney General of Pennsylvania
15th Floor - Strawberry Square
Harrisburg, PA. 17120

Re: Joe vs. Kyler, et al.,
Civil No. 1: CV-00-0315

RECEIVED
JUN 27 2001
PER 918
HARRISBURG, PA.  DEPUTY CLERK

Dear Mr. Harvey:
    Enclosed please find the corrected pages – 3 – & 7 – for Plaintiff's Brief In Support Of Motion To Compel, which I sent your copy of on June 1, 2001.
    Please attach these pages to such Brief & disregard old pages – 3 – & 7 – of such Brief.
    Be advised that due to facts of your game playing & sending me the proper nor all of the discovery materials requested in Third Request For Production of Documents, I am filing third with the Court on June 22, 2001.
    Also Enclosed, please find your copies of Plaintiff's Brief In Reply To Defendants' Memorandum In Opposition to Motion To Correspond With Another Inmate and Amended Stay And Amended Brief In Support, which I am filing with Court on June 22, 2001.

                                Sincerely,
                        (S) ___John Richard Joe___
                            Mr. John Richard Joe
                            Plaintiff and Pro Se Counsel

CC: Plaintiff's File
    Civil No. 1: CV-00-0315

On June 11, 2001, Plaintiff wrote & sent a letter to counsel for the Defendants, herein, Senior Deputy Attorney General Michael [...] therein writing, advising him of this problem with discovery [...] produced and requesting that he rectify such with an immediate phone call to the Superintendent's Assistant Ms. Strigal, [...] to Mr. Dan Davis here at SCI-Greene and that he resolve the [...] dispute problem and see to it that I am provided with the [...] [...] Plaintiff's Third Request for Production of Documents by Friday, [...] but Defendants' counsel has not replied to such letter & no documents were [...] for Plaintiff's inspection by Friday, June 15, 2001.

On June 19, 2001, Dan Davis, SCI-Greene Administrative Assistant, brought down a packet of discovery materials [...] he stated Defendants' counsel had faxed him for my inspection.

Upon reviewing these discovery materials, Plaintiff [...] that counsel for the Defendants had failed to provide [...] December, 1999, & February & March, 2000, DC-141 PART III 30 [...] PRC REVIEW PAPERS, and Executive Deputy Secretary of [...] Brand's written response to Plaintiff's November 30, 1999, [...] to him, and that counsel for the Defendants had provided [...] the [blacked out] wrong January, 2000, DC-141 PART III 30 DAY PERIOD REVIEW PAPERS, producing them from SCI-Greene DPR [...] [...] likely be [...] dated January, 2000, [...] [...] the January, 2000, SCI-Camp Hill PRC Review Papers, which [...] the Plaintiff [...] need. Plaintiff also reviewed [...] the copies of the discovery papers/materials which counsel [...] Defendants had faxed to Mr. Davis, had the words [...] November 30, 1999, Letter/Response to Executive Deputy [...] cutoff at the sides and at the bottom of pages, and that [...] for the Defendants had failed to produce [...] Plaintiff's November 23, 1999, Inmate Request [...] Deputy Kilmartin. Plaintiff [...] the above-problems with the Discovery Materials [...] [...] [...] [...] [...] [...] [...] [...] [...] [...] [...] [...]
Based upon these issues [blacked out] [...] informally [...] [...]

... discovery requests should be allowed unless it is clear that the information sought can have no possible bearing upon the subject of the action." La Chemise LaCoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973); Nash v. Thielke, 743 F. Supp. 1306 (E.D. Wis. ...

Each document sought by the Plaintiff is relevant to the claims and defenses in this case, as is the information sought by Interrogatory No. 18 of Plaintiff's Second Set of Interrogatories, and each of such is relevant & necessary to prove the allegations of his complaint and/or is necessary to enable the Plaintiff to file his Brief in Opposition to Defendants' Motion for Summary Judgment and Memorandum In Support and to enable him to counter adequately and effectively defend against such Summary Judgment motion. Additionally, the information sought by Interrogatory No. 18 of Plaintiff's Second Set of Interrogatories is the present location and full prison address of Inmate Robert Adams, #CQ-3185, which is necessary and relevant to the claims and defenses in this here Civil Rights Action because of the fact that Inmate Robert Adams is a witness and can give relevant testimony pertaining to the facts, allegations and claims of this Plaintiff in this civil rights complaints here in this case sub judice. Obviously Plaintiff needs to be provided with the present location and address of Inmate Robert Adams #CQ-3185, to ascertain his whereabouts to call him as a witness at any and at the trial in this case.

(W)HEREFORE, based on the foregoing facts, arguments of authorities herein, this Plaintiff should gain the Plaintiff's ... in full, further order for the Defendants to produce the original of the documents for Plaintiff's review.     (S) _____

MR. JOHN RICH...
#BE-5219
SCI-Greene ...
175 Progress Dr...
Waynesburg, PA...

Dated: 21st JUNE 2001