**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

    Plaintiff

v.                              No.  1:CV-00-0315

KENNETH D. KYLER, individually, and    (Judge Rambo)
in his official capacity, et al.,

                                  (Magistrate Judge Smyser)

    Defendants

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DIRECT PLAINTIFF TO SERVE DOCUMENTS UPON DEFENSE COUNSEL

### STATEMENT OF THE CASE

This is a civil rights action brought by a prisoner currently incarcerated at SCI-Greene. Plaintiff is John Richard Jae. Defendants are various officials and employees of SCI-Camp Hill. Plaintiff alleges violations of the First, Eighth and Fourteenth Amendments, as well as, state law claims in connection with his confinement in the Restricted Housing Unit. Specifically he asserts that he was denied legal materials and religious literature, that he was denied showers and exercise and that he had been subjected to poor ventilation and excessive heat in his cell.

Defendants filed and briefed a motion for summary judgment which has been pending since December. Plaintiff's obligation to respond to the motion was stayed to permit him to conduct further discovery. Plaintiff was granted until June 11, 2001, to complete discovery.

On April 25, 2001, counsel for defendants received a third request for production of documents from the plaintiff. After obtaining an enlargement of time, defendants served a response to plaintiff's document request on June 1, 2001. The same day, this counsel sent the documents to be disclosed to the assistant to the superintendent at SCI-Greene. Instructions had been given to plaintiff to contact the assistant to the superintendent to examine the documents.

On June 13, 2001, counsel received a letter from the plaintiff which stated that plaintiff had made the request to review the documents and had received a response saying that no documents or instructions were ever received from this counsel. Attached to the letter was a proposed motion to compel and supporting brief. Plaintiff stated in the letter that if he did not have the opportunity to review the documents by June 15, 2001, he would send the motion and brief to the court.

This counsel immediately investigated plaintiff's allegations and discovered that somehow the documents sent to SCI-Greene had been mislaid. Copies of the documents were again sent to SCI-Greene on June 15, 2001. Dan Davis, the

litigation coordinator for SCI-Greene, informed this counsel that Jae reviewed the documents on June 18, 2001, and, except for one omission, was satisfied with the documents produced. Mr. Davis' comments led this counsel to believe that plaintiff would not be filing a motion to compel even though the documents were not produced by his deadline of June 15, 2001.

In preparing other papers in this case, counsel checked the docket for this action and discovered several documents filed by the plaintiff which had not been served upon counsel. These documents are:

(1) Document 126, Motion by plaintiff Jae to Compel discovery, received 6/27/01;
(2) Document 127, Brief by plaintiff Jae in support of motion to compel discovery, received 6/27/01;
(3) Document 128, Amended motion with brief in support by plaintiff Jae to stay, received on 6/27/01;
(4) Document 129, Affidavit of Norman Johnson unsigned, received on 6/27/01;
(5) Document 130, Reply brief by plaintiff Jae in support of motion for an order requiring defendant Dragovich and SCI-Greene superintendent to permit plaintiff to communicate and write to inmate Norman Johnston at SCI-Camp Hill, received on 6/27/01;
(6) Document 134, Letter to Michael Harvey from plaintiff regarding corrected pages 3 and 7 of brief in support of motion to compel, received 7/9/01.

It is possible that the motion to compel and supporting brief (Documents 126 and 127) are identical to the motion and brief which this counsel received on June 13, 2001. Counsel has no way of knowing whether these documents are the same, however, especially since plaintiff's principle concern - - defendants' failure to

produce documents - - has been resolved.

## ARGUMENT

Fed.R.Civ.P. 5(a) requires that papers filed with the Court "be served on each of the parties." Plaintiff has failed to serve six documents filed with the Court upon this counsel. These documents include motions with briefs to which defendants cannot respond until they are able to obtain copies. Under local rules, parties' obligation to respond to motions is counted from the date upon which the supporting brief is served.

For the foregoing reasons, this Court should order plaintiff to serve these six documents upon counsel for defendants.

          **Respectfully submitted,**

          **D. MICHAEL FISHER**
          Attorney General

BY: _/s/ Michael L. Harvey_
          MICHAEL L. HARVEY
          Senior Deputy Attorney General

          SUSAN J. FORNEY
          Chief Deputy Attorney General
          Chief, Litigation Section

**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**PHONE: (717) 783-6896**
**FAX: (717) 772-4526**
**DATE: July 13, 2001**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

    Plaintiff

v.                                 No. 1:CV-00-0315

KENNETH D. KYLER, individually, and   (Judge Rambo)
in his official capacity, et al.,

                                        (Magistrate Judge Smyser)

    Defendants

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served a copy of the foregoing document by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

 

_____
MICHAEL L. HARVEY
SENIOR DEPUTY ATTORNEY GENERAL

**DATE: July 13, 2001**