UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : CIVIL NO: 1:CV-00-0315 |
| Plaintiff, | : |
| | : (Judge Rambo) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| KENNETH K. KYLER, | : |
| JOHN A. PALAKOVICH, | : |
| WILLIAM J. RHOADES, | : |
| MARTIN DRAGNOVICH, | : |
| OFFICER RUBENDALL, and | : |
| OFFICER RAGER, | : |
| Defendants | : |

FILED
HARRISBURG, PA

JUL 19 2001

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

<u>ORDER</u>

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action in the Court of Common Pleas of Cumberland County, Pennsylvania. In a complaint and amended complaint, the plaintiff claims that defendants Kyler, Palakovich, Rhoades and Dragnovich violated his constitutional rights and Pennsylvania Department of Corrections regulations by confiscating his personal law books and religious materials, by denying him showers and outside exercise and by subjecting him to excessive heat and poor ventilation.

AO 72A
(Rev.8/82)

On February 22, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich removed the case to this court. On March 7, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich filed an answer to the plaintiff's complaint and amended complaint.

On July 17, 2000, the plaintiff filed a supplemental complaint adding defendants Rubendall and Rager. The plaintiff claims that defendants Rubendall and Rager failed to return to him his personal, religious and legal materials despite orders by Drs. Laskey and Clark and defendants Dragnovich and Palakovich that the plaintiff's property be returned to him.

On August 28, 2000, the defendants filed an answer to the plaintiff's supplemental complaint.

There are a number of motions pending in this case: 1) defendants' motion for summary judgment (doc. 53); 2) plaintiff's motion for an order requiring defendants to permit him to communicate with inmate Norman Johnston (doc.

2

115); 3) plaintiff's motion to strike documents supporting the defendants' motion for summary judgment (doc. 116); 3) plaintiff's motion to stay (doc. 117); 4) plaintiff's motion for an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines (doc. 119); 5) plaintiff's motion to compel discovery (doc. 126); 6) plaintiff's amended motion for stay (doc. 128); and 7) defendants' motion for an order directing the plaintiff to serve documents on defense counsel (doc. 137).

We will begin by addressing the last of these motions - the defendants' motion for an order directing the plaintiff to serve documents on defense counsel. The defendants contend that the plaintiff did not serve the following documents on them: 1) plaintiff's motion to compel discovery (doc. 126); 2) plaintiff's brief in support of his motion to compel discovery (doc. 127); 3) plaintiff's amended motion for stay (doc. 128); 4) a proposed declaration for Norman Johnston to sign (doc. 129); 5) plaintiff's reply brief in support of his motion for

3

an order requiring defendants to permit him to communicate with inmate Norman Johnston (doc. 130); and 6) a copy of a letter addressed to Michael Harvey (doc. 134).

The plaintiff filed a certificate of service indicating that on June 22, 2001 he served documents numbered 126, 127, 128 and 130 on defense counsel. *See Certificate of Service attached to Doc. 126.*

In order to move this case along, rather than becoming involved in deciding the question whether the documents where in fact served on defendants we will direct the Clerk of Court to send copies of documents numbered 126, 127, 128, 129, 130 and 134 to defendants' counsel along with a copy of this Order. The defendants will be ordered to file a brief in opposition to the plaintiff's motion to compel on or before August 6, 2001.

Next, we will address the plaintiff's motion to strike the documents in support of the defendants' motion for summary judgment.

4

The plaintiff argues that the documents submitted by the defendants in support of their motion for summary judgment should be stricken because they are not sworn or certified as required by Fed.R.Civ.P. 56(e). The documents submitted by the defendants are: 1) an unsworn declaration, filed under the penalty of perjury, of Ben C. Livingood and documents attached to that declaration which Livingood has stated are true and correct copies of prison documents; 2) docket entries in *Jae v. Laskey*, 1:99-CV-1610; and 3) an order filed July 19, 2000 in *Jae v. Laskey*; 1:99-CV-1610.

Fed.R.Civ.P. 56(e) provides, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Pursuant to 28 U.S.C. §1746, unsworn declarations made under penalty of perjury have the same force and effect of affidavits and may be submitted in lieu of affidavits.

5

Livingood's declaration is a declaration made under penalty of perjury. The declaration is made on personal knowledge, sets forth facts that would be admissible in evidence and shows affirmatively that Livingood is competent to testify to the matters stated in the declaration. Livingood has authenticated that documents attached to his declaration and those documents would be admissible under Fed.R.Evid. 803(6) as records of regularly conducted activity.

