!Please file in case!!  copy (14)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDGE'S COPY

JOHN RICHARD JAE,
   Plaintiff,

vs.                                    CIVIL NO. 1:CV-00-

KENNETH D. KYLER, et al.,              Judge Rambo
   Defendants.                         Magistrate Judge Smyser

FILED
HARRISBURG
JUL 27 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR COURT ORDER REQUIRING PRISON OFFICIALS TO RETURN PLAINTIFF'S LEGAL MATERIALS AND PROVIDE HIM WITH WRITING PAPER

I. COUNTER-STATEMENT OF FACTS

DC-ADM-803, nor any other written policy of the Pennsylvania Department of Corrections nor written SCI-Greene nor Special Management Policy, which has been provided to inmates such as this Plaintiff, require any inmate, including this Plaintiff, to request the Superintendent to approve requests for additional paper and/or carbon paper. DC-ADM #803.VI.C.1.d.(2), specifically states: "a packet of fifty sheets of clean paper and five sheets of carbon paper. Paper must be 8 1/2 x 11 inches in size. Should the quantity of paper or carbon paper prove to be insufficient, the inmate may submit a request for more additional packet per month." Nowhere in the relevant portion(s) of DC-ADM #803, as attached to the Defendants' Brief in Opposition, is the word "superintendent" even used or mentioned. The librarian was authorized to provide this Plaintiff with

additional sheets of paper and carbon paper on April 24, 2001. Plaintiff did not throw medication at a staff member on May 2, 2001, but rather on May 1, 2001. On May 2, 2001, a prison psych patnrc stated that Plaintiff was not in danger of hurting himself, but was trying to manipulate staff and Plaintiff was not denied his legal property from May 2, 2001 - May 9, 2001, and DC-ADM #801-- to prevent him from hurting himself nor any other written Pa. DOC, SCI-Greene or SMU Prison Policy, which has been provided to Inmates, such as this Plaintiff, require an Inmate to behave and demonstrate appropriate behavior in order to be allowed to retain his one (1) records center box of legal and/or religious materials which he is permitted to have in his full SMU cell under DC-ADM #801-VI.M.5.b.

Is there any Pa. DOC, SCI-Greene non-SMU Unit Policy, which has been provided to Inmates, such as this Plaintiff, which allows the SMU Unit Manager to prohibit any SMU Inmate, such as this Plaintiff, from having any of his own property in his cell, including legal materials and to withhold such to curb the Inmate-Plaintiff's behavior. Plaintiff Joe did not accept nor agree to the behavior management plan developed by staff at the meeting on May 8, 2001.

Although Plaintiff Joe did in fact go through his stored property on May 22, 2001, for an hour, he has (7) seven boxes of property here and he was shown

to go through all seven(7) of such boxes on May 2[?], 2001, and, as a consequence, was unable to la[...] the necessary legal papers he need to prepare [...] petition for writ of certiorari to the U.S. S[upreme] court then and this is why he requested the additional 1 hour and 15 minutes with his pape[rs] on May 30, 2001, from his Unit Manager Mr. Ca[pozza]

While it is true that DC-ADM ~~####~~ #801 [...] (Not DC-ADM 803), allows an inmate, such as t[he] Plaintiff to exchange legal and religious mater[ials] not more than once every thirty days, except upon spec[ial] approval, here at SCI-Greene SMU, the SMU Prope[rty] officers assigned to inmate property, are 1/2 [not] following the above-policy here as they are legal[ly] required to do, as they do "not" permit this Plaintiff nor other SMU Inmates to go to the[ir] stored property and exchange their legal and/or religi[ous] materials once every thirty days here as required by D[C] ADM-#801-VI-M-5-" Plaintiff Doe has no money to purchase legal envelopes, as his prison account is $57.35 in the red/hole.

## II. ARGUMENTS

Defendants claim &argue that:

The order requested by Doe is improper for two reasons. First, the relief sought by Doe is not authorized by the All Writs Act.

