*see at*

(147)

8-15-01

sc

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                    : CIVIL NO: 1:CV-00-0315
             Plaintiff,              :
                                     : (Judge Rambo)
        v.                           :
                                     : (Magistrate Judge Smyser)
KENNETH K. KYLER,                    :
JOHN A. PALAKOVICH,                  :
WILLIAM J. RHOADES,                  :
MARTIN DRAGNOVICH,                   :
OFFICER RUBENDALL, and               :
OFFICER RAGER,                       :                   **FILED**
             Defendants              :               **HARRISBURG, PA**

                                                     AUG 1 4 2001

                    **ORDER**                    MARY E. D'ANDREA, CLERK
                                                 PER_____
                                                      DEPUTY CLERK


    The plaintiff, a state prisoner proceeding *pro se*,

commenced this 42 U.S.C. § 1983 action in the Court of Common

Pleas of Cumberland County, Pennsylvania.  In a complaint and

amended complaint, the plaintiff claims that defendants Kyler,

Palakovich, Rhoades and Dragnovich violated his constitutional

rights and Pennsylvania Department of Corrections regulations

by confiscating his personal law books and religious materials,

by denying him showers and outside exercise and by subjecting

him to excessive heat and poor ventilation.

AO 72A
(Rev.8/82)

On February 22, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich removed the case to this court.  On March 7, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich filed an answer to the plaintiff's complaint and amended complaint.

On July 17, 2000, the plaintiff filed a supplemental complaint adding defendants Rubendall and Rager.  The plaintiff claims that defendants Rubendall and Rager failed to return to him his personal, religious and legal materials despite orders by Drs. Laskey and Clark and defendants Dragnovich and Palakovich that the plaintiff's property be returned to him.

On August 28, 2000, the defendants filed an answer to the plaintiff's supplemental complaint.

There are a number of motions pending in this case:
1) defendants' motion for summary judgment (doc. 53);
2) plaintiff's motion for an order requiring defendants to permit him to communicate with inmate Norman Johnston (doc.

2

115); 3) plaintiff's motion for an order requiring SCI-Greene

officials to return plaintiff's legal materials and to provide

enough paper, carbon paper and envelopes to enable him to meet

court deadlines (doc. 119); 4) plaintiff's motion to compel

discovery (doc. 126); 5) plaintiff's motion for sanctions

against defendants and counsel and to hold affiant Sharon Sebek

in contempt (doc. 144); and 6) the plaintiff's motion for an

enlargement of time (doc. 145).


We will first address the plaintiff's motion for an

order allowing him to communicate with inmate Norman Johnston.

The plaintiff wants to communicate with inmate Johnston, who is

in a different state correctional institution than the

plaintiff, in order to get Johnston to sign a declaration that

the plaintiff wants to use in opposing the defendants' motion

for summary judgment.  The defendants opposed the plaintiff's

motion in part on the ground that the plaintiff had not

specified what information he was seeking from Johnston.  In

connection with his reply brief in support of his motion, the

plaintiff presented the declaration that he is seeking to send

3

to Johnston for his signature.  By an Order dated July 19,
2001, the defendants were ordered to file a sur-reply brief
setting forth their position on allowing the plaintiff to send
the proposed declaration to inmate Johnston.

On August 6, 2001, the defendants filed a sur-reply
brief.  In their brief, the defendants indicate that they have
security concerns about allowing the plaintiff and inmate
Johnston to communicate, but that they are willing, on a one-
time basis, to make arrangements so that the plaintiff's
proposed declaration may be delivered and presented to inmate
Johnston for his consideration and signature.  The defendants
state that if the plaintiff delivers the proposed declaration
to the Administrative Assistant to the Superintendent at SCI-
Greene, he will then forward it to the Administrative Assistant
to the Superintendent at SCI-Camp Hill for hand delivery to
inmate Johnston, and that the process would then be reversed
for the document to be returned to the plaintiff.   Since the
defendants have agreed to a procedure to have the proposed
declaration delivered to Johnston and then returned to the

4

plaintiff, there is no need for the court to enter an order ordering the defendants to allow the plaintiff to communicate with inmate Johnston.  Accordingly, the plaintiff's motion for an order allowing him to communicate with inmate Norman Johnston will be denied.

Next, we will address the plaintiff's motion for an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines.  The plaintiff has requested that court issue a writ of mandamus to SCI-Greene officials.

The court has authority to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The writ of mandamus is a drastic remedy that should be granted only in extraordinary

5

circumstances. *In re Nwanze*, 242 F.3d 521, 524 (3rd Cir. 2001).

