IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
  Plaintiff,

vs.

KENNETH D. KYLER, et al.,
  Defendants.

No. 1:CV-00-0315

United States District Judge R___
Magistrate Judge Smyser

JUDGE'S COPY
FILED
HARRISBURG
SEP 0 7 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

PLAINTIFF'S APPEAL TO THE U.S. DISTRICT JUDGE FROM THE U.S. MAGISTRATE JUDGE'S AUGUST 14, 2001, ORDER DENYING THE PLAINTIFF'S MOTION FOR ORDER OF COURT REQUIRING SCI-GREENE PRISON OFFICIALS TO RETURN TO THIS PLAINTIFF ALL HIS LEGAL MATERIALS, COURT CASE FILES AND LAW BOOKS AND TO PROVIDE HIM WITH ENOUGH PAPER, CARBON PAPER AND ENVELOPES TO ENABLE HIM TO MEET COURT DEADLINES, INTER ALIA PETITION FOR WRIT OF MANDAMUS AND BRIEF IN SUPPORT AND PLAINTIFF'S MOTION FOR SANCTIONS ON DEFENDANTS & COUNSEL AND TO HOLD AFFIANT SHARON SEBEK IN CONTEMPT AND IMPOSE A FINE AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff & Pro Se Counsel in the above-entitled Civil Action, John Richard Jae, as a Layman Unlettered in the Arts & Sciences of the Law & Legal Procedures within the United States pursuant to Fed. R. Civ. P. 72(a), this Court's M.D. LR 72.2, and now files his Plaintiff's Appeal to the U.S. District Judge from the U.S. Magistrate Judge's August 14, 2001, Order denying Plaintiff's Motion for Order of Court Requiring SCI-Greene Prison Officials to Return to this Plaintiff All His Legal Materials, Court Case Files and Law Books and to Provide Him with Enough Paper, Carbon Paper and Envelopes to Enable Him to Meet Court Deadlines, Inter Alia Petition for Writ of Mandamus Brief in Support AND Plaintiff's Motion For Sanctions on Defendants & Counsel And To Hold Affiant Sharon Sebek In Contempt And Impose A Fine And Brief In Support & who, avers, deposes & states:

I. RELEVANT PROCEDURAL HISTORY

(1) On about June 4, 2001, Plaintiff John Richard Jae, filed his Motion For Order of Court Requiring SCI-Greene Prison Officials To Return To This Plaintiff All Of His Legal Materials, Court Case Files And Law Books And To Provide Him With Enough Paper, Carbon Paper And Envelopes To Enable Him To Meet Court Deadlines, Inter Alia Petition For Writ Of Mandamus And Brief In Support hearin

On or about August 1, 2001, Plaintiff Doe filed his Motion for Sanctions on Defendants & Counsel And to Hold Affiant Sharon Sebek In Contempt, Impose A Fine And Brief In Support, in this case.

In his Order of August 14, 2001, U.S. Magistrate Judge J. Andrew Smyser, this Court, denied ▓▓▓▓ these above-referenced ▓▓▓▓ Motions herein this case.

Plaintiff Doe now appeals to the U.S. District Judge from the Magistrate Judge's August 14, 2001, Order, denying ▓▓▓▓ such motions, he.

## II - PLAINTIFF'S APPEAL

Plaintiff Doe avers & submits that, in denying Plaintiff's Motion for Order of Court Requiring SCI-Greene Prison Officials To Return To This Plaintiff His Legal Materials, Court-Case Files And Law Books And To Provide Him With Enough Paper, Carbon Paper And Envelopes To Enable Him To Meet Court-Deadlines, Inter Alia Petition For Writ of Mandamus And Brief In Support, the U.S. Magistrate Judge stated & held:

> "The plaintiff has not identified what property files that he needs to utilize to prepare his brief in opposition to the defendants' motion for summary judgment. Moreover, although the petitioner asserts that prison officials are not following the policy on property exchanges, it is clear from the plaintiff's letters and declaration that he had the opportunity to go through his property on May 23, 2001 and June 17, 2001. The plaintiff's assertion that he does not have enough paper, carbon paper and envelopes to litigate this action is belied by the numerous, unnecessarily lengthy documents that he has filed in this case." 1/

Plaintiff specifically objects to and appeals from the above-holding/statement of the U.S. Magistrate Judge and avers & submits that, first of all, contrary to what the U.S. Magistrate Judge holds & states, the Plaintiff "did" clearly state in his Motion/Petition what property files that he needs to utilize to prepare his brief in opposition to the defendants' motion for summary judgment, in which he clearly stated that he needs all of his files & papers in this case to enable him to do so. 2/

