IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Copy 15

JUDGE'S COPY

JOHN RICHARD JAE,
    Plaintiff

vs.

KENNETH D. KYLER, et al.,
    Defendants.

Civil No. 1: CV-00-0315

U.S. District Judge Rambo
Magistrate Judge Smyser

FILED
HARRISBURG
SEP 07 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW, the Plaintiff & Pro Se Counsel in the above-entitled Civil Action, Richard Jae, as a Layman Unlettered in the Arts & Sciences of the Laws & Legal Proceedings within the United States, & now, pursuant to this Court's M.D.L.R. 2.7, files Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel, herein, & who, avers, deposes & states:

That, on or About June 22, 2001, Plaintiff John Richard Jae, filed Motion to Compel Discovery And a Brief in Support of Motion to Compel Discovery, herein.

That, on or About August 3, 2001, Defendants, by Counsel, filed the Motion, requesting an enlargement of time until August 24, 2001, in which to file their brief in opposition to plaintiff's motion to compel, which this Court, granted, on August 6, 2001.

That, on or About August 24, 2001, Defendants, by Counsel, filed the Second Motion, requesting another enlargement of time until August 27, 2001, to file their Brief in opposition to plaintiff's motion to compel, which this Court, gra[nted].

That, on or About August 27, 2001, Defendants, by Counsel, filed the Memorandum In Opposition to Plaintiff's Motion To Compel.

That, this is the Plaintiff's Reply to Defendants' Memorandum In Opposition to Plaintiff's Motion To Compel.

### ARGUMENT

Plaintiff John Richard Jae avers & submits that, this [Motion]

Adams, #CQ-2185, because he has information & knowl[edge] relevant to the facts & claims of this case and his testimony is needed for trial in this case. Specifica[lly] it is believed by this Plaintiff that Inmate Robert Ad[ams] testimony will support the Plaintiff's version of the [facts] & claims stated in the Plaintiff's initial complaint in thi[s] case, as Inmate Robert Adams was confined in the [same unit] at SCI-Camp Hill during the relevant time periods a[s] stated in the initial complaint. Because discovery [is] closed in this case, the Plaintiff needs such informa[tion] now, as he will be unable to obtain such at a later d[ate] due to discovery in this case being closed. Furthermo[re] Plaintiff avers & submits that he does not wish to obt[ain] the #'s or address of Inmate Robert Adams for any impr[oper] purpose(s), such as arranging an attack on such inmate, only for the purposes as stated above and any contention [to the] contrary is nothing more than the unsupported specious paranoid contention of the Secretary of Corrections who [has a] pathological fear & who has a long & lengthy history of violat[ing] inmates' rights and the law. Furthermore, it is prelud[ing?] to expect this court to be able to issue a subpoena [or] writ of habeas corpus ad testificandum to compel [the] attendance of Inmate Robert Adams, #CQ-2185, at [trial] in this case, unless this Plaintiff supplies this co[urt] Robert Adams' prison address for such subpoena or w[rit]. Plaintiff has now been litigating in the Federal courts fo[r] 20 years and he has never heard of w/a subpoena for a [witness] being issued by a Federal court the way that the Defe[ndants] and Secretary Beard suggest here in this case. 1/ although the Defendants and Secretary Beard claim [it] is the policy of the Pennsylvania Department of C[orrections] that staff do not disclose the whereabouts of one inm[ate]

and that often, an inmate seeks the location of another inmate in order to engineer an attack against that inmate, retaliation for a prison wrong or for other reasons; 2) they failed to offer any policy and/or other evidence at all that is so or, that such is so here in this case sub judice, nor have they offered any evidence or proof at all that such is: this plaintiff seeks inmate Robert Adams, #CQ-2189 address nor that inmate Robert Adams is afraid of plaintiff nor even that Robert Adams does not wish to have his address disclosed to plaintiff Jae and plaintiff Jae does not believe, nor do the defendants or Secretary Beard, that they even bothered to ask inmate Robert Adams about such and therefore, their unsupported contention especially ludicrous, specious & frivolous, herein & such disregard/denied by this court.

Furthermore, the defendants' citation of/reliance upon case of: Clark v. Township of Falls, 124 F.2d 91, 93 (E. "is" impropper, as, such case states that ("[t]he privilege not absolute, and should be upheld only if the damage executive department or the public interest outweigh to plaintiffs from nondisclosure"), and defendants failed to show herein this case that there will be a to an executive department or the public interest and outweighs the harm this plaintiff will suffer herein non disclosure from the production of Robert Adams prison address and furthermore, inmate Robert Adams is not an executive department. Furthermore, properly cite and rely upon the prison case of:

pertain to discovery nor to a motion to compel discovery, and, as no federal court has ever held that a federal court may afford considerable deference to prison officials in deciding prisoners' motion to compel discovery, Defendants' citation and reliance upon such two cases, herein this case, is improper.

Furthermore, Plaintiff Tice avers & submits that, the Defendants argues; "The government privilege, sometimes referred to as the deliberative process, executive or law enforcement privilege, protects documents whose disclosure would "seriously hamper the function of government." Siegfried v. City of Easton, 146 F.R.D. 98, 101-02 (E.D. Pa. 1992); Clark v. Township of Falls, 124 F.R.D. 91, 92 (E.D. Pa. 19__); Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 19__); however, the Defendants have failed to show, herein this case, exactly how the disclosure to this Plaintiff of the full address of Inmate Robert Adams #CR-2185, would seriously hamper the function of government, as, Inmate Robert Adams #CR-__ is "not" a government and, thus, their argument here must fail.

Finally, the Plaintiff avers & submits that, "The government privilege does not cover everything that officials may want to keep secret. It is designed to protect "deliberative and decision making processes of government officials" and "investigative reports of an administrative agency to the extent that they reflect advisory rather than factual material." See Kinoy v. Mitchell, 67 F.R.D. 1, 10-11 (S.D.N.Y. __) (footnote omitted); accord, Kelly v. City of San Jose, 114 F.R.D. 6__-59 (N.D. Cal. 1987). Also, see Kinoy v. Mitchell, 67 F.R.D., at 12 (__); Wood v. Breier, 54 F.R.D. 7 (E.D. Wis. 1972); Boyd v. Gullett, 64 F.R.D.__ Md. 1974) and Black v. Sheraton Corp. of America, 47 F.R.D. 263, __ 1969) ("The Congressional policy in favor of broad enforcement the civil rights laws supports complete discovery when th__ violation is alleged").

Plaintiff also incorporate herein by reference hereunto the facts, arguments & citations of authorities as is given __ of Motion to Compel Discovery, herein this case.

(W) HEREFORE, based upon the foregoing, hereby well as upon the facts, arguments & citations of authorities Plaintiff's Brief In Support of Motion To Compel Disc this Court should grant such Motion To Compel and order Defendants to immediately provide the Plaintiff with prison address of Inmate Robert Adams, #CQ-2185=

RESPECTFULLY SUBMITTED=

(S) *John Richard Jae*
MR. JOHN RICHARD JAE,
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA- 15370-20

Dated: 30th AUGUST 2001=