# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : CIVIL NO: 1:CV-00-0315 |
| Plaintiff, | : |
| | : (Judge Rambo) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| KENNETH K. KYLER, | : |
| JOHN A. PALAKOVICH, | : |
| WILLIAM J. RHOADES, | : |
| MARTIN DRAGNOVICH, | : |
| OFFICER RUBENDALL, and | : |
| OFFICER RAGER, | : |
| Defendants | : |

FILED
HARRISBURG, PA

SEP 1 9 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

<u>ORDER</u>

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action in the Court of Common Pleas of Cumberland County, Pennsylvania. In a complaint and amended complaint, the plaintiff claims that defendants Kyler, Palakovich, Rhoades and Dragnovich violated his constitutional rights and Pennsylvania Department of Corrections regulations by confiscating his personal law books and religious materials, by denying him showers and outside exercise and by subjecting him to excessive heat and poor ventilation.

AO 72A

On February 22, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich removed the case to this court. On March 7, 2000, defendants Kyler, Palakovich, Rhoades and Dragnovich filed an answer to the plaintiff's complaint and amended complaint.

On July 17, 2000, the plaintiff filed a supplemental complaint adding defendants Rubendall and Rager. The plaintiff claims that defendants Rubendall and Rager failed to return to him his personal, religious and legal materials despite orders by Drs. Laskey and Clark and defendants Dragnovich and Palakovich that the plaintiff's property be returned to him.

On August 28, 2000, the defendants filed an answer to the plaintiff's supplemental complaint.

On June 27, 2001, the plaintiff filed a motion to compel discovery and a brief in support of that motion. After requesting and receiving extensions of time, the defendants

2

filed a brief in opposition on August 27, 2001. On September 7, 2001, the plaintiff filed a reply brief.

In his motion, the plaintiff contends that the defendants failed to produce certain requested documents in response to his third set of requests for the production of documents. The motion to compel also concerns Interrogatory No. 18 of the plaintiff's second set of interrogatories.

In their brief in opposition, the defendants admit that certain documents were inadvertently not initially produced to the plaintiff but, they assert, those documents have since been produced to the plaintiff. Since the documents at issue have been produced, we will deny as moot the motion to compel responses to the plaintiff's documents requests.

Plaintiff's Interrogatory No. 18 asks for the present location and full prison address of inmate Robert Adams, #CQ-2185. The defendants objected to this interrogatory as not relevant to the subject matter of this action and as

3

privileged. The plaintiff contends that inmate Adams is a witness to the relevant events and that he needs his address so that he can call him as a witness at trial.

The defendants contend that the location and address of inmate Adams is protected by executive privilege.

Executive privilege, a qualified privilege, shields certain documents from public disclosure. Executive privilege encompasses a number of privileges. The "informers privilege" is a privilege to withhold from disclosure the identity of persons who furnish information of violations of the law to law enforcement officers. *United States v. O'Neill*, 619 F.2d 222, 229 (3d Cir. 1980). The purpose of the informers privilege is to protect the identity of sources and encourage citizen cooperation with investigative agencies and thus promote effective law enforcement. *Id.* Where the disclosure of the contents of a communication will not tend to reveal the identity of the informer or where the identity of the informer has already been disclosed to those who would have cause to

4

resent the communication the informers privilege is no longer applicable. *Id.* Executive privilege also encompasses a deliberative process privilege under which communications offering opinions and recommendations are protected. "This protection recognizes the need to safeguard free expression in giving intragovernmental advice by eliminating the possibility of outside examination as an inhibiting factor." *Id.* at 230.

The Third Circuit has set forth the proper procedure for invocation of executive privilege: "The head of the agency claiming the privilege must personally review the material, there must be a specific designation and description of the documents' claimed to be privileged, and there must be precise and certain reasons for preserving the confidentiality of the communication. Usually such claims must be raised by affidavit." *O'Neill, supra,* 619 F.2d at 226 (internal quotations omitted). Once the privilege is properly invoked the party seeking the information must show the need for it so that the court can balance the policies which give rise to the

5

privilege and the applicability of those policies to the facts against the need for the information sought. *Id.* at 227.

The defendants have submitted the declaration of Jeffrey A. Beard, PhD, the Secretary of the Pennsylvania Department of Corrections (DOC). Beard states that it is the policy of the DOC that staff do not disclose the whereabouts of one inmate to another inmate. *Beard Decl.* at ¶7. Beard states that it is his firm belief that disclosure of such information to another inmate poses a serious risk to security and that disclosure of the location of inmate Adams to the plaintiff presents a risk to prison security. *Id.*

Beard explains that often an inmate seeks the location of another inmate in order to engineer an attack against that inmate in retaliation for a prior wrong or for other reasons. *Id.* at ¶8. An inmate can make such arrangements by writing to an individual outside of prison and requesting that individual to forward instructions to another inmate in the prison where the target is housed. *Id.* at ¶9. Prison staff do not read

6

outgoing mail, nor do staff generally read incoming mail, although the mail is checked for contraband. *Id.* Thus, it is possible to arrange a strike against an inmate if that inmate's location is known. *Id.*

Beard also states that it is difficult to see how an inmate would benefit in pursuing a lawsuit from the knowledge of the location of another inmate. *Id.* at ¶10. Under Administrative Directive DC-ADM-803, Part VI.A.3, inmates are prohibited from corresponding with other inmates, except upon written approval of the Superintendent. *Id.* Thus, even with the location of inmate Adams, the plaintiff may not be able to communicate with him. *Id.*

Beard states that if an inmate is needed at trial he will be produced upon the court's issuance of a subpoena without regard to the location of the prisoner. *Id.*

Beard concludes that because the location of an inmate is unnecessary for a lawsuit, the plaintiff's request is all

7

the more suspicious and providing this information will jeopardize institutional security. *Id*. at ¶11.

Although the location and prison address of inmate Adams does not strictly fall within the ambit of executive privilege, we will deny the plaintiff's motion to compel the location and address of inmate Adams. Secretary Beard has security concerns about providing the location and address of inmate Adams to the plaintiff and the plaintiff has little need for such information. If the case proceeds past the summary judgment stage, the plaintiff may request that the court issue a writ of habeas corpus ad testificandum to secure the presence of inmate Adams at the trial. It is not necessary that the court have the exact location of inmate Adams to issue the writ.

In addition, if the plaintiff feels he needs to communicate with inmate Adams prior to trial he can attempt to communicate with inmate Adams through a request to the Superintendent of SCI-Greene. This is the procedure used by

the plaintiff with regard to his request to communicate with inmate Johnston regarding the instant case. *See Order of August 14, 2001.*

AND NOW, this 19th day of September, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 126) to compel is **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: September 19, 2001.

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 19, 2001

Re:  1:00-cv-00315    Jae v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA   15370

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA   17120

Susan J. Forney, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA   17120

```
cc:
Judge                            (/)              ( ) Pro Se Law Clerk
Magistrate Judge                 (/)              ( ) INS
U.S. Marshal                     ( )              ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )  with Petition attached & mailed certified mail
                                      to:  US Atty Gen    ( )   PA Atty Gen ( )
```

|  |  |  |  |
|---|---|---|---|
| Bankruptcy Court | ( ) | DA of County ( ) | Respondents ( ) |
| Other_____ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: 9/19/01

BY: _____
Deputy Clerk