IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
    Plaintiff,

vs.

KENNETH D. KYLER, et al.,
    Defendants.

CIVIL No. 1:CV-00-0315
U.S. District Judge Rambo
Magistrate Judge Smyser

FILED
HARRISBURG, PA
SEP 21 2001
MARY E. D'ANDREA, CLERK
Per _____

PETITION FOR RECONSIDERATION OF U.S. DISTRICT JUDGE'S SEPTEMBER 13, 2001
ORDER AND ARGUMENTS OF LAW IN SUPPORT

Plaintiff John Richard Jae, as a layman unlettered in the Arts & Sciences of the Laws & Legal Procedures within the United States, now files Petition for Reconsideration of U.S. District Judge's September 13, 2001 Order and Arguments of Law in Support, herein & avers, deposes & states:

1. Plaintiff Jae, first of all, states as he stated & set forth in his initial Petition. Furthermore, Plaintiff avers & submits, that, Prison Officials cannot deny a prisoner his legal research, scientific or otherwise. Holding papers in an area beyond prisoner control violates the case's integrity. Official reluctance to supply sufficient cell storage space is no excuse to abridge rights. The American Correctional Association (ACA) Standards for Access to the Courts grants --- the right of access to the courts minimally provides that inmates have the right to present any issues including the following: challenging the legality of their conviction or confinement; seeking redress for illegal conditions or treatment while under correctional control; pursuing remedies in connection with civil legal problems; and asserting against correctional or other governmental authority or other while protected by constitutional or statutory provisions or common law. Inmates seeking judicial relief are not subject to reprisals or penalties because of the decision to seek relief & this Court should grant Petition. Furthermore, the Plaintiff avers & submits that U.S. District Judge Rambo's September 13, 2001, Order, not only violates & ignores the Constitutional & Federal Case Law Authorities, as set forth above, herein, but also violates & ig-

arguments & citations of authorities therein Plaintiff's Motion (order) Petition for Writ of Mandamus & Brief in Support, at 6-8; and under such controlling & other arguments & citations of authorities, it makes no difference how many times this Plaintiff is able to access his stored legal property here, as just the fact that prison officials here hold such in an area beyond this Plaintiff's/prisoner's control by and under the law, violates each of his cases' integrity, as such is supposed to with the Plaintiff in his cell where he has immediate access such when he needs any of such to prepare & file a pleading in any his pending 12 state and/or federal court cases, including this one.

Furthermore, such arguments & contentions of the Defendants in memorandum in opposition to Plaintiff's ▬▬

Furthermore, the U.S. District Judge's September 13, 2001 (and also the U.S. Magistrate Judge's prior Order of August 14, 200_ the fact(s) that this Plaintiff has a long & lengthy significant history serious mental health illness disease, that he is a mental hea case & by & under the controlling & other federal law & also under the f_ Corrections own prison policy/rules, he is "not" even supposed to be in the prison's Special Management Unit and that confinement in suc_ illegal and that if he was not so illegally confined in this unit, then he w_ all of his legal property in his cell with him & since prison officials here upon illegally confining this Plaintiff in this SMU in violation of controlling & other federal law, they should not and must not also violate the controlling & other federal law a second time by denying thi_ possession of and access to all of his legal materials, court cas_ & papers & law books in his cell with him and anything less would _ a violation of the controlling & other federal law and of the right access to the courts.

If this Plaintiff avers that he is not receiving the acc_ which he needs to his court case papers, legal materials & other _

and does not have enough paper, carbons and envelopes to enable him to file & serve his court pleadings in his pending court case, as the Plaintiff does herein this civil case sub judice, then it becomes incumbant upon Prison Officials and they have a legal duty and obligation under Bounds v. Smith, 430 U.S. 817, 97 S.Ct.1491, 52 L.Ed. 72 (1977), to ensure that this Plaintiff has adequate access to whatever legal materials, court case files/papers & law books and whatever amount of paper, carbon paper & envelopes that he states he needs to prepare such pleading(s) and, they may "not" by law deny any of such to him and if they do, as the prison officials here, then this court has a legal duty and obligation under Bounds, to order Prison Officials to provide all of such to him and by her September 13, 2001, Order, the U.S. Magistrate Judge violated fails to honor such legal duty & obligation and it makes no difference whatso at all that Plaintiff had adequate access to his court case files/papers, materials & law and/or that he was provided enough paper to enable h file some other legal pleading in the case at some point(s) in t past, for the controlling question is, and must be, does the plaintiff such adequate access to his court case files & papers & his leg materials & law books and to enough paper, carbon paper & envelopes, Plaintiff avers & submits that he does "not", herein this case

Furthermore, this court erred in basing its September 13, 20 Order, herein this case, upon it's Order of August 31, 2001, in anot one of this Plaintiff's civil rights actions, "Joie vs. Dragovich, et a Civil No. 1:CV-00-2123, in that, the circumstances of that case a different than those in this instant case, as herein this instant c this Plaintiff needs a total of 1       piece of paper and (8) eight carb in order to complete his pleadings, herein, while he needed only 20 ph of paper & two carbons to complete his pleadings in Joie vs. Dragovich, Civil No. 1:CV-00-2123.

Plaintiff furthermore avers & submits that, in her September 2001, order, U.S. District Judge Rambo, erroneously states:

"In his appeal, Plaintiff cites to an order of this court in another of his cases, Civil No. 1=CV-00-2123, in which this court recognized Plaintiff's need for his case file in order to respond to a motion by Defendants."[1]

however, such is just "not" true at all, as in his Appeal, this Plaintiff cites 2 orders of this court/judge, in two other of his cases, Jae vs. Long et al., CIVIL 1=CV-99-0091 and Jae vs. Laskey, CIVIL No. 1=CV-99-1610, dated, October 6, a full two months and then some before Jae vs. Dragovich, et al., CIV/No. 1-00-2123 was even filed with this court & thus, this Plaintiff nowhere in his Appeal even mentions CIV/No. 1=CV-00-2123 case & thus, the U.S. District Judge is wrong on such.

Plaintiff furthermore avers & submits that, in her September 13, 2001, U.S. District Judge Rambo ~~~~~~~ states:

"Before the court is an appeal by Plaintiff from an order of the Magistrate Judge denying Plaintiff's motion to require prison officials to return to Plaintiff all his legal materials/court case files, and law books, to provide him with paper, carbon paper, and envelopes, for sanctions against Defendants, and for a contempt citation against Sharon Sobek."[2]

and that while the above, is true & correct, the Plaintiff also appealed therein such same appeal from the magistrate judge's order which denied Plaintiff's motion for order requiring Defendant Dragovich and SCI-Greene Superintendent Conner Blaine, Jr., to allow Plaintiff to communicate with and write to Inmate Norman Johnston in the SCI-Camp Hill, however, the U.S. District Judge failed to address/rule such in her September 13, 2001, order, & thus, ~~~ reconsideration of the 9/13/01 should be granted her to do so.

Plaintiff furthermore avers & submits that, in her September 13, 2001, U.S. District Judge Rambo, states:

"With regard to the ~~~~~~~~ mandamus relevant to writing materials, this memorandum incorporates this court's memorandum order of August 31, 2001 in CIVIL No. 1=CV-00-2123, a copy of which is attached hereto as Exhibit A."[3]

however, this Plaintiff objects to this court doing such as such August 31, 2001, memorandum order in CIV/No. 1=CV-00-2123, is, contrary

---

1/ See U.S. District Judge Rambo's 9/13/01, order at 1.
2/ See I.D. at 1.
3/ See I.D. at 2.

4

to federal law & such 8/31/01, memorandum order misstates fa[cts] and makes false allegations, in that, in such memorandum or[der] U.S. District Judge, erroneously states:-

"By way of background, since February 20, 1990, Plaintiff has filed fourteen lawsuits in this district. Three cases are still open, two have been dismissed by stipulation, three were dismissed as frivolous, five were dismissed for failure to pay the filing fee and [one] for frivolousness, and one was closed by the grant of summary judgment for Defendants." 4/

however, this Plaintiff avers & submits that, the above is not tota[lly] accurate, as he has "not" had three case in this District dism[issed] as frivolous and the U.S. District Judge fails to give the cite[s] such three case which she cannot as such do not exist and [as] as to the five cases which she claims were dismissed for fa[ilure] to pay the filing fee and for frivolousness, it is true & correct [that] these five cases 5/ were dismissed due to plaintiff's failure [to] pay the courts outrageous & excessive $150.00 filing fee, ha[wever] it is "not" true & "is" incorrect that such cases were also dismissed for frivolousness and again the U.S. District Ju[dge] fails to even give the cite for any one of such.

Furthermore, in her August 31, 2001, order, U.S. District Judge Rambo, states:-

"Plaintiff has clearly abused the resources available to him in order to engage in frivolous litigation." 6/

however, this Plaintiff strongly objects and take strong excep[tion] to such outrageous specious and blatantly untrue statement [by] the U.S. District Judge, as she maliciously makes such w[ithout] offering any supporting evidence that such is true and th[at] because she cannot do so, as such "is" blatantly untr[ue] since 1998, this Plaintiff has filed 11 cases with this Distric[t]

───────────────
4/ See Appendix A to the U.S. District Judge's 9/13/01, order, at 2-
5/ To the contrary of what the U.S. District Judge states, there has bee[n five] cases dismissed for failure to pay the filing fee, they are: Joe K. [...] Civil No. 1: CV-98-0106, Joe vs. Horn et al, Civil No. 1: CV-98-0145, [Joe vs.] Long et al, Civil No. 1: CV-98-0115, Joe v. Glenn et al, Civil No. 1: CV-98-[...] vs. Luskey, Civil No. 1: CV-99-1610, Joe v. Clark et al, Civil No. 1: CV-00-1090, and two othe[rs]
6/ See Appendix A to the U.S. District Judge's 9/13/01 order, at 2-

which are: Joe vs. Yung, Civil No. 1=CV-98-0108; Joe v. Horn, et al, No. 1=CV-98-0114; Joe v. Long, et al, Civil No. 1=CV-98-0115; Joe vs. Ghe, et al, Civil No. 1=CV-98-1515; Joe vs. Laskey, Civil No. 1=CV-99-[?]; Joe vs. Wexford Health Service, Inc., Civil No. 1=CV-99-[?]; Joe vs. [?] et al, Civil No. 1=CV-1090; Joe vs. Wexford Health Services, Inc., Civil No. [?]-00-1534; Joe vs. Dragovich, et al, Civil No. 1=CV-00-2123; and [?] vs. C.O. Lester, Civil No. 1=CV-01-0041; and additionally Defendant removed two cases which this Plaintiff had filed in the [?]-State Courts to this U.S. District Court; this here instant case [?] Joe vs. Long, et al, Civil No. 1=CV-99-0071 and Joe vs. Long, et al Civil No. 1=CV-99-0071, was resolved by the grant of summary judgment and ███ this here instant case, Joe vs. Dragovich, et al, and Joe vs. [?] are all still pending before this Court. All other cases cited above dismissed for failure to pay filing fee. Not once in any one of [?] Plaintiff's Civil Actions, as above-cited, did this Court ever rule any pleading that this Plaintiff filed in any one of such cases [ever] frivolous nor that any of such cases were frivolous prior August 31, 2001, illegal Memorandum Order in Joe vs. Dragovich, Civil No. 1=CV-00-2123; and given such, there is no pr[?] for the U.S. District Judge's statement that, "Plaintiff has cl[early] the resources available to him in order to engage in frivolous lit[igation] this Plaintiff has "not" done at all; and lastly, the U.S. District Ju[dge's] August 31, 2001, Memorandum Order in Civil No. 1=CV-00-2123 [is] to be violative of the U.S. Supreme Court's decision/holding, in 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), where Mr. Just[ice] writing for the majority, stated/held:

"Moreover, our decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the Courts. It is indisputable that indigent inmates must be provided at State expense w[ith] paper and pen to draft legal documents, with notary[?] services to authenticate them, and with stamps to mail them." (Bounds, 97 S.Ct. at 1490);
[?] also violates the decision/ho[?]

United States District Court for the Eastern District of Pennsylvania, in Wade v. Kane, 448 F.Supp. 678 (E.D.Pa. 1978);

> "Finally, those Graterford inmates who are indigent have indisputable rights to be provided at state expense with paper and pen to draft legal documents." Id., at 82/25; Bounds v. Smith, supra, 97 S.Ct. 1496. These rights have been violated. Moreover, because "the State must provide indigent prisoners with the basic tools of an adequate defense or appeal, when tools are available for a price to other prisoners." Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431/433, 30 L.Ed.2d 40 (1971), the failure to make available writing materials and implements to indigent prisoners violates the Equal Protection Clause of the Fourteenth Amendment as well as the right of access to the courts. As a result, no justification offered by defendants can alter this conclusion of constitutional deprivation.

and thus, the U.S. District Judge in this instant case has abused her discretion & authority by her memorandum order in Civ. No. 1=CV= 2123 and in this instant case and such 9/13/01, order herein must be reconsidered and then vacated.

Finally, the Plaintiff avers & submits that, the U.S. District should reconsider her order of 9/13/01, that, Plaintiff shall file his response to Defendants' motion for summary judgment no later than September 2001, due to the fact that this Plaintiff has other legal pleadings due in other cases of his, which must be filed first before t, and he will not have enough of his $10 monthly postage allotment le for the postage costs to mail out his response to Defendants motion for summary judgment and supporting documents by September 28, 2001, and therefore, this Court should reconsider her 9/13/0 order and allow this Plaintiff until October 4, 2001, in which file his response to Defendants' motion for summary judgmen and er that no further enlargements of time will be granted.

RESPECTFULLY SUBMITTED=

Dated: 16th SEPTEMBER 2001=    (S) John Richard Sye
MR. JOHN RICHARD SYE, #BQ-327
SCI-Greene SMU
175 Progress Drive
Waynesburg, PA 15370-8089