IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN RICHARD JAE,** | : CIVIL NO. 1:CV-00-0315 |
| **Plaintiff** | : |
| v. | : |
| **KENNETH K. KYLER,** **JOHN A. PALAKOVICH,** **WILLIAM J. RHOADES,** **MARTIN DRAGNOVICH,** **OFFICER RUBENDALL,** and **OFFICER RAGER,** | : FILED HARRISBURG, PA SEP 27 2001 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |
| **Defendants** | : |

## MEMORANDUM AND ORDER

Before the court is Plaintiff's motion for reconsideration of this court's order dated September 13, 2001, affirming an order of the magistrate judge. Plaintiff continues to argue that Defendants' limitations on writing materials and access to his case files deny him access to the court. Plaintiff also points out that this court did not address Defendants' denial of his access to another prisoner for purposes of obtaining a declaration which would support some of the issues raised in one of his cases.

On the issues of access to writing materials and access to a prisoner for purposes of obtaining a declaration, this court finds that the magistrate judge appropriately addressed these issues. Accordingly, this court hereby adopts those portions of the August 14, 2001 order of the magistrate judge.

On the issue of Defendants' policy allowing restricted access to personal belongings in a cell, this court notes that the right of access to the court is not an unlimited right but instead ensures that one will be afforded a reasonable opportunity to be heard. *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir. 1986).

In *Turner v. Safley*, 482 U.S. 78 (1987), the United States Supreme Court articulated the standard for reviewing a prison regulation challenged on constitutional grounds: "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. *Turner* directs courts to assess the overall reasonableness of such regulations by weighing four factors: "First, there must be a 'valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it,' and this connection must not be "so remote as to render the policy arbitrary or irrational." Second, a court must consider whether inmates retain alternative means of exercising the circumscribed right. Third, a court must take into account the costs that accommodating the right would impose on other inmates, guards, and prison resources generally. And fourth, a court must consider whether there are alternatives to the regulation that "fully accommodate[] the prisoner's rights at de minimis cost to valid penological interests." *Id.* at 89-80.

First, the need to keep cells from clutter serves to protect again fire, health and safety factors.

Second, the right of access to case files is not entirely circumscribed. Every 30 days a prisoner has the right to exchange property in his cell for property in the property room.

2

Third, the costs of allowing every prisoner access to all their files cannot be assessed in dollars alone. Other factors such as the manpower hours to make more frequent searches of cells for contraband in file boxes, and the increased hazards of intentional fires, etc., would severely impact on prison resources.

Fourth, as noted above, the inmates have an alternative to the regulation -- monthly swaps of property – that fully accommodates a prisoner's rights.

The regulation is reasonable and is not arbitrary or irrational.

For the reasons stated in the magistrate judge's memorandum and order dated August 14, 2001 and this court's September 13, 2001 order, **IT IS HEREBY ORDERED THAT** the motion for reconsideration is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: September 27, 2001.

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:00-cv-00315   Jae v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae #BQ-32-9
SCI-GREENE
175 Progress Drive
Waynesburg, PA  15370

Michael L. Harvey, Esq.
Susan J. Forney, Esq.
Office of Attorney General
Strawberry Square 15th Floor
Harrisburg, PA  17120

cc:
Judge                          (X)           ( ) Pro Se Law Clerk
Magistrate Judge               ( )           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen ( )    PA Atty Gen ( )
                                        DA of County ( )   Respondents ( )

Bankruptcy Court               ( )
Other_____     ( )

                                                MARY E. D'ANDREA, Clerk

DATE: September 27th, 2001                   BY: _____
                                                   Deputy Clerk