This court may take judicial notice of the docket entries in *Jae v. Laskey*, 1:99-CV-1610 and the order filed July 19, 2000 in that case. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983)(court may take judicial notice of its own documents and records), *cert denied*, 461 U.S. 960 (1983).

The plaintiff also contends that the arguments raised in Parts I and II of the defendants' brief in support of their motion for summary judgment should be stricken because they were not raised in a motion to dismiss. In Parts I and II of

6

their brief in support of their motion for summary judgment, the defendants argue the plaintiff's claims must be dismissed because the plaintiff failed to exhaust administrative remedies and because the plaintiff failed to establish a cause of action for which relief can be granted. They are proper summary judgment arguments. Even if we were to construe the defendants' arguments as a defense that the complaint fails to state a claim upon which relief can be granted, the defendants have not waived that defense. A defense of failure to state a claim upon which relief can be granted may be made up to and including the time of trial - although a motion for judgment on the pleading rather than a summary judgment motion would technically be the proper procedure to raise the defense prior to trial and after an answer has been filed. See Fed.R.Civ.P. 12(h)(2).

The plaintiff's motion to strike will be denied.

Next, we will address the plaintiff's motion for a stay and the plaintiff's amended motion for a stay. In his motion

7

for a stay, the plaintiff requested an extension of time until July 18, 2001 to file his brief in opposition to the defendants' motion for summary judgment. The defendants filed a response to the motion indicating that in light of the need for the court to address other pending motions they do not oppose the motion. We will deny the plaintiff's motion since the July 18th date has already passed. In his amended motion for a stay, the plaintiff requests an extension of time until August 1, 2001 to file his brief in opposition to the defendants' motion for summary judgment. In light of the need for the court to address other pending motions which may affect the plaintiff's response to the defendants' motion for summary judgment we will grant an extension until August 1, 2001 for the plaintiff to respond to the defendants' motion for summary judgment.

One of the pending motions in this case is the plaintiff's motion for an order allowing him to communicate with inmate Norman Johnston. The plaintiff wants to communicate with Johnston in order to get Johnston to sign a

8

declaration that the plaintiff wants to use in opposing the defendants' motion for summary judgment. The defendants opposed the plaintiff's motion in part on the ground that the plaintiff had not specified what information he was seeking from Johnston. In connection with his reply brief in support of his motion, the plaintiff has presented the declaration that he is seeking to send to Johnston for his signature. The defendants will be ordered to file a sur-reply brief setting forth their position on allowing the plaintiff to send the proposed declaration to inmate Johnston.

AND NOW, this 19th day of July, 2001, **IT IS HEREBY ORDERED** that the defendants' motion (doc. 137) for the plaintiff to serve documents is **DENIED** but the Clerk of Court is directed to send copies of documents numbered 126, 127, 128, 129, 130 and 134 to defendants' counsel along with a copy of this Order. The defendants shall file a brief in opposition to the plaintiff's motion to compel (doc. 126) on or before August 6, 2001. **IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 116) to strike is **DENIED** and that the plaintiff's motion

9

(doc. 117) to stay is **DENIED AS MOOT**. The plaintiff's amended motion (doc. 128) to stay is **GRANTED** to the extent that the plaintiff is granted an extension of time until August 1, 2001 to file his response to the defendants' motion for summary judgment. **IT IS ALSO ORDERED** that, on or before August 6, 2001, the defendants shall file a sur-reply brief in connection with the plaintiff's motion for an order allowing him to communicate with inmate Johnston.

J. Andrew Smyser
Magistrate Judge

Dated: July   2001.

10

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

July 19, 2001

Re:  1:00-cv-00315    Jae v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA  15370

— w - attachments

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA  17120

#126, #127, #128, #129 & #130 & #134
copies sent 7/20/01
wh

Susan J. Forney, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA  17120

```
cc:
Judge                         ( )            ( ) Pro Se Law Clerk
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )   with N/C attached to complt. and served by:
                                      U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )   with Petition attached & mailed certified mail
                                      to: US Atty Gen ( )   PA Atty Gen ( )
```

```
                                    DA of County   ( )   Respondents ( )
Bankruptcy Court          ( )
Other_____( )
                                            MARY E. D'ANDREA, Clerk


    DATE:  ____7/19/01____        BY:  ____/s/_____
                                            Deputy Clerk
```

Case 1:00-cv-00315-SHR   Document 140   Filed 07/19/2001   Page 12 of 12