1/ See Plaintiff Doe's Affidavit, Attached hereto as Pla[intiff's] Exhibit-A, see also Murray Affidavit attached he[reto...]

It appears the reason Jae seeks this relief is to prepare a writ of certiorari to be filed with the Supreme Court and not to prepare filings in this case. To the extent Jae seeks to obtain relief to allow him to pursue other matters not before this Court, the order sought would not be "necessary or appropriate in aid of [this Court's] respective jurisdiction." In his motion, Jae contends that "he is unable to meet all three of these court deadlines" due to his inability to gain access to his materials in storage. In Jae's request to Mr. Capozza (Capozza Declaration, Exhibit D), Jae states that he needs access to his boxes only to prepare a petition for certiorari. Nothing in his request suggests that he needs to gain access to his stored property in order to pursue this litigation. Certainly, in view of Jae's numerous filings in this case, it appears that he has not been prevented from pursuing his claim here. Therefore, as an initial matter, because Jae does not clearly state that he is complaining about his inability to pursue this matter, this court does not have the authority under the All Writs Act to provide the relief plaintiff seeks. 1/ 2/

---

2/ See Defendants' Brief In Opposition To Plaintiff's Motion For Court Order Requiring Prison Officials To Return Plaintiff's Legal Materials And Provide Him With Writing Materials

By way of reply to such claim/argument, Plaintiff avers & argues that, contrary to what Defendants claim & argue, the order requested by Plaintiff Jue is "not" inappropriate, as the relief sought by Plaintiff Jue "is" authorized by the All Writs Act & the reason that the Plaintiff seeks the reliefs, not only to prepare a writ of certiorari be filed with the Supreme Court, but also to prepare his Brief In Opposition to Defendants' Motion for Summary Judgment And Brief In Support, herein the case sub judice as well & the Plaintiff "does base" this in his Motion For Order of Court Requiring SCI-Greene Prison Officials to Return to the Plaintiff All His Legal Materials, Court Case Files And Law Books And to Provide Him With Envelopes Paper, Carbon Paper And Envelopes to Enable him to meet court Deadlines, Inter Alia, Petition For Writ of Mandamus And Brief In Support, etc., and thus, the Order sought would be "necessary & appropriate in aid of [this court's] respective jurisdiction & "is" authorized by the All Writs Act see: Commonwealth of Pennsylvania v. Porter, F.2d 306,325 (1981). Furthermore, while it is true that this Plaintiff, in his May 30, 2001 Request to his SMU Unit Manager Capozza, did only state that he needed access to his stored paper to find the papers necessary to prepare his petition for writ of certiorari & did not

also state in such 5-30-01 request, that
also needed access to find & retrieve papers
from such stored property to prepare his B
In opposition to Defendants' motion for Summ
Judgment, herein this instant case, the Pl
do so because he figured if he got gener
access to his stored property to search fo
the papers he needed for his petition for w
of certiorari in the Supreme Court, that while
was looking for such papers he'd also lo
for the papers which he also needed for h
Brief in opposition to Defendants' motion
Summary Judgment, herein this instant ca
so it was not necessary for him to state n
mention both of such in his 5-30-01 Req
and just because this Plaintiff has filed nu
other pleadings herein this does not necess
automatically mean that he has all of the
necessary papers from his stored property,
enough paper, carbon paper and/or envelo
to enable him to prepare and file his brief
opposition to Defendants' motion for Summary Ju
herein this case and finally just because this
Plaintiff does not clearly state, in his motion, tha
he does not have access to his stored proper
locate & retrieve papers which he needs to pre
a pleading in this case, although he does m
such in his motion, such does not mean that h

court does not have the authority under the All Writs Act to provide the relief plaintiff seeks; the court is legally required under the constitution & federal law in this Circuit and in the U.S. Supreme Court to construe this pro se plaintiff's pleadings liberally and not hold such to stringent standards as it would formal pleadings drafted by a lawyer & Defendants' arguments here are specious & legally frivolous.

Defendants next claim & argue, that:
More importantly, this court intervention is not required because Joe's opportunity to pursue his claim in this court hasn't been unreasonably burden by SCI-Greene officials.[3]

However, in reply to such, the plaintiff avers & argues given the facts, arguments & citations of authority of his Motion for Order of Court Requiring SCI-Greene Prison Officials to Return to this Plaintiff All His Legal Materials, Court Files And Law Books And to Provide Him With Enough Paper, Carbon Paper And Envelopes to Enable Him to Meet Court Deadlines Also Petition For Writ Of Mandamus And Brief In Support, also upon that herein this Reply Brief of Supp., and that plaintiff Joe's opportunity to pursue his claims in the

---

3/ See Defendants' Brief In Opposition To Defendant's Motion For Court Order Requiring Prison Officials To Return Plaintiff's

Court "has" been and will be unreasonably burden SCI-Greene officials.

Defendants next claim & argue, that =

"The prison policies followed in this case are reasonably related to legitimate penological interests and should be upheld." [4]

However, by reply to such, the Plaintiff avers that Defendants do not state what are the legitimate penological interests that the prison policies in this case which are reasonably related to such, such are reasonably related to such and, by law, Court may not assume nor guess at such. And, Plaintiff avers that given what he states, and & sets forth in his motion, as well as herein reply brief, such prison policies are "not" related to legitimate penological interests, SCI-Greene staff do "not" follow nor enforce the prison policies at issue herein in full, thus, such should not be upheld.

Defendants next claims & argue that =

First, he claims he was denied sufficient paper and carbon paper. The record

[4]/ See Defendants' Brief in Oppose Plaintiff's Plaintiff's Motion for Court Order Requiring Prison Officials to Provide Plaintiff His Legal Materials And Provide Him With Writing Materials, at =

shows, however, that Joe was provided 50 sheets of paper and 5 sheets of carbon paper on April 18, 2001, May 21, 2001, and June 26, 2001. (Sebek Declaration, 6, Ex. 6, Exhibit C). He was denied a request for paper and carbon paper on April 24, 2001, because it exceeded his monthly allotment of paper free-of-charge. Joe could have sought authorization from the superintendent for additional paper (Sebek Dec., 3), or purchased paper with his own funds (Sebek Dec., 4). Under these circumstances, SCI-Camp Hill did not unreasonably deny Joe sufficient free paper and carbon paper to pursue the matter.

Joe also complains that he was not given large manila envelopes free-of-charge. He is entitled to 10 free regular legal envelopes per month, and may purchase manila envelopes with his own funds. (Sebek Dec., 4). This is also a reasonable accommodation of inmate legal needs. 5/

However, by way of reply to this, the plaintiff avers [illegible] that just because he was permitted 50 sheets of [illegible] 5/ (See Defendants' Brief in opposition to Plaintiff's [illegible] for Court order Requiring Prison Officials to R[illegible] Plaintiff's Legal Materials and Provide Him with Writ[illegible] Materials, at 9-10.

and 5 sheets of carbon paper on April 12, 2001, May 21, 2001, and June 26, 2001, does not necessarily mean that he now has sufficient paper and carbon paper to prepare his Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support, his Plaintiff's Declaration In Opposition To Defendants' Motion For Summary Judgment And Defendants' Statement of Undisputed Facts, Plaintiff's Statement of Disputed Material Facts and Affidavit of Plaintiff John Richard Doe, herein this case, when such is not.   Plaintiff avers & submits that, his Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support is 17 pages of argument in length and he needs three of such for a total of 51 pages of paper; that, his Plaintiff's Declaration In Opposition To Defendants' Motion For Summary Judgment And Defendants' Statement of Undisputed Facts is 5 pages in length and needs three of such for a total of 15 pages of paper; that, his Plaintiff's Statement of Disputed is 3 pages in length & plaintiff needs three of such for a total of 9 pages of paper; and that, the Affidavit of Plaintiff John Richard Doe is 11 pages in length & he needs three of such for a total of 33 pages of paper. Additionally, Plaintiff needs 3 pieces of paper for the cover sheet for his Appendix Exhibits, 3 pieces of paper for his certificate of service, 3 pieces of paper for his cover letter

to the Clerk of this court for a total of 8 pieces
paper. Additionally, Plaintiff avers & submits
that altogether he needs a total of 116 pieces
of paper in order to enable him to prepare h[is]
pleadings in opposition to Defendants Sum[mary]
Judgment Motion, here in this case.

Furthermore, the Plaintiff avers & submits t[hat]
he needs a total of 8    pieces of carbon paper
(2) two per pleading in order to enable him [to]
prepare such pleadings, here in this case[.]

Although this Plaintiff did receive 50 sheet[s]
of paper and 5 sheets of carbon paper on April
18, 2001, and on May 21, 2001, and on June 26[,]
such was an insufficient amount because [the]
Plaintiff had/has 12 active State & Federal c[ourt]
cases now and also back then.

Furthermore, plaintiff avers & argues that, [it]
was clearly in paper qu violative of DC-ADM#8[03]
col-d-(2) and e-? for the Acting Librarian sobe[l to]
deny his request for paper and carbon pap[er]
on April 24, 2001, because he had "not" excee[ded]
his monthly allotment of free paper and carb[on]
paper for April, 2001, as, DC-ADM #803 II. C[ol]
d-(2)-? which states, "Should the quantity of paper [or]
carbon provided prove to be insufficient the inm[ate]

submit a request for one more additional packet [per] month and, thus, Plaintiff was entitled to [a] packet of 50 sheets of paper and 5 sheets of carbon paper, which he requested on April [], 2001, by the very wording of DC-ADM. #803 VI-c-1-d-(2); and furthermore, there is nothing whatsoever anywhere at all in DC-ADM #803 VI-c-1-d-(2)-(a) or (e), nor any other Pa. Dept. of Corrections, SCI-Greene nor SMU written policy, as has been provided to inmates such as this Plaintiff, which requires Plaintiff [to] submit a request to the Superintendent [for] the additional legal packet of 50 sheets [of] paper and 5 sheets of carbon paper per month nor is the word Superintendent ever even mentioned nor used anywhere at all therein DC-ADM-#803-VI-c-1-; and, as a result [of] such, this plaintiff did "not" by the controll[ing] policy DC-ADM-#803-VI-c-1-; have to send [a] request to the Superintendent for additional paper and carbon paper per month and Sh[aron] Sebek, SCI-Greene Acting Librarian, "falsifies evidence in a deliberate & malicious attempt to mislead this court when she s[ays] such in Para. No.s 3 & 7, of her Unsworn Declaration, which Defendants offer in support of [their] Brief in Opposition. Furthermore, DC-ADM [#803] VI-c-1-; is the controlling policy in this and SCI-Gr[eene]

prison officials, including Sharon Sebek, Acting Librar[ian] must follow and have no authority to change s[uch] policy nor to create any new policy and, by law, prison officials may not enforce any prison policy pertaining to inmates unless such [policy is] in writing and provided to inmates.

Furthermore, plaintiff avers & argues that [the] Librarian Defendants "lie" when they state that "He is entitled to 10 free regular legal envelopes per month" as plaintiff is "not" entitled to or provided with 10 free regular legal envelopes per month, as he [is] only provided with 10 free small regular #10 Busine[ss] size white envelopes per month and further, plaintiff's prison inmate account presently has a negative balance of at least -$557.3[?] and there is no way this plaintiff may purcha[se] large manila legal size envelopes like he needs fr[om] the commissary here with his own funds, as it is clearly evident that he has no funds of his ow[n] with which to do so and the Defendants a[nd] the Acting Librarian, Sharon Sebek knowing [the] fact that this plaintiff is "not" provided with ten free regular legal envelopes per m[onth] and that this plaintiff has no funds (money) [of] his own with which to purchase legal envelope[s,] paper and carbon paper from the prison commi[ssary] with here, but they have't been to delibera[tely ...]

evidence here & defense counsel knows better than to do

Furthermore, in <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the U.S. Supreme Court, so held:

> Prison officials must assist inmates in the preparation and filing of meaningful legal papers . . . . (Bounds 430 U.S. at 828)
> * * * * * * * * * *
> It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. (Bounds 430 U.S. at 824-25).

Although, <u>Bounds v. Smith</u>, does not specifically state that prison officials are required to provide indigent inmates with large manila legal size envelopes per se, where, as herein, the indigent inmate-plaintiff states that the legal pleadings which he needs to file with the Court will not fit in a regular envelope and unless prison officials provide him with large manila legal envelopes, he will be unable to mail his legal pleadings to the County defense counsel and will then be denied access to the Courts under the 1st Amendment, such envelopes would be required to be provided free-of-charge under the 1st Amendment & <u>Bounds v. Smith</u>, supra.

Given the foregoing facts, arguments & citations of authorities, herein, supra, at 9-14, SCI-Greene prison officials' denial of large legal manila envelopes to this Plaintiff is "not" a reasonable accommodation of inmate legal needs and SCI-Greene prison officials should be required to provide Plaintiff with two (2) large manila legal envelopes to mail his summary judgment opposition pleadings to the Court and to defense counsel, herein, this case.

Finally, Plaintiff avers & argues, in reply to Defendants' claims arguments of pp. 10-11 of their Brief in Opposition to Plaintiff's Motion For Court Order Requiring Prison Officials To Return Plaintiff's Legal Materials And Provide Him With Writing Materials that, based upon what has already stated and set forth herein this Reply Brief, supra, at and based upon his facts, arguments and citations of authorities, as set therein his Motion For Order of Court Requiring SCI-Greene Prison Officials To Return To This Plaintiff ALL his legal materials, court case files, law books And To Provide Him With Enough Paper, Carbon Paper And Envelopes Enable Him To Meet Court Deadlines, Inter Alia Petition For Writ of Mandamus And Brief In Support, it was "not" a reasonable action to the Plaintiff all his legal materials in his cell from May 2, - May nor was it a reasonable action to deny Plaintiff access to his stored legal just because he had previously spent an hour going thru such on and while it might be otherwise reasonable to limit Plaintiff to going his stored property to normally once every 30 days given the burden on staff limiting such in this instance was "not" a reasonable action given the officers assigned to do SMU inmates' property here do not follow DOC Policy SMU inmates to go thru their stored property here even once every 30 days w

(s) _Mr. John Richard__

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
  Plaintiff,

vs.

KENNETH D. KYLER, et al.,
  Defendants.

CIVIL No. 1:CV-00-

Judge Rambo
Magistrate Judge Smyser

AFFIDAVIT OF PLAINTIFF JOHN RICHARD JAE

Plaintiff John Richard Jae states under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. On Friday, July 13, 2001, I gave the 2-10 SMU Sergeant here a DC-135A Inmate's Request to Staff Member Form to go to my stored property to exchange legal and religious materials.

2. That, the last time I went to my stored property here was on Sunday, June 17, 2001, or over 34 days ago now.

3. That, although I am entitled by DC-ADM #804 M.5. to go to my stored property once every 30 days, I have not gone yet.

4. That, my Inmate Prison Account has a negative balance of at least -$557.36.

Signed this 22nd day of July, 2001
at Waynesburg, Pennsylvania.

(s) John Richard Jae
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/SMU
175 Progress Drive

## 'AFFIDAVIT'

NOW THIS BLESSED DAY OF 21st OF JULY 2001 OF OUR LORD, I JAMES S. MURRAY A UNITED STATES CITIZEN HOUSED AT SCI GREENE'S CONFINEMENT HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND SUBJECT TO THE LAWS OF THE UNITED STATES PURSUANT TO PACSA § 4904 AND ALSO PURSUANT TO 28 U.S.C. § 1746, THAT THE BELOW STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, UNDERSTANDING, BELIEF, RECOLLECTIONS, AND INFORMATION.

COMMONWEALTH OF PENNSYLVANIA
GREENE COUNTY, PA.

DATED: JULY 21, 2001

s/
MR. JAMES S. MURRAY
DT-4152 SCI GREENE

NOW HERE COMES THIS ATTEST STATEMENT OF JAMES S. MURRAY DT-4152 PRESENTLY CONFINED IN OR AT SCI GREENE'S "SMU" H-22. I AM HOUSED IN SMU CONFINEMENT SINCE FEBRUARY 13, 2001 AFTER BEING RUNUP BY WAY OF TRANSFER FROM SCI ALBION. AS A RULE OR POLICY WITHIN "SMU" AT SCI GREENE YOU'RE

PERMITTED BY POLICY TO BE ALLOWED SAFE ACCESS TO AN EXCHANGE OF LEGAL OR ANY RELIGIOUS PROPERTY OR ITEMS EACH AND EVERY MONTH 60 DAYS TO THIS POINT SINCE FEBRUARY 13, 2001 WITH CURRENT IN I BEEN PERSONALLY "PERMITTED" BY STAFF THIS RIGHT OR LIBERTY ONLY ONCE ON APRIL 21, 2001. YET EACH AND EVERY MONTH I MAKE REQUEST OF STAFF TO BE ACCORDED THAT HONOR OF THE SAME. PLEASE ALLOW THE RECORD TO REFLECT TH ON MAY 28, 2001 I HAD ALL MY PROPERTY CONFIS- CATED AND ON JUNE 10, 2001 HAD LESS THAN HALF RETURNED WITHOUT PERMITTING ME TO EXCHANGE OR REVIEW ALL MY ITEMS WHICH IS VIOLATIONS OF POLICIES. THE POLICY STATIN EXCHANGE EVERY 60 DAYS IS DELIBERATELY NOT ENFORCED. I KNOW PERSONALLY FOR A FACT MYSELF MR. JOHN PECK HZ0 UNIT BU-8219 AND MANY MANY OTHERS HOUSED IN SCI GREENE SMU ARE INTENTIONALLY SPEC- IFIED IN MANY AREAS OF ACCESS TO THE COURTS KNOWING ACCESS TO LEGAL MATERIAL LAW LIBRARY AND SO FORTH.

COMMONWEALTH OF PENNSYLVANIA
GREENE COUNTY, PA
DATED JULY 21, 2001

S/
MR. JAMES MURR

## CERTIFICATE OF SERVICE

I certify that on 7/22/01, I mailed to the person listed a true and correct carbon copy of the within Reply Brief Is De Brief In Opposition To Plaintiff's Motion For Court Order R Prison Officials To Return Plaintiff's Legal Materials And Provide Him With Writing Materials and Exhibits A and attached thereto, by U.S. 1st Class Mail, Postage Prepaid addressed to:

Mr. Michael L. Harvey, SDAG,
Office of the Attorney General of Pennsylvania
15th Floor - Strawberry Square
Harrisburg, PA. 17120

I certify that on 7/22/01, I gave the original of the documents to Prison Officials here for mailing to this Court.

Signed under penalty of perjury on this 22nd day of July 200_, Waynesburg, Pennsylvania:

(S) _John Richard_
MR. JOHN RICHARD J
Plaintiff and Pro Se Cou