"Traditionally, the writ of mandamus has been used 'to confine

an inferior court to a lawful exercise of its prescribed

jurisdiction or to compel it to exercise its authority when it

is its duty to do so.'" *In re Chambers Development Co., Inc.*,

148 F.3d 214, 223 (3rd Cir. 1998)(quoting *Will v. Calvert Fire*

*Ins. Co.*, 437 U.S. 655, 661 (1978)).  "[I]n addition to the

jurisdictional prerequisite inherent in the language of

§ 1651(a), two additional prerequisites for issuance of a writ

are: (1) that petitioner have no other adequate means to attain

the desired relief, and (2) that petitioner meets it burden of

showing that its right to the writ is clear and indisputable."

*Id.* (quoting *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 462

(3d Cir. 1996)).  It is within the court's discretion to

refrain from issuing the writ even when the requirements for

mandamus are technically satisfied. *Id.*


A writ of mandamus is not appropriate in this case and

is not necessary to aid this court in the exercise of its

jurisdiction.

6

The plaintiff has not identified what property it is
that he needs to utilize to prepare his brief in opposition to
the defendants' motion for summary judgment.  Moreover,
although the petitioner asserts that prison officials are not
following the policy on property exchanges, it is clear from
the plaintiff's briefs and declaration that he had the
opportunity to go through his property on May 22, 2001 and
June 17, 2001.  The plaintiff's assertion that he does not have
enough paper, carbon paper and envelopes to litigate this
action is belied by the numerous, unnecessarily lengthy
documents that he has filed in this case.

The plaintiff's motion for an order requiring SCI-
Greene officials to return plaintiff's legal materials and to
provide enough paper, carbon paper and envelopes to enable him
to meet court deadlines will be denied.

On August 6, 2001, the plaintiff filed a motion for
sanctions against the defendants and defense counsel and to
hold affiant Sharon Sebek in contempt.   The plaintiff asserts

7

that certain statements in Sharon Sebek's declaration and in

the defendants' brief in opposition to his motion for an order

requiring SCI-Greene officials to return plaintiff's legal

materials and to provide enough paper, carbon paper and

envelopes to enable him to meet court deadlines are false.

Although the plaintiff may dispute certain statements made by

the defendants, there is no basis to impose sanctions or hold

anyone in contempt of court.  Accordingly, the plaintiff's

motion for sanctions against the defendants and defense counsel

and to hold affiant Sharon Sebek in contempt will be denied.


    On August 6, 2001, the plaintiff also filed a motion

for an enlargement of time to file his response to the

defendant's motion for summary judgment.  In light of the need

for the court to address the plaintiff's motion to compel,

which is not yet ripe and which may affect the plaintiff's

response to the defendants' motion for summary judgment, we

will grant an extension until September 4, 2001 for the

plaintiff to respond to the defendants' motion for summary

judgment.

8

AND NOW, this 14th day of August, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 115) for an order allowing him to communicate with inmate Norman Johnston is **DENIED,** that the plaintiff's motion (doc. 119) for an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines is **DENIED,** and that the plaintiff's motion (doc. 144) for sanctions against the defendants and defense counsel and to hold affiant Sharon Sebek in contempt is **DENIED.  IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 145) for an enlargement of time to respond to the defendant's motion for summary judgment is **GRANTED.**  The plaintiff shall file his response to the defendants' motion for summary judgment on or before September 4, 2001.

J. Andrew Smyser
Magistrate Judge

Dated: August 14, 2001.

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 14, 2001

Re:  1:00-cv-00315   Jae v. Kyler

True and correct copies of the attached were mailed by the clerk
to the following:

John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA  15370

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA  17120

Susan J. Forney, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA  17120

cc:
Judge                     (  )              (  ) Pro Se Law Clerk
Magistrate Judge          (  )              (  ) INS
U.S. Marshal              (  )              (  ) Jury Clerk
Probation                 (  )
U.S. Attorney             (  )
Atty. for Deft.           (  )
Defendant                 (  )
Warden                    (  )
Bureau of Prisons         (  )
Ct Reporter               (  )
Ctroom Deputy             (  )
Orig-Security             (  )
Federal Public Defender   (  )
Summons Issued            (  ) with N/C attached to complt. and served by:
                              U.S. Marshal (  )     Pltf's Attorney (  )

Standard Order 93-5       (  )
Order to Show Cause       (  ) with Petition attached & mailed certified mail
                              to: US Atty Gen   (  )  PA Atty Gen (  )

DA of County ( ) Respondents ( )

Bankruptcy Court ( )
Other_____( )

MARY E. D'ANDREA, Clerk

DATE: _____8/14/01_____        BY: _____
                                        Deputy Clerk