Furthermore, Plaintiff Doe avers & submits that, in her Orders of October 6, 2000, ▓▓▓▓ in Doe vs. Long, et al., Civil No. 1:CV-99-001 and Doe v. Lackey, Civil No. 1:CV-99-1610, U.S. District Judge Rambo, of this Court, held that ▓▓▓▓ prison officials have an interest in limiting the amount of property an ▓▓▓

---

1/ See U.S. Magistrate Judge Smyser's Order of August 14, 2001, at 2.
2/ See Plaintiff's Motion for Order of Court Requiring SCI-Greene Prison Officials To Return To This Plaintiff His Legal Materials, Court-Case Files And Law Books And To Provide Him With Enough Paper, Carbon Paper And Envelopes To Enable Him To Meet Court-Deadlines, Inter Alia Petition For Writ of Mandamus And Brief In Support, at 2-3 & 4.

inmate can keep in his cell, see Cruz v. Hauck, 627 F.2d 710 (5th Cir.1980) that the Plaintiff also has a right to access to the courts, see Bounds v. Smith, U.S. 817 (1977), & that the only way for the court to resolve the matter was to balance prison officials' interest in limiting an inmate's property against Plaintiff's right of access to the courts and she went on to hold that Defendants had to see to it that the plaintiff had access to his files & papers necessary to enable him to file his written objections to the U.S. Magistrate Judge's Report And Recommendation in such c[ase].

Herein this instant case the facts are the same as they were in Joe vs. Long, et al., Civil No. 1:CV-99-0071 and Joe vs. La[skey], Civil No. 1:CV-99-1610, on this issue, as in all three cases prison o[fficials] had denied this Plaintiff access to his court case files & papers/ materials, which Plaintiff needed to first have in order to enable h[im to] prepare & file court pleadings in his pending civil actions before the [court], and given such, the U.S. Magistrate Judge, herein this cas[e] in not applying herein the same above-referenced balanc[ing] test, which Judge Rambo applied therein her Octoeber 6, 2[000 order] in Joe vs. Long, et al., Civil No. 1:CV-99-0071 and Joe vs. Laskey, 1:CV-99-1610, on this same issue, which is alone is enough to reve[rse the] U.S. Magistrate Judge's August 14, 2001, Order denying Plaintiff's Mo[tion] Order of Court Requiring SCI-Greene Prison Officials to Return to [the] Plaintiff all his legal materials, court case files and law books [and] Provide Him With Enough Paper, Carbon Paper And Envelopes to F[ile & ] to Meet Court Deadlines, Inter Alia Petition For Writ of Mandamus And Brief [in support].

Second of all, Plaintiff Joe avers & submits that, just because [he] had the opportunity to go through his stored property on May 22, [and June] 17, 2001, does not necesarily mean that he had sufficient enough [time to] locate his files & papers in this case which he needs to orde[r to] enable him to prepare & file his brief in opposition to defend[ants' summary] judgment motion, here in this case, and he now avers that he d[id not have] sufficient enough time on either May 22, 2001 or on June 17, to find [the] Plaintiff's totes in his [redacted] Reply Brief to Defendants' Brief in Oppo[sition to] Plaintiff's Motion for Court Order Requiring Prison Officials to Return [legal materials] significant note here on this is that in her orders of Octoeber 6, 200[0]

Legal Materials And Provide Him with writing materials, at 2-3 [plaintiff] has seven (7) boxes of property here, and he was "not" given sufficient enough time to and was unable to go through all seven of his boxes on May 22, 2001, and on June 17, 2001, and, as a [result] he was unable to locate his papers & case files in this case he needs first to enable him to prepare & file his Brief in opposition to defendants' summary judgment motion [in this case]; and third of all, Plaintiff Joe avers & submits that, just because [he] has filed other pleadings in this case and had enough paper, c[arbon] paper and envelopes to do so, is not necessarily mean that he auto[matically] has enough paper, carbon paper and envelopes to prepare the ple[adings] that he needs to prepare, file & serve in this case, in [opposition] to defendants' summary judgment motion herein, which he [also] submits that he does "not" have enough paper and carbon [paper to] prepare all of such pleadings, for, as this plaintiff sets for[th at] pages 11, of his Reply to defendants' Brief in opposition to Plaintiff's [Motion for] Court Order Requiring prison officials to return plaintiff's legal [materials] And Provide him with writing materials, he needs a total of 116 [pages of] paper and 8 carbons in order to enable him to prepare all of such [pleadings] and he needs two (2) large legal envelopes to mail such ple[adings] to this court and to counsel for the defendants in this c[ase; and] that unless he has all of such, he cannot prepare & file all s[uch pleadings] and, therefore, the U.S. Magistrate Judge's Order of Au[gust __,] 2001, denying this plaintiff's motion for order of court requir[ing] prison officials to return to this plaintiff ALL his legal ma[terials,] case files and law books and to provide him with enough paper, carbo[n paper &] envelopes to enable him to meet court deadlines, inter alia, petition for writ [of habeas corpus] and brief in support, defies common sense and [is contrary to] U.S. Magistrate Judge, by such order, ignores and violates [the] controlling Federal case law authorities, as cited b[y] Plaintiff in his motion/petition, at 5-8 & also such order [violates the] [Fifth] and Fourteenth Amendments of the United States

and also violates Article 1, §§ 1, 7, 20 & 26 of the Pennsylvania State Constitution, such order of the U.S. Magistrate Judge's of August 14, 2001, denying Plaintiff's Motion For Order of Court Requiring SCI-Greene Prison Officials To Return To The Plaintiff All Legal Materials, Court Case Files And Law Books And To Provide Him With Enough Paper, Carbon And Envelopes To Meet Court Deadlines, Inter Alia, Petition For Writ of Mandamus And Brief Support, "Is" contrary to the Controlling & Other Federal Case Authorities as the Plaintiff forth and cites in his Motion/Petition, at 5-8, and such order "Is" also contrary to the Controlling Federal Law & given the above & foregoing, herein, the U.S. Magistrate Judge's statement/Holding, that, "A writ of mandamus is not appropriate in this case and is not necessary to aid this court in the exercise of its jurisdiction," "Is" Incorrect, as a writ of mandamus "Is" appropriate in this case and "Is" necessary to aid this court in the exercise of its jurisdiction, given the above & foregoing, it should be clear that the U.S. Magistrate Judge abused his discretion & authority by issuing such illegal order, and therefore this Court, by law, must grant this appeal and reverse and vacate the U.S. Magistrate Judge's order of August 14, 2001, denying such Motion/Petition and must grant such Motion/Petition in full, herein this case.

Furthermore, the Plaintiff avers & submits that, in denying the Plaintiff's Motion For Sanctions on Defendants & Counsel And To Hold Affiant Sharon Sebek In Contempt And Impose A Fine, the Magistrate Judge, holds & states:

> On August 6, 2001, the plaintiff file a motion for sanctions against the defendants and defense counsel and to hold affiant Sharon Sebek in contempt. The plaintiff asserts that certain statements in Sharon Sebek's declaration and in the defendants' brief in opposition to his motion for an order requiring SCI-Greene officials to return plaintiff's legal materials and to provide enough paper, carbon paper and envelopes to enable him to meet court deadlines are false. Although the plaintiff may dispute certain statements made by the defendants, there is no basis to impose sanctions or to hold anyone in contempt of court. Accordingly, the plaintiff's motion for sanctions against the defendants and defense counsel and to hold affiant Sharon Sebek in contempt will be denied. 5/

Plaintiff specifically objects to & appeals from the above-holding/statement

Magistrate Judge and avers & submits that, the U.S. Magistrate "is" wrong, as there "is" much more at issue here than just plaintiff's certain statements made by the defendants and/or Sharon Sebek, as by the very documents which the Defendants submitted herein as attached to Brief In Opposition To Plaintiff's Motion For Court Order Requiring Prison Officials To Return Plaintiff's Legal Materials And Provide Him With Writing Materials, show clear and convincing proof that Defendants, Defense Counsel and Affiant Sharon Sebek "have" committed fraud and "have" deliberately and maliciously falsified evidence and "lied" herein this case, as do the Affidavits of this Plaintiff, James Murphy, #DP-4152, as attached to Plaintiff's Reply To Defendants' Brief In Opposition To Plaintiff's Motion For Court Order Requiring Prison Officials To Return Plaintiff's Legal Materials And To Provide Him With Writing Materials, herein this case, and, given such, there "is" a clear and convincing basis to hold the Defendants, Defense Counsel and Affiant Sharon Sebek in Contempt of Court and sanction and fine them all, herein, and thus, the U.S. Magistrate Judge erred in denying this Plaintiff's Motion For Sanctions on Defendants & Counsel And To Hold Affiant Sharon Sebek And Impose A Fine and this Court, by law, "must" reverse such order and grant this appeal and Plaintiff's Motion to hold Defendants, Defense Counsel And Affiant Sharon Sebek in Contempt of Court and sanction and fine each, as this Court sees fit, here in this case.

~~Based upon the above & foregoing facts, arguments and citations of authorities, herein this appeal, as well as~~
~~set forth in this Plaintiff's Motion For Order of~~
~~Requiring Sgt. Greene, Prison Officials To Return~~

Finally, Plaintiff avers & submits that, in denying Plaintiff's Motion For Order Requiring Defendant Dragovich And SCI-Greene Superintendent Conner Blaine To Permit This Plaintiff to Communicate With And Write To Inmate Norman Johnston At SCI-Camp Hill RHU, U.S. Magistrate Judge Smyser, stated that:

> On August 6, 2001, the defendants filed a sur reply brief. In their brief, the defendants indicate that they have security concerns about allowing the plaintiff and inmate Johnston to communicate, but that they are willing, on a one-time basis, to make arrangements so that the plaintiff's proposed declaration may be delivered and presented to inmate Johnston for his consideration and signature. The Defendants state that if the plaintiff delivers the proposed declaration to the Administrative Assistant to the Superintendent at SCI-Greene, he will then forward it to the Superintendent/Administrative Assistant at SCI-Camp Hill for hand delivery to Inmate Johnston, and that the process would then be reversed for the document to be returned to the plaintiff. Since the defendants have agreed to a procedure to have the proposed declaration delivered to Johnston and then returned to the plaintiff, there is no need for the court to enter an order ordering the defendants to allow the plaintiff to communicate with inmate Johnston. Accordingly, the plaintiff's motion for an order allowing him to communicate with inmate Norman Johnston will be denied.

Plaintiff specifically objects to & appeals from the order of the U.S. Magistrate Judge's, because, first of all, the U.S. Magistrate Judge did not give this plaintiff any chance to respond to his arguments against the above-referred to defendants' proposal he would have done, as the U.S. Magistrate Judge entered his August order denying such motion, only 6 days after defendants filed their sur-reply herein, containing such proposal and considered such ex parte, which violates the controlling federal law on ex parte communications; second of all, when this plaintiff delivered the proposed declaration to the Administrative Assistant here at Greene & he forwarded it to at Camp Hill, who delivered such to Johnston and then came back here Johnston refused to sign such affidavit, which Plaintiff needs

"would" sign such an affidavit for this plaintiff[?], therefore, this plaintiff believes that either such affi[davit] was, in reality, never presented to Johnston, as claim[ed] Defendant put a monkey wrench into such [the] re[quest] Johnston if he signed such, as Defendant[s] know th[at] affidavit from Johnston would not only support this plain[tiff's] allegations, but would also show that there are material [facts in] dispute in this case and their Summary Judgment motion w[ould] be denied herein, and given such, it seems mighty su[spicious] that they would propose a procedure which would only help t[o] occur and this plaintiff that Defendants/Defense coun[sel] intended to have this affidavit presented to inmate Joh[nston] and that they just said that they would do so to prevent [the] Court from granting the plaintiff's motion here, and g[iven such,] it was error for the U.S. Magistrate Judge to deny plaintiff['s] motion for an order requiring Defendant Dragovich and S[CI-Greene] Superintendent Conner Blaine to permit this plaintiff to co[rrespond] with and write to Inmate Norman Johnston at SCI-Camp Hill[.]

Based upon the foregoing facts, arguments & citations of [authorities] herein this appeal, as well as those set forth therein this plaintiff['s motion] for order of Court requiring SCI-Greene prison officials to retur[n to] plaintiff all his legal materials, court case files and law bo[oks and to] provide him with enough paper, carbon paper and envelope[s to] enable him to meet court deadlines, inter alia, Petition For [Writ of] Mandamus and Brief in Support, Plaintiff's Reply To Defen[dants'] In Opposition To Plaintiff's Motion For Court Order Requiring P[rison officials] To Return Plaintiff's Legal Materials And To Provide Him With [writing] materials, the affidavits of Plaintiff John Richard Ze[igler and] Murray #DT-4152, attached thereto such reply, as Exhib[its and] Plaintiff's Motion For Sanctions on Defendants And Defense [counsel] [and] ADA Assistant Sharon Sebek in Contempt And Impos[e...]

Defendant Dragovich And SCI-Greene Superintendent Conner Blaine to permit this Plaintiff to communicate with and write to Inmate Norman Johnston at SCI-Hill RHU and Brief in Support and Plaintiff's Brief in Reply to Defendants' Memorandum In Opposition to Plaintiff's Motion to correspond with another inmate, as well as based upon the controlling and other Federal Case Law Authorities & upon the other Federal & State Law and upon the other pleadings herein this case.

It should be clear to this Court that the U.S. Magistrate Judge's Order of August 14, 2001, as is now herein appealed, "IS" contrary to law, "IS" erroneous and defies common sense & that the U.S. Magistrate Judge abuses his discretion & authority by issuing such illegal order, and it should therefore likewise be clear to this Court that, by law, it "must" vacate & reverse such order and grant Plaintiff the relief which is the requests therein such motion/request herein this case and that this is what this Plaintiff prays that this Court will do herein:

"And Plaintiff further sayeth naught="

AND HE SHALL EVER PRAY=
RESPECTFULLY SUBMITTED=

(S) _John Richard Ine_
MR. JOHN RICHARD INE,
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-8090

Plaintiff and Pro Se Counsel

Dated: 28th August 2001=