"Please File In Case"
Ct

# ORIGINAL

(162)
11/6/0_
vt_

FILED
HARRISBURG

NOV 0 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

Plaintiff,

vs.

KENNETH D. KYLER, JOHN A. PALAKOVICH,
LT. WILLIAM J. RHOADES, MARTIN L. DRAGOVICH,
OFFICER RUBENDALL and OFFICER RAGER,

Defendants.

CIVIL NUMBER: 1: CV-00-0315

TYPE OF PLEADING: PLAINTIFF'S BRIEF
OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT

FILED ON BEHALF OF:
JOHN RICHARD JAE,

Plaintiff and Pro Se Counsel

NAME, ADDRESS AND TELEPHONE OF:

☐ Counsel of Record
☒ Individual, if Pro Se

MR. JOHN RICHARD JAE,
# BQ-3219
SCI- Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-8089

# TABLE OF CONTENTS

TABLE OF CITATIONS OF AUTHORITIES --- FF

COUNTER STATEMENT OF THE CASE ---- VII

COUNTER STATEMENT OF THE FACTS ---- VIII

COUNTER STATEMENT OF THE QUESTIONS PRESENTED --- IX

SUMMARY OF THE ARGUMENT/STANDARD OF REVIEW ---- X

ARGUMENTS --------- 1

I. DEFENDANTS ARE "NOT" ENTITLED TO JUDGMENT
AS A MATTER OF LAW HEREIN THIS CASE AND THEIR
MOTION FOR SUMMARY JUDGMENT "MUST" BE
DENIED, WITH PREJUDICE --- 1

A. Plaintiff's Claims Must "Not" Be Dismissed
As He Has "Not" Failed To Exhaust His Available
Administrative Remedies ---- 1

B. Plaintiff Has "Not" Failed To Establish Claims
For Which Relief Can Be Granted ---- 3

a. Showers, exercise and Cell Temperature ---- 3

b. Access to the Courts ---- 6

c. Religious Materials ----

C. Plaintiff's State Law Claims Are "Not" Barred
By The Eleventh Amendment And State Law
Sovereign Immunity ----

II. PLAINTIFFS FURTHER/OTHER ARGUMENTS ----

III. CONCLUSION ----

IV. RELIEF REQUESTED ----



TABLE OF CITATIONS OF AUTHORITIES    PAG

Adickes v. H. Kress & Co., 398 U.S. 144, 90
S. Ct. 1598, 26 L. Ed. 2d 142 (1970) - - - - xi

Alabama Farm Bureau Mutual Casualty Company
Inc., ect., v. American Fidelity Life Insurance
Company, ect., et. al., 606 F. 2d 602 (5th Cir. 1976) - - - xvi

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255,
106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) - - - xi, xi

Andrade v. Hauck, 452 F. 2d 1071-72 (5th Cir. 1971) - - - - 8

Auletta v. Tully, (D.C. N.Y. 1983) 576 F. Supp. 191, affirmed, 732 F. 2d 142, 142 - - - xv

Avrick v. Rockmont Envelope Company, 155 F. 2d 568 (10th Cir. 1946) - - - x

Balabin v. Scully, 606 F. Supp. 176, 183-84 (S.D. N.Y. 1985) - - - -

Bail Patnerp v. Pacffida Police Dept., 901 F. 2d 696 (9th Cir. 1990) - - - x

Beck v. Lynaugh, 842 F. 2d 759, 761 (5th Cir. 1988) - - - -

Board of Pardons v. Allen, 482 U.S. 369, 374-80, 107 S. Ct. 2415 (1987) - -

Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977) - -

Bracey v. Herringa, 466 F. 2d 702 (7th Cir. 1972) - - -

Bradbury v. Wainwright, 718 F. 2d 1538 (1983) - - -
DES Inc. v. W.E. Grace Mfg. Co., 261 F. 2d 428, 432 (5th Cir. 1958) - - -
Brownlee v. Conine, 957 F. 2d 353, 354 (7th Cir. 1992) - - -

Brunswick Corp. v. Vineberg (C.A. Fla. 1967) 370 F. 2d 605 - - -

Caldwell v. Miller, 790 F. 2d 589 (7th Cir. 1986) - - -

California Motor Transport Co. v. Trucking Unlimited, 404
U.S. 508, 513, 92 S. Ct. 609, 613, 30 L. Ed. 2d 642 (1972) - - -

Camp v. Brennan, 219 F. 3d 279 (3d Cir. 2000) - - -

Carter v. Hutto, 781 F. 2d 1028, 1031-32 (4th Cir. 1986) - - -

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986) - -

Chambers v. Baltimore & Ohio Railroad, 207 U.S. 142, 148, 28
S. Ct. 34, 35, 52 L. Ed. 2143 (1907) - - -

Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 466-67, 101 S. Ct. 2460 (1981) -

Corselli v. Coughlin, 842 F. 2d 23, 27 (2d Cir. 1988) -

Canty Floors, Inc. v. Brenner, 930 F. 2d 1056, 1061 (3d Cir. 1991) -

Cox v. English American Underwriters (C.A. Cal. 1957) 245 F. 2d 330)

TABLE OF CITATIONS OF AUTHORITIES - Cont'd.    PAGE:

Dolphin v. Madson, 626 F. Supp. 229, 240 (D. Conn. 1986) --- 14

Donahue v. Windsor Locks Board of Fire Comrs, 834 F.2d 54 (2d Cir. 1987) --- XIX

Egelston v. State Univ. College at Geneseo, 535 F.2d 752 (2d Cir. 1976) --- XIII

Elrod v. Burns, 427 U.S. 347, 96 S. Ct. 2673 (1976) --- XIX, 12

Farmer v. Carlson, 685 F. Supp. 1335, 1343 (M.D. Pa. 1988) --- 4

Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) --- 4

Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1983) --- XVIII

Foulds v. Corley, 833 F.2d 52, 54 (5th Cir. 1987) --- XII

French v. Owens, 777 F.2d 1250, 1252-53 (7th Cir. 1985), cert. denied 479 U.S. 817 (1986) --- 5

Gallipeau v. Berard, 734 F. Supp. 48, 53 (D.R.I. 1990) --- 8

Gentry v. Duckworth, 65 F.3d 555, 559 (7th Cir. 1995) --- 6

Gillespie v. Crawford, 833 F.2d 47, 50 (5th Cir. 1987) --- 5

Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) --- XV

Hafer v. Melo, 502 U.S. 21, 112 S. Ct. 358 (1991) --- 14

Hartford v. Smith, 272 F. Supp. 823, 832-833 (D. Wis. 1967) --- XV

Hathaway v. Coughlin, 841 F.2d 48, 50 (2d Cir. 1988) --- XV

Hawkins v. Poole, 779 F.2d 1267 (7th Cir. 1985) --- XV

Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir. 1991) --- 5

Hewitt v. Helms, 459 U.S. 460, 472, 103 S. Ct. 864 (1983) --- 3

accord - Kentucky Dept. of Corrections v. Thompson, 490 U.S. at 463

Hoffman v. Palmer, 129 F.2d 976 (2d Cir. 1942) --- X

Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) --- 5

Howlett v. Rose, 496 U.S. 356, 110 S. Ct. 2430 (1990) --- 14

Hudson v. Hardy, 412 F.2d 1091, 1095 (D.C. Cir. 1968) --- XIX

Inmates of B-Block v. Jeffes, 79 Pa. Commw. 275, 470 A.2d 176, 178-80 (Pa. Commw. 1983), aff'd 504 Pa. 509, 475 A.2d 743 (1984) --- 4

Inmates of Occoquan v. Barry, 717 F. Supp. 854, 866-67 (D.D.C. 1989) --- 5

In re Coordinated Pre-Trial Proceedings in Antibiotic Antitrust Actions (C.A. Minn. 1976), 538 F.2d 180, cert. denied 429 U.S. 1040, 50 L. Ed. 2d 751 --- XII

Jackson v. Pleasant, 789 F.2d 307, 310-11 (5th Cir. 1980) --- 8

Jefferson v. Southworth, 447 F. Supp. 179, 191 (D.R.I. 1978), aff'd sub nom. Palmigiano v. Garrahy, 616 F.2d 598 (1st Cir.) --- 8

Johnson v. Avery, 393 U.S. 483, 485, 89 S. Ct. 747, 21 L. Ed. 2d 718 (71) (1969) --- 4

Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462, 109 S. Ct. 1904 (1989) --- 7

Layton v. Beyer, 953 F.2d 839, 844 (3d Cir. 1992) --- 3

Lewis v. Casey, 518 U.S. 343,

TABLE OF CITATIONS OF AUTHORITIES, Cont'd.                    PAGE

Lewis v. Lane, 816 F. 2d 1165, 1171 (7th CIR. 1987) - - - - 5

Lang v. Pinkof, 390 F. 2d 816 (3d CIR. 1968) - - - - - - - 12

Matsushita Electric Industrial Company v. Zenith
Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986) - - - XI, XII,

Meachum v. Fano, 427 U.S. 215, 226-27 - - - - - - - - 3

Michael v. Meier, 8 F. 2d 464 (D.C. Pa. 1948) - - - - - XIII

Milhouse v. Carlson, 652 F. 2d 970, 374 (3d CIR. 1981) - - - 8

Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326 - - 5

Morello v. James, 627 F. Supp. 1571, 1574 (W.D. N.Y. 1986) - - - 8

Muk Muk v. Commissioner of Department, 529 F2d 272 (2d CIR. 1976) - - - - 12

Ness v. Marshall, 660 F. 2d 517 (3d CIR. 1981) - - - XIII

O'Bannon v. U.S. Dept of Defense, Dept of the Navy (D.C. Iowa 1983) 561 F Supp. 977, affirmed 709 F2d 621 - - - XVII

O'Pim v. Wakinekona, 461 U.S. 238, 250, 103 S.Ct. 1741 (1983) - - - 3

Patterson v. Mintzes, 717 F. 2d 284, 288 (6th CIR. 1983) - - - - 8

Peterkin v. Jeffes, 661 F. Supp. 895, 914-15 (1987) - - - - 4

Peterkin v. Jeffes, 855 F. 2d 1021 (3d CIR. 1988) - - - 6

Procunier v. Martinez, 416 U.S. 396, 94 S. Ct. 1800 (1974) - - - 8

Ramos v. Lamm, 520 F. Supp. 1059, 1063 (D. Colo. 1981) - - - 5

Ramos v. Lamm, 63 F. 2d 559, 568-70 (10th CIR. 1980) - - - 5

Rhone v. Gragg, 6 F. Supp. 1297, 1304 (D. Kan. 1986) - - - 5

Reutcke v. Dahm, 707 F. Supp. 1121, 1130 (D. Neb. 1988) - - - 8

Rizzo v. Dawson, 778 F. 2d 786 (9th CIR. 1985) - - - 7

Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F2d 207, 211 (8th CIR. 1976) - - - XV

Roberts v. Browning d/b/a Browning Inc., 610 F2d 528, 536 (6th CIR. 1979) - - - XV

Roman v. Jeffes, 904 F. 2d 192, 198 (3d CIR. 1990) - - - 

Romano v. Howarth, 998 F. 2d 101 (2d CIR. 1993) - - - 

Ruiz v. Estelle, 503 F. Supp. 1265 (S. D. Tex. 1980) - - - 

Ryland v. Shapiro, 708 F.2d 967, 971-72 (5th CIR. 1983) - - - 

Schever v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683 (1974) - - - 

Schoch v. First Fidelity Bank Corporation, 912 F. 2d 654, 657 (3d CIR. 1990), quoting Lujan v. National Wildlife Fed'n, 110 S. Ct. 2177, 2189 (1990) - - - 

Sigafus v. Brown, 416 F2d 105, 107 (7th CIR. 1969) - - - 

Simmons v. Dickhaut, 804 F2d 182, 183-185 (1st CIR. 1986) - - - 

Slavin v. Curry, 574 F2d 1256, 1260 (5th CIR. 1978) - - - 

Sifte v. Borton Kircher, 526 F. Supp. 1264, 1265 (N.D. W. Va. 1981) - - - 

Smith v. Maschner, 899 F. 2d 940, 949 (10th CIR. 1990) - - - 

Sowell v. Vose, 941 F. 2d 32, 34-35 (1st CIR. 1991) - - -

## TABLE OF CITATIONS OF AUTHORITIES - Cont'd.                    PAGE

Taylor v. Gibson, 529 F.2d 707, 709 (5th Cir. 1976) - - - - - xvii

Tenmunde v. Cook, 684 F.Supp. 255, 259-60 (D. Utah 1988) - - - - 4

Tilley v. Owens, 719 F.Supp. 1256, 1283, 1284 (W.D.Pa. 1989) - - - - 8

Tilley v. Owens, 719 F.Supp. 1256, 1271 (W.D.Pa. 1989), aff'd, 907 F.2d 1418 (3d Cir. 1990) - - - - 5

Titman v. Ackman, 893 F.2d 1145, 1147 (7th Cir. 1990) - - - - xv

Toney v. Kawasaki Heavy Industries, Ltd., (S.D. Miss. 1991) 763 F.Supp. 1356) - - - - xvi

Toussaint v. McCarthy, 597 F.Supp., at 1395-96, 1409 - - - - 5

Toussaint v. McCarthy, 801 F.2d 1080, 1108-10 (9th Cir. 1986) - - - - 3, 8

Tyler v. Woodson, 465 F.2d 822 (1972) - - - - - 8

United States v. Ware, 247 F.2d 698, 700 (7th Cir. 1951) - - - - x

Walker v. Blackwell, 411 F.2d 23 (5th Cir. 1969) - - - - 12

Wehmie v. Brooks, 269 F.Supp. 785 (D.C.N.C. 1966) affirmed 391 F.2d 884 - - - xv

Williams v. ICC Committee, 812 F.Supp. 1029, 1032-33 (N.D.Cal. 1993) - - - 8

Williams v. West Chester, 891 F.2d 458, 461 (3d Cir. 1989) - - - - x

Williams v. White, 897 F.2d 942, 945 (8th Cir. 1990) - - - - x

Wilson v. Seiter, 501 U.S. 295, 111 S.Ct. 2321 (1991) - - - - 5

Wilson v. Williams, 997 F.2d 348, 350-51 (7th Cir. 1993) - - - - 5

Wojtczak v. Cuyler, 480 F.Supp. 1288, 1296, 1297 (E.D.Pa. 1979) - - - - 5

Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1971) - - - - 5

Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) - - - - 5

Yates v. Blair Transport, Inc., 249 F.Supp. 681, 690 (S.D.N.Y. 1965) - - - - 5

Zilich v. Lucht, 981 F.2d 694 (3d Cir. 1992) - - - - - 5

## OTHER CASES CITED:

Acosta v. Grady, 1999 W.L. 158417, p. 6 (E.D. Pa. 1999) - - - - 

Briggs v. Heidlebaugh, 1997 W.L. 318081 (E.D.Pa. 1997) - - - - 

DeFilippo v. Vaughn, 1996 W.L. 355326 (E.D.Pa. 1996) - - - - 

## U.S. CONSTITUTIONAL PROVISIONS:

First Amendment, United States Constitution - - - - 

Seventh Amendment, United States Constitution - - - - 

Eighth Amendment, United States Constitution - - - - 

Fourteenth Amendment, United States Constitution - - - - 

## FEDERAL STATUTORY PROVISIONS:

42 U.S.C. §1983 - - - 

42 U.S.C. §1997e (a) - - - 

## FEDERAL RULES OF CIVIL PROCEDURE:

Fed. R. Civ. P. RULE 56 -

TABLE OF CITATIONS OF AUTHORITIES, Cont'd.    PAG

## FEDERAL RULES OF EVIDENCE:

Fed. R. Evid., Rule 803(6) ---- XP

Fed. R. Evid., Rule 803(8) ---- XP

## UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF PA, LOCAL COURT RULE:

U.S.D.C. M.D. LR 7.8 - - - - 3/

## PENNSYLVANIA STATE CONSTITUTIONAL PROVISIONS:

Article 1, §1, Pa. State Constitution ----

Article 1, §3, Pa. State Constitution ----

Article 1, §7, Pa. State Constitution ----

Article 1, §13, Pa. State Constitution ----

Article 1, §20, Pa. State Constitution ----

Article 1, §26, Pa. State Constitution ----

## PENNSYLVANIA STATE STATUTORY PROVISIONS:

Title 37 Pa. Code § 93.6 - - - -

1 Pa. C.S. § 2310 - - - - - -

61 P.S. §101, as amended, - - - - -

## PENNSYLVANIA DEPARTMENT OF CORRECTIONS ADMINISTRATIVE DIRECTIVES:

DC-ADM. # 801. VI. D - 5 -

DC-ADM. # 801. VI. D - 8 -

DC-ADM. # 801. VI. G-$I -

DC-ADM. # 801. VI. M.5 -

DC-ADM. # 801. VI. M. 8 -

DC-ADM. # 801-2 -

DC-ADM. # 804. VI. E. 2 -

## OTHER CITATIONS:

10 C. Wright, A. Kane, Federal Practice and Procedure, section 2728 §§2739 et

American Correctional Association (ACA) Standards 3-426-

## Counter STATEMENT OF THE CASE

On or About January 6, 2000, Plaintiff John Richard Lee, a Pennsy[lvania] State Prisoner, then confined at SCI-Camp Hill RHU, filed his 42 U.S.C. 1983 Civil Rights Complaint Filed in State Court )State Civil Action-At-Law— Court of Common Pleas of Cumberland County at No. 00-0057-Civil Term.

This Complaint named as Party Defendants, Kenneth Kyler, the Fo[rmer] Superintendent of SCI-Camp Hill, John A. Palakovich, the Deputy Superin[tendent] For Facilities Management at SCI-Camp Hill and Lt. W. Rhoades, SCI-[Camp] Hill Restricted Housing Unit ("RHU") Lieutenant/Unit Manager.

On or About February 17, 2000, Plaintiff Filed an Amended Compl[aint] adding Martin L. Dragovich, the new SCI-Camp Hill Superintenden[t], a Party Defendant to this Civil Rights Action.

In his Complaint and Amended Complaint, herein, the Plain[tiff] alleged that the Defendants violated the law & his Rights under the Eighth and Fourteenth Amendments of the United States Constitution, an[d] under various provisions of the Pennsylvania State Constitution and policies. By way of Relief, the Complaint and Amended Complaint declaratory Relief, Compensatory and Punitive Damages, Plaintiff['s] costs, Filing Fees & Service Fees for this Civil Action, Injunctiv[e Relief,] A Trial By A Jury and Such Other and Further Relief As This Court Deems is J[ust] & Equitable, Herein.

Defendants removed this Civil Rights Action to the Federal Court on Feb[ruary...] On July 17, 2000, this Court granted Plaintiff leave to Filed supplem[ental] herein this case, adding Corrections Officers Rubendall, Prager, the SC[I Camp Hill] Property Officers, as Party Defendants to this Civil Rights Action & u[...] Facts Regarding, inter alia, the denial of Plaintiff's access to his lega[l] materials in requesting the same Relief as above-stated.

On October 17, 2000, Defendants by counsel, Filed their motion for summary [judgment] and Statement of Undisputed Facts, herein, and on December 5, 2000, Memorandum and Documents In Support of Motion For Summary Judgment. This Is the Plaintiff's Brief In Opposition To Defen[dants'...]

## COUNTER STATEMENT OF THE QUESTIONS PRESENTED

I - ARE THE DEFENDANTS ENTITLED TO JUDGMENT AS A MATTER OF LAW HEREIN THIS CASE, OR, MUST THEIR MOTION FOR SUMMARY JUDGMENT BE DENIED, WITH PREJUDICE?

Suggested Answers: No, Yes.

II - HAS PLAINTIFF FAILED TO EXHAUST HIS "AVAILABLE" ADMINISTRATIVE REMEDIES?

Suggested Answer: No

III - HAS PLAINTIFF FAILED TO ESTABLISH CLAIMS UPON WHICH RELIEF CAN BE GRANTED?

Suggested Answer: No

IV - ARE PLAINTIFF'S STATE LAW CLAIMS BARRED BY THE ELEVENTH AMENDMENT AND STATE LAW SOVEREIGN IMMUNITY?

Suggested Answer: No

## SUMMARY OF THE ARGUMENT/STANDARD OF REVIEW

Plaintiff John Richard Doe notes at the outset here, that in Bracey v. Herringa, 466 F.2d 702 (7th Cir. 1972), the U.S. Court of Appeals for the Seventh Circuit, stated & held:

> There obviously exists a serious triable question of whether the summary judgment procedure should ever be employed against an incarcerated party, particularly against one held in solitary confinement, in view of the language of Fed. R.Civ.P. 56(f). (Bracey, 466 F.2d at 703).

Furthermore, the U.S. Court of Appeals in Bracey, concluded:

> We conclude that it was error for the district court to accept in support of the defendant's motion for summary judgment, a record which included the self-serving statements of the defendants themselves as well as statements of other prison guards whose subject to possible Civil Rights Act liability. This kind of record lacks reliability and trustworthiness. (Bracey, 466 F.2d at 703).

See also Romano v. Howarth, 998 F.2d 101 (2d Cir. 1993). The Seventh Circuit's above- Bracey decision was based upon in Hoffman v. Palmer, 129 F.2d 976 (2d Cir. 1942), United States v. Ware, 698/700 (7th Cir. 1957) and Yates v. Blair Transport, Inc., 249 F.Supp. (1965)(Police reports are ordinarily excluded when offered by the party at whose instance they were made).

The Seventh Circuit's above- Bracey decision was also based upon the basis of Fed.R.Civ.P. 56(f).

Fed.R.Civ.P. 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify his opposition, the Court may refuse the application for judgment...

Furthermore, the notes of the advisory committee on the 1987 Amendment state summary judgment may be inappropriate where the party opposing it shows under that he cannot at the time present facts essential to justify his opposition. It can be argued that a prisoner by virtue of his status shows that he cannot present facts to justify his opposition. See n-1, of Bracey above.

Here in this instant Civil Rights action of this Plaintiff's, (like in Bracey), Defendants' self-serving arguments & their unsworn evidence which is the basis of their motion for summary judgment, herein, are unreliable & do not exhibit trustworthiness. Further, these defendants of this Civil Rights action can do like they done anything they want to there, furthermore, here...

opposition To Defendants' Motion For Summary Judgment And Memorandum in support, "is" confined in a prison lock down/segregation unit, in view of the housing of [ROI]

See also Fed. R. Evid. Rules 803(6) & 803(8).

Plaintiff furthermore avers/submits that the relevant part of Fed. R. Civ. P. 56(c) s[ ]

The Judgment sought shall be rendered forth with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to Judgment as a matter of law.

Herein this instant case, the pleadings, answers to interrogatories, admissions on file, all show that there remains immense genuine issues of material facts & that the Defendants (the moving parties) are "not" entitled to Judgment as a [ ]

The rule further provides that "when a motion for summary Judgment is made & supported as provided in this rule, an adverse party may not rest upon the mere allegations the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that genuine issue for trial. If the adverse party does not so respond, summary if appropriate, shall be entered against the adverse party.

In a trilogy of cases, the Supreme Court provided the standards Judgment. In Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. [ ] (1986), the court emphasized that the non-moving party must come forw[ ] specific facts showing a genuine issue of fact for trial. In Cel[ ] Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986), the Court clarified the [ ] the moving and the non-moving parties.

And finally in Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (198[ ] defined what constitutes a genuine issue of fact precluding summary [ ]

The party moving for summary Judgment has the initial burden of to the district court that there is an absence of evidence to support party's claims; it need not support its motion with affidavits or [ ] materials that negate the opposing party's claims. Celotex, supra; County [ ] G. e.[ ] 930 F.2d 1056, 1061 (3d Cir. 1991). Further Rule 56 enables a party [ ] there is no genuine dispute as to a specific, essential fact to demand at [ ] averment of that fact before the lengthy process of litigation continues." Sch[ ] Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting, Lujan v. Nat'l [ ]

affirmative evidence, that is evidence which amounts to more than a scintilla but less than a preponderance, which supports each element of a claim to defeat a properly presented motion for summary judgment. Williams v. West Chester, 891 F.2d 458, 461 (3d Cir) 1989). See also Anderson v. Liberty Lobby, Inc., 477 U.S., at 256-57. He must go beyond the pleadings & show specific facts by affidavit or by information contained in the file (i.e., depositions, answers to interrogatories and admissions) Country Floors Inc. v. Gepner, 930 F.2d 1056, 1061 (3d Cir). herein this case sub judice, this Plaintiff has met his burden of proving elements essential to his claims. see Celotex, supra, 477 US, at 322.

A material fact is a fact whose resolution will effect the outcome of case under applicable law. Anderson v. Liberty Lobby, Inc., 477 US, (1986).

Although the Court must resolve any doubt as to the existence of issues of fact against the party moving for summary judgment, Rule 56 "does Not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Fireman's Ins. Co. v. DuFresne, F.2d 965, 969 (3d Cir. 1982).

Summary judgment is only precluded "if the dispute about a material fact is 'genuine', that is if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S., at 247-248. this case sub judice, while the Defendants have "not" clearly met, the Plaintiff clearly "has" met his burden.

Furthermore, in Bradbury v. Wainwright, 718 F.2d 1538 (1983), the Court held This Court has repeatedly said that even if the parties agree on the basic facts, summary judgment may be in appropriate if the parties "disagree about the factual inferences that should be drawn from these facts." Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d at 1296; Clemons v. Dougherty County, Ga., 684 F.2d at 1369; Environmental Defense v. Continental Insurance Co., 414 F.2d 1211, 1213 (5th Cir. 1969); NLRB v. Smith Industries, Inc., 403 F.2d 889, 893 (5th Cir. 1968); Keating v. Jones Development of Miss. Currie, Inc., 398 F.2d 1011, 1013 (5th Cir. 1968). Put another way, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." Clark v. Union Mutual Life Insurance Co., 692 F.2d 1370, 1372 (11th Cir. 1982). Clemons v. Dougherty County, Ga., 684 F.2d at 1369. Impossible the Plaintiffs technique, continental Assurance Inc., 689 F.2d 1354 1363 (11th Cir. 1982)

No matter how enticing it (summary judgment) cannot short circuit a trial by a judge or jury of fact questions Pf they are really in the case. See Bros, Inc. v. W.E. Grace Mfg. Co., 261 F.2d 428/ (5th Cir. 1958).

Summary judgment must be used sparingly since its prophylactic function, when exercised, cuts off a party's right to present it case to a jury. See Egelston v. State Univ. College at Genesco, 535 F.2d 752 (2d

Since the impact of a successful Rule 56 motion is either dra summary judgment must be used with a due regard for its purp and should be cautiously invoked so that no person will b improperly deprived a trial of disputed factual issues. As by the Tenth Circuit in Avrick v. Rockmont Envelope Company, 155 568 (10th Cir. 1946): "The power to pierce the flimsy and transp factual averl should be temperately and cautiously used lest abuse of privil

Here in this civil rights action sub judice the award of summ to the Defendants, would clearly and improperly short circuit this right to a trial by a jury, his right to present his case to and deprive him of a trial of disputed factual issues and, th judgment must be denied to the Defendants, here in this case, as a matter of law.

Plaintiff furthermore avers & submits that, a materia one whose resolution will effect the outcome of the case, a is central to an element of a claim or defense.

Furthermore, a related issue concerns the nature of the e the evidentiary and factual conflict is direct, summary judgm denied absent the rare instance where the court may di witness or source. For example, where the plaintiff in an automoshi swears the stoplight was green in his favor, while the defendant green in her favor, they have presented conflicting direct eviden

corroborating direct evidence and summary judgment is unavailable.

Here, in this case sub judice, where the Defendants claim the genuine

material facts show that plaintiff has failed to show that he was actually injured
Defendants denying him his personal law books & legal materials and by their actions in not
returning his legal materials to him and thus he was not denied his right to a
the courts, from November, 1999, to April 17, 2000, plaintiff was allowed to h[ave]
box of legal materials in his cell plus a personal bible, koran or equivalent
publication (Livingood Dec., 21, Ex-4, VI, D/E); that other materials were standa[rd]
maintain by the property officer (id.); that, even though he may not have had other
basis (id.); that, even though he may not have had other religious material
suffer a violation of his First Amendment rights; that, the records haue
end of April, 2000 materials were removed from his cell because he attempted such
staples (supplemental complaint, ¶-9); some of his materials were returned
before the month ended while others was returned in early May (Livingood Dec., 25, Ex-2);
of the circumstances, the relatively brief deprivation of his materials did no[t]
First Amendment violation and that, plaintiff failed to exhaust his administ[rative]
by filing an official inmate grievance as to his issues of denial shave and while exe[rcise]
placing of the plexiglass shield on his cell door prior to bringing this action and the
must be dismissed as a result; the plaintiff claims that he was denied his s
soft cover law books & legal materials from November 26, 1999 — February 13, 2000, a[nd]
personal religious books/materials from November 26, 1999 — January 30, 2000, th[at]
#801, VI-D/E, and DC-ADM#801-2, allowed him to have one (1) record center box of legal
materials during the relevant time period of November 26, 1999 — February 13, 2000
26, 1999 — January 30, 2000, but that the Defendants violated such policies and de[nied]
law books and other religious books/materials; that, such law books were neces[sary]
his legal pleadings in his court cases and that such other religious materials/books
to enable him to have religious study and devotional time and that without such
adequately do so; that the Defendant property officers did not timely follow
by the Medical Director and Psychiatrist; the Superintendent & the Deputy Superintendent do
return his legal, religious & other papers to him; that he did attempt to file a gr[ievance]
his claims of the defendants denial of his religious materials & shaver & while exer[cise]
placing of the plexiglass shield over his cell door & excessive heat/poor ventilation, but tha[t]
prevented from doing so by the prison grievance coordinator; that he was not yelling/disrup[tive]
November 21, 1999, and that all defendants herein have failed to follow and abide by mandatory po[licy]

For summary Judgment must be denied, with prejudice herein, for ...
such would be contrary to the compelling federal law & violation of ...
such. Furthermore, the Plaintiff avers & submits that even if a ...
feels that summary Judgment in a given case is technically p...
Judicial policy and the proper exercise of Judicial discretion may permit...
the motion and permit the case to be fully developed at trial, as th...
rights of the movant can always be protected in the course of an even...
trial. See 10 C. Wright, A. Kane, Federal Practice and Procedure, Section...

Furthermore, the United States Supreme Court has cautioned that s...
Judgment not become a trial by affidavit and that "credibility determina...
weighing of evidence, and the drawing of legitimate inferences f...
facts are jury functions, not those of a Judge. - - - - The evidence o...
-movant is to be believed, and all justifiable inferences are to be d...
favor." See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255, 106 S...
91 L.Ed.2d 202 (1986). Other Federal courts have held the same. See...
779 F.2d 1207 (6th Cir. 1985) (credibility is an issue to be determined by...
Judgment); Wilson v. Williams 997 F.2d 348, 350-51 (7th Cir. 1993) (...
925 F.2d 90, 95 (4th Cir. 1991); Tolan v. Ackman, 893 F.2d 145, 147 (4th Cir. 199...
supposed to decide disputed facts or assess credibility on a summ...
motion). See also Dickenson v. U.S. Steel Corp. 759 F.Supp. 2 (D.C...
considering motion for summary Judgment, court may not resolve iss...
credibility or fact and if material fact issues are in dispute sum...
is not appropriate). Wehrle v. Beth, 269 F.Supp. 785 (D.C. N.C 1967) (...
288 (in determining motion for summary Judgment, district Judge can...
find facts in sense of resolving questions of credibility or conflicting test...

Plaintiff furthermore avers & submits that, the court, in determining whether...
genuine issue of material fact, must view all facts and all reasonable inferenc...
non-moving party. See Matsushita Electric Industrial Co. Ltd. v. Zenith R...
574, 587, 106 S. Ct. 1348 (1986); Hathaway v. Coughlin, 841 F.2d 48, 50 (...
831, 832-833 (D. Va 6-1967) (In any action for summary Judgment th...
function to determine disputed issues of fact. Though the court may feel...
with only a few of the facts than the other, it is clear that as long as there i...
issue of fact, summary Judgment that all not be ...

law, ~ the court will deny summary judgment

herein this case sub judice, the facts at issue are gen...

facts, which are in dispute and on which a reasonable jury could re...

verdict in favor of the non-moving party (the Plaintiff herein) given...

is stated [set forth] herein this Brief at 1-17, infra, & the other ple...

this case, the Defendants' Answers to Plaintiff's First and Seco...

Interrogatories, the Admissions on File, Plaintiff's Initial, Ame...

Supplemental Complaints, the Affidavit of Plaintiff John Richa...

Plaintiff's Statement of Disputed Factual Issues, Plaintiff's...

in the accompanying Appendix of Exhibits, the Defendants ar...

entitled to judgment as a matter of law herein this instant civil...

action, and that Defendants' Motion for summary judgment...

be denied, with prejudice, as a matter of law herein this instan...

Furthermore, plaintiff avers & submits that, because Defendants Kyle

Rhodes, Dragovich, Ruben dall & Rager, by their answers & other pleadings herein h...

denied 99% of the factual averments/Allegations of this Plaintiff's Initial, A...

Supplemental Complaints, herein, they have created a genuine issue of dis...

facts, herein, thus precluding any award of summary judgment to...

and this court, as a matter of law, must deny, with prejudice, their Mo...

summary judgment herein this case.

The language of Rule 56(c) of the Federal Rules of Civil Pr...

clear, that the only time a summary judgment award is a...

when there is a showing that there is no genuine issue as t...

fact and that the moving party is entitled to judgment as a matter of l...

showing is [not] present herein this instant civil rights...

thus, the court may not award summary judgment to the Defend...

In determining a motion for summary judgment, courts use a t...

process. First, and foremost, the courts must determine whether...

disputed facts which present a genuine issue of material fact...

if the facts are disputed and present a genuine issue of materia...

trial, the court's inquiry must stop right then & there & the court m...

the moving party's motion for summary judgment. Only if the court...

Upon this instant case, because there remains disputed material facts
present a genuine issue of fact for trial, this cant cannot reach step 4 of the Summary Judgment
united District

Judge is frequently tempted in these days of crowded dockets to dispose
of a case summarily if he feels that the party opposing a motion for
summary judgment cannot prevail legally upon trial, the Federal

courts have cautioned that a district judge in order
to dispose of a case summarily should not make the case hard by deciding
a difficult or doubtful question of law that might not survive factual
determinations. Robert John Train Co. v. Chemical Interchange Co., 54
207, 211  (8th Cir. 1979); Roberts v. Browning d/b/a Browning, Inc., 61
F.2d 528, 536 (8th Cir. 1979).  (Olberding v. U.S. Dept. of Defense,
Dept. of the Army, (D.C. Iowa 1983), 564 F.Supp. 907, affirmed, 709 F.2d6

In ruling on motion for summary judgment, district court must no
resolve factual disputes by weighing conflicting evidence since it is
provence of jury to assess probative value of evidence. Toney v. Kawas
Heavy Industries, Ltd., (S.D. Miss. 1991), 763 F. Supp. 1356.

Summary judgment is not to be used as a substitute for trial but
only when it is quite clear what the truth is and that no genuine issue
of fact remains for trial.  In re Coordinated Pre-Trial Proceedings in
Antibiotic Antitrust Actions, (C.A. Minn. 1976), 538 F.2d 189, certiora r
denied, 97 S.Ct. 738, 429 U.S. 1040, 50 L.Ed. 2d 751.

Summary judgment should not be used as substitute for trial  on
facts and law, especially where parties are entitled to trial by jury, and
more fact that trial judge believes that plaintiff cannot win lawsuit before
jury does not endow him with authority to take place of jury and decide
hotly contested issues of fact.  Cox v. English-American Underwriters
(CA. Cal. 1957) 245 F.2d 330.

Summary judgment is lethal weapon and courts must be mindful  o
its aims and targets and be aware of overkill in its use. Brunswick Corp.
Vineberg, (C.A. Fla. 1967), 370 F.2d 605.

Summary judgment is drastic remedy which should be granted onl
when it is clear that requirements of this rule have been satisfied.
Auletta v. Tully, (D.C.N.Y. 1983), 576 F. Supp. 191, affirmed 732 F.2d 1
142.

IN the case Slavin v. Curry, 574 F. 2d 1256, 1260 (5th Cir. 1978) the U.S.
Court of Appeals For the Fifth Circuit, held & stated as Follows:
The federal view of a Judge that the obligations of a pro se complaint
are implausible (cannot) temper his duty to afford such
pleading a liberality."

In the case of Ferdick v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992);
the Ninth Circuit, held/stated as follows:

Dismissal is harsh penalty and should be imposed
only in extreme circumstances.

In Taylor v. Gibson, 529 F.2d 707, 709 (5th Cir. 1976); the Court of
Appeals for the Fifth Circuit, held/stated as follows:

(J)udges must balance their misgivings and skepticism
about the usual § 1983 prisoner suit against the cold
knowledge that in certain instances injustices to
prisoners occur in jails and prisons some of which
violate constitutional mandates . . . .
(I)t is the responsibility of the courts to be
sensitive to possible abuses in order to ensure that
prisoner complaints, particularly pro se complaints,
are not dismissed prematurely, however unlikely the set
of facts postulated.

In Balistreri v. Pacifida Police Dept., 901 F.2d 696 (9th Cir. 1990)
the Court of Appeals for the Ninth Circuit, held/stated as follows:

There is   obligation to construe pleadings liberally
and to afford plaintiff benefit of any doubt in
civil rights  cases, where plaintiff is pro se also,
pro se pleadings are to be held to a less stringent
standard than pleadings drafted by attorneys.

Plaintiff furthermore avers & submits, that in Alabama Farm Bureau

Mutual Casualty Company Inc., ect., v. American Fidelity Life Insurance

Company, ect., et al., 606 F.2d 602 (5th Cir. 1976); the Court of Appeals

for the Fifth Circuit, held/stated as follows:

'Cases in which the underlying issue is one of motivation,
intent, or some other subjective fact are particularly
inappropriate for summary judgment, as are those in which
the issues turn on the credibility of the affiants.'
Slavin v. Curry, 574 F.2d 1256, 1267 (5th Cir. 1978):
quoting Conrad v. Delta Airlines, Inc., 494 F.2d 914, 918
  (7th Cir. 1974).   Summary judgment may be improper
even though the basic facts are undisputed, if the
ultimate facts in question are to be inferred from them, and
the parties disagree regarding the permissible inferences
that can be drawn from the basic facts.  Winter v.
Highlands, 569 F.2d 87, 89 (5th Cir. 1978).   (T)he
choice between permissible inferences is for the trier
of facts.'  Nunez v. Superior Oil Co., 572 F.2d 857, 862
(5th Cir. 1978) (quoting Walker v. U.S. Gypsum Co., 270
F.2d 857, 862 (5th Cir. 1959) cert. denied 363 U.S. 90
S. Ct. 1240, 4 L. Ed. 2d 1148 (1960).

where a jury is called for, the litigants are entitled
to have the jury choose between conflicting inferences
from basic facts. Nunez, 572 F.2d at 1124.

In Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct 2963 (1974); it was
stated/held:

Lawful imprisonment necessarily makes unavailable many
rights and privileges of the ordinary citizen, a
retraction justified by the considerations underlying
our penal system." But though his rights may be
diminished by the needs and exgencies of the institutional
environment, a prisoner is not wholly stripped of
constitutional  protections when he is imprisoned for
crime.    There is no iron curtain drawn between the
constitution and the prisons  of the country. (Wolff,
418 U.S., at 555-56).

Plaintiff also avers &submits, that;    "Summary Judgment must be
used selectively to avoid trial by affidavit."   See, Donahue v. Windsor
Locks  Board of Fire Com'rs., 834 F.2d 54  (2d Cir. 1987).

Also, in Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598,
26 L.Ed. 2d 142  (1970); the U.S. Supreme Court, held/stated as follows:

Summary Judgment is a drastic remedy to be granted only
where the requirement of Rule 56, Federal Rules of
Civil Procedure have clearly been met.   A motion for
summary judgment does not entitle the court to try issues
of fact.   Its function is limited to deciding whether
there are any such issues to be tried.   In making that
determination "it must resolve all ambiguities and draw
all reasonable inferences in favor of the party against
whom summary judgment is sought.   with the burden on
the moving party to demonstrate the absence of any
material factual issue genuinely in dispute."

Also, one court at least, has questioned "whether the summary
judgment procedure should ever be employed against an incarcerated
party; . . . . . . . .in view of the language of Fed. R. Civ. P. 56 (f)."

See, Bracey v. Herringa, 466 F.2d 702 (7th Cir. 1972). See also,
Hudson v. Hardy, 412 F.2d 1091 ,1095 (D. C. Cir. 1968).  Also, loss of
constitutional rights, even for short periods of time constitute irreparabl
injury.  Elrod v. Burns, 427 U. S. 347, 96 S.Ct. 2673 (1976).  Also see,
Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328 (5th Cir.

ARGUMENTS

I. DEFENDANTS ARE "NOT" ENTITLED TO JUDGMENT AS A MATTER OF LAW, HEREIN THIS CASE AND THEIR MOTION FOR SUMMARY JUDGMENT MUST BE DENIED, WITH PREJUDICE.

A. Plaintiff's claims must "not" be Dismissed As He Has "not" failed To Exhaust His Available Administrative Remedies.

First of all, In Response to what the Defendants' claim on P-7 of their memorandum In Support Of Motion For Summary Judgment, 4/Plaintiff avers & submits that while it is true that under the Prison Litigation Reform Act of 1996, 110 Stat. 1321 (P.L. 104-134 plaintiff must exhaust his available administrative remedies before he is permitted to bring an action based conditions of his confinement, based upon his following facts, arguments & citations of authorities as below, at __ it is "not" true that plaintiff has forfeited only this burden or that his claim must be dismissed...

Second of all, In Reply to what the Defendants claim & argue on P-8 of their Memorandum In Support Of Motion For Summary Judgment, 5/Plaintiff avers & submits that it "is" true he pursued an official inmate the way up to final review as to the issues of the denial(s) by Defendants, herein, of his law materials, a fact which the Defendants "have" already admitted, herein this case. 7/ the plaintiff si, 1999, attempted to exhibit his available administrative remedies under DC-ADM #804, as to the of Defendant's denials of his religious materials, showers, yard/outside exercise & the placing of a over his cell door/excessive heat/poor ventilation, by filing an official Inmate Grievance concerning those issues/claims, 8/however, Mr. Ben C. Livinggood, the SCI-Camp Hill Grievance Coordinator, of established written & Prison Grievance Policy, refused to process & file such same Grievance before plaintiff unprocessed on December 8, 1999, as he claimed previously that this was a PRC matter, however, as show

E. Exceptions
In initial review and appeal from initial review of issues related to the following Administrative Directives be in accordance with policies outlined therein, and will not be reviewed by the Grievance Officer or Grievance Coordinator

2. DC-ADM-801—Inmate Disciplinary and Restricted Housing Unit Procedures. See DC-ADM-801

and the Grievance on said issues which this plaintiff filed on December 8, 99, did "not" pertain to Disciplinary
Furthermore there is no provision/procedure under DC-ADM #804, for Refusing to process/file & Return when the issues complained about therein said grievance are a PRC matter, Except as outlined therein
E.2, and thus Mr. Livinggood was wrong & Violated this Policy when he Refused to process/file & Return plaintiff
and, furthermore in the unsworn Declaration of Ben C-Livinggood which the Defendants, herein, have sub
of their Motion For Summary Judgment, Mr. Livinggood states, under penalty of perjury & based on personal
Under the grievance system, inmates can submit grievances regarding any problem they
during the course of confinement, providing the problem is not already covered by another
or Policy. For example, misconducts are covered by a separate policy and procedure ...
Furthermore, this Plaintiff should "not" have to Exhaust his available
remedies For the denial of his Religious materials/books, as it has long been held by the U.S.
courts that those type of claims which are considered to be prison conditions claims, are those w
1/See Defendants' memorandum In Support Of Motion For Summary Judgment, at 7.
2/See Defendants' Claim of the Prison Litigation Reform Act as being of 1995 is incorrect as such Act was ena
3/See Defendants' memorandum In Support Of Motion For Summary Judgment at 8.
4/See Defendants' Response to Plaintiff's First Set of Interrogatories & Answer thereto as No. 25, attached as, Plaintiff
Appendix of Exhibits to Plaintiff's Response thereto to Defendants' Motion For Summary Judgment And Memorandum
5/See Plaintiff's official Inmate Grievance dated December 8, 1999 In Plaintiff's Exhibit — 3 — attached
6/See Plaintiff's official Inmate Grievance dated December 8, 1999 by Ben C. Livinggood, Grievance Coordinator thereto

brought & raised under the 8th Amendment of the United States Constitution, i.e., for example claims of showers, excessive heat/poor ventilation, outside exercise/yard ect., and given such, those such as denial of legal and/or religious books/materials, which can be brought only under the 14th Amendments of the United States Constitution, are "not" prison conditions claims the §1997e(c) is "not" applicable nor mandatory to such 1st Amendment U.S. Constitutional claim.

Also, this Plaintiff "did" file an official inmate grievance and take such an appeal all the way up the final complaining about when Defendants Rubendall and Roger failed to return all of this Plaintiff's religious materials/books, for over two weeks, which had been confiscated from Plaintiff & his/HM RHU B-57 cell on April 21, 2000. (See Plaintiff's Exhibit — K — of the Appendix of Exhibits Plaintiff's Brief in Opposition to Defendants Motion For Summary Judgment And Memorandum In Support).

Besides all of this, the Plaintiff had on December 1, 15, 1999, done as McLivingood grievance coordinator told him to do on December 8, 1999, addressed all of these same issues & claims to Defendant Deputy Superintendent Palkovich & the SCI-Camp Hill P.R.C., but to no avail, as nothing was done.

Plaintiff also avers & submits that he also complained about all of such claims, as raised in his and Amended Complaints in this case, in writing, on an Inmate Request Form sent to Defendant K. November 30, 1999, and in writing, in a Letter sent to then Executive Deputy Secretary Dr. Beard, Pa. Department of Corrections, on November 30, 1999, (See Plaintiff's Exhibit — M — of his Exhibits to Plaintiff's Brief in Opposition to Defendants Motion For Summary Judgment And Memorandum) given that the SCI-Camp Hill grievance coordinator Ben C. Livingood refused to process Plaintiff's December 5, 1999, grievance as to the issues/claims of defendant's denial of Plaintiff materials/books, showers & outside exercise & as to the placing of the plexy lass shield on cell door/excessive heat/poor ventilation, such illegally prevented this Plaintiff from exhausting available administrative remedies under DC-ADM#804, for such, through no fault of his own rendering such administrative remedies "unavailable" to this Plaintiff for such, and, for such, in Brennan, 219 F.3d 279 (3rd Cir. 2000), our Third Circuit U.S. Court of Appeals, ruled & held —

[2] But we find Camp's second position persuasive. It will be recalled that [u]nderstandably enough, under section 1997e(a) the prisoner need only exhaust such administrative remedies [as are] available. From Camp's description of events at SCI-Allen, which defendants have not refuted in factual terms, he faced somewhat of a catch-22 situation there — — — —
— — — This judicial consideration is now open to him. We affirm the district court's holding that excessive force claims are subject to the statutory exhaustion requirement. Having done so, we further hold that Camp has met that requirement and remand the case for resolution on the merits[.]/
The facts recanto herein this case sub judice are similar to that in Camp, above, & thus the ruling/holding applicable to & legally controlling in this Plaintiff's case here. Third & all, in the unsworn declaration this case, Mr. Livingood, states —

The grievance filed on March 24, 2000 did mention the plexiglass shield that had been placed on his cell door & complained about the ventilation — — "/
— — The Plaintiff did not appeal that grievance —"/
and the Defendants also raised & mention the above on page — 5 — of their Memorandum in Support of Judgment, however, the Plaintiff avers & submits to the extent that such is true, as contrary to what Mr. states & claims about the plaintiff "did" appeal such grievance no. CAM-0208-00 to Defendant Supt. Dragovich by following SCI-Camp Hill RHU outgoing mail policy, by placing such written grievance appeal on the bar to ship RHU officers to pick up & place in the RHU Request mail box to be picked up the next morning by the

mail and/or Request Boxes, as said officers were then illegally retaliating against
for his past & present behavior and for his filing Grievances & Staff, & thus, this Plaintiff
in the same situation, herein this case, as campus was in, in Campb. Brennan, and thus, this
has "not" failed to exhaust his available administrative remedies and his CRA Rights/Claim m...

## B. Plaintiff Has "Not" Failed To Establish Claims For Which Relief Can Be Granted.

First of all, in reply to what the Defendants argue & claim on p. 9 _of their_
In support of motion For Summary Judgment, Plaintiff avers & submits that bas
he states & argues to also upon the citations of authorities, herein, below & in Brg, a
his claims in this case do "not" fail in all respects as a matter of Law and the Def
"not" entitled to judgment as a matter of law, (even) & their claims & arguments "are" contrary to the
& other federal law or, at least, "are" contrary to the controlling State Law.

### a. Showers, Exercise & Cell Conditions /temperature/ventilation.

Second of all, in reply to what the Defendants argue & claim on p. 10, of their Memo
of motion For Summary Judgment, Plaintiff avers & submits that, M.D. LR 28, or
its relevant part, states, that:

> Briefs shall contain complete citations of all authorities relied upon, including
> whenever practicable, citations     both to official and unofficial reports. A
> copy of any unpublished opinion which is cited must accompany the
> brief as an attachment. - - - -

however, defendants, herein, fail to attach any copies of the unpublished opinions in De
Vaughn, 1996 W.L. 355398 (E.D-Pa-1996) and in Briggs v. Heidlebaugh, 1997 W.L. 318208 (E.
they rely upon, herein, in support of their argument, that, "The inter mittent denial
LR 7-8, of this court, and therefore, they may/"not" use "nor" rely upon De Fell, ... v. Vaughn, ...
1996) "nor" Briggs v. Heidlebaugh, 1997 W.L. 318208 (E.D. Pa. 1997), herein, "nor" may this Ca
consider "nor" rely upon the decisions therein. Such unpublished opinions/cases, herein, this ca
Defendants arguments from such two cases "a fell" therefore no good & legally frivolous b

Furthermore, this Plaintiff avers & submits that, even if Defendants arguments here
circumstances of this case, justify & require a different holding/result by this court for, DC AE
& DC ADM #804, M.S., both clearly state & require that, "Disciplinary custody status In K
receive one (1) hour exercise per day, five days per week and shall be permitted a minimum of three (3)
shower per week," and the words "will" & "shall" are mandatory language, limiting the discret
create a liberty or property interest (or entitlement). _see:_ Kentucky Dept. Corrections v. Thomps
462/1095-Ct. 1904 (1989), (Olim v. Wakinekona, 461 U.S. 238, 249, 1035 -Ct. 1741 (1983); Meachum v. Fano, 4
596-97; Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 466-467, 101 S. Ct. 2460 (1981). The m
Hewitt v. Helms, 459 U.S. 460-472, 1035-Ct. 864 (1983); accord, Kentucky Dept. of Correct. Bric-Kathwant
at 462; Board of Pardons v. Allen, 482 U.S. 369, 374-80, 107 S. Ct. 2415 (1987). "Substantive pre...
"Substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. , at 249, see also, Tosc... 
1089/1097 n-4 (4th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). For further discussion of "substantive ...
plain English. Use means: When a statute or ...

In _Caldwell v. Miller_, 790 F.2d 589 (7th Cir. 1986), the Seventh Circuit Court of appeals stated:

An agency must conform its actions to the procedures that it has adopted. See Pearce v. Director, Office of Worker's Compensation, 647 F.2d 716 (7th Cir. 1981); Vandermolen v. Stetson, 571 F.2d 617 624 (D.C. Cir. 1977); See also Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed. 2d 270 (1974). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 31 L.Ed. 2d 1012 (1959); see United States v. Nixon, 418 U.S. 683, 779 S.Ct. 1159, (L.Ed. 2d 1105 (1959). An inmate too, has the right to expect prison officials to follow its policies and regulations. Anderson v. Smith, 697 F.2d 239 (8th Cir. 1983). Here, the procedures placed substantial limits on the decision of prison authorities to dispose of an inmate's confiscated personal property.

and the Defendants herein this instant case violated DC-ADM. #801.VI.D.8. when they illegally denied this plaintiff his shower on November 29, December 3, December 6 and December 13, 1999 due to other inmates in the RHU being too loud and disrupting the Unit and this caused this plaintiff to [    ] sores on my arms & legs from not being able to shower regularly & therefore they have violated [    ] prison policy and plaintiff's rights to expect them to follow such. Furthermore, the Plaintiff avers & submits [    ] Federal law mandates showers and a later & exercise for punitive and administrative custody inmates. See [    ] v. Jeffes, 661 F.Supp. 895, 914-15 (1987). See also Jefferson v. Southworth, 447 F.Supp. 179, 191 (D.R.I. 1978)(showers every other day required in lockdown case) aff'd sub nom. Palmigiano v. Garrahy, 616 F.2d 598 (1st Cir.), cert. denied 449 U.S. 839 (1980).

Defendants next claim & argue, that :
Similarly the denial of exercise on two occasions does not amount to the deprivation of life's necessities. Plaintiff does not claim that he was unable to exercise in his cell. He simply claims that he was not allowed to exercise outside (Complaint at 5).

However, Plaintiff avers & submits that in _Wilson v. Seiter_, 501 U.S. 295 111 S.Ct. 2321 (1991) the U.S. Supreme Court stated:
Some conditions of confinement may establish an Eighth Amendment violation "in can bination" when each would not do so alone, but only when they have actually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise. ------- (Wilson, 111 S.Ct. at 2327).

Furthermore, Defendants' claim & argument, that, " Plaintiff does not claim that he was unable to exercise in his cell. He simply claims that he was not allowed to exercise outside. is " contrary to federal law, as Court to consider such has held that an Eighth Amendment right to outside exercise where times are long and has furthermore specifically rejected prison official's arguments, time after time, in cases, that preventing a prisoner with exercise in his cell is insufficient. See for example, Davenport v. DeRobertis, 844 F.2d 1310, 1315 (7th Cir. 1988) and cases cited, cert. denied 488 U.S. 908 (1989); Toussaint v. Yockey, 722 F.2d [    ] 259-60 (D. Utah 1988) and _Turner v. Carlson_, 685 F.Supp. 1335, 1343 (M.D. Pa. 1988). In Davenport v. DeRobertis, 844 F.2d at 1314, the U.S. Court of Appeals for the Seventh Circuit stated held:
If lock-in times are long, it is time relevant that prisoners can do exercise in their cells; they are more entitled to some relief than uninterrupted cell confinement. 

and in the SCI-Camp Hill RHU lock-in times (were) long, (23 hr. per day) in an RHU. ( 24 hrs per day on Sat. See also Wojtczak v. Cuyler, 480 F.Supp. 1288, 1296 1307 (E.D. Pa. 1979); Wilson v. Seiter, 501 U.S. 294, 304-05 111 S.Ct. 2321, 2327 (1991) (Exercise is one of the basic [    ] needs that prison officials must provide for under the Eighth Amendment); _Inmates of B-Block v. Jeffes_, [    ] 275, 490 A.2d 176, 178-80 (Pa. Commw. 1983), aff'd, 509 Pa. 516, 499 A.2d 793 (1985) and _Spain v. Procunier_, 600 F.2d [    ] (9th Cir. 1979). See also 61 P.S. 510, as amended. Furthermore, DC-ADM. #801.VI.D.8. states (requires [    ] Disciplinary Custody Status Inmates will receive one (1) hour exercise per day, five (5) days per week ; )

The above referenced prison policy directive contains mandatory language thus limiting the discretion of prison officials, which the Defendants have clearly violated herein & have likewise violated plaintiff's right to expect them to follow such. See Defendants memorandum of law in support of motion for summary judgment at [    ] 16 also Plaintiff's statement of material facts in [    ]

POLICIES. Defendants next claim & argue that:
Plaintiff's claim regarding the temperture of his cell is equally deficient. The
fact that he was sweating and uncomfortable does not constitute
cruel and unusual punishment. As the Supreme Court noted in Rhodes,
the constitution does not require comfortable prisons. (Rhodes supra) [17]

However, in reply to such the plaintiff avers & submits that, such is both true, in that, first, while it is
true that the Supreme Court noted in Rhodes the Constitution does not require comfortable prisons, second,
that plaintiff's claim regard the temperture of his cell is equally deficient, as his claim here is
more than just a claim that he was sweating and uncomfortable, as such is also a claim of
excessive heat and it has long been held by the Federal Courts that a prisoner may not be subjected
to extreme changes in the temperture. See: Henderson v. Derobertis, 940 F2d 1055, 1059 (7th Cir.);
Fields v. Corley, 823 F2d 52, 54 (8th Cir. 1987); Cassell v. Coughlin, 818 F.2d 1205, 1210 (2nd Cir. 1988); Beck v.
F2d 959, 761 (5th Cir. 1988); French v. Owens, 777 F2d at 1252-53; Lewis v. Lane, 816 F2d 1165, 1171 (7th Cir.);
v. Lamm, 639 F.2d at 568-70; Reece v. Gragg, 650 F.Supp 1297, 1304 (D. Kan. 1986); Russell v. McCarthy,
at 1295-96, 1402; Monmouth County Correctional Institution Inmates v. Lanzaro, 595 F.Supp;
Wilson v. Seiter, 501 U.S. 294, 111 S.Ct 2321 (1991). Also, several courts have held that inadequate ven-
violates the Eighth Amendment. See: Tillery v. Owens, 719 F.Supp 1256, 1271 (W.D.PA 1989); NY v. DANBEER
Williams v. White, 897 F.2d 942, 945 (8th Cir. 1990); Gillespie v. Crawford, 833 F.2d 470 (5th Cir.);
Owens, 777 F.2d 1250, 1252-53 (7th Cir. 1985), cert. denied 47 U.S. 817 (1988); Reece v.
Supp. 1297, 1304 (D. Kan. 1986); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); Inmates
v. Barry, 717 F.Supp. 854, 866-67 (D.D.C. 1989); Ramos v. Lamm, 520 F.Supp 1059, 1063 (D.
and Ramos v. Lamm, 639 F.2d 959, 968-70 (10th Cir. 1980).

Furthermore, as to the claim concerning the placing of a plexiglass shield over the plaintiff's
cell door on November 21, 1999, Defendants claim that such was done because the plaintiff was
disrupting the cell Block, [17] but the one thing this answer cannot escape is the fact that on November 21,
1999, when the plexiglass shield was placed over this plaintiff's RHU Cell Door that there was no
written RHU SCI-Camp Hill, nor DOC Policy/Procedure allowing for such to be done to a prisoner for
yelling & disrupting the Cell Block & such violates this Plaintiff's State & Federal Constitutional right to
freedom of speech under Article 1, §7 of the Pennsylvania State Constitution and, and the First Amendment of the
U.S. Constitution and Cruel and Harsh Punishment under Article 1 § 13, § 14 of the Pennsylvania State
under the Eighth and Fourteenth Amendments of the U.S. Constitution, nor was there any legitimate penological reason for
placing the plexiglass shield over the plaintiff's RHU cell door on November 21, 1999 nor for leaving.

Furthermore, this Plaintiff significantly disputes Defendants' contention/claim that he was
disrupting the cell Block on November 21, 1999, the one he submits that, he is part deaf part of his
right ear, and that as a direct result of such medical condition/impairment this Plaintiff talks a little loud on
November 21, 1999, if anything, he was doing no different than he usually/normally does, talks a little
loud & furthermore, of significant judicial import here is, [18] the fact that Defendants have don't have one
scintilla of record evidence, other than their own unsubstantiated contentions/(meager) assertions, which are
not good enough standing all alone, to support their claim here that the plexiglass shield was placed
over the plaintiff's cell door on November 21, 1999, because he was yelling & disrupting the cell Block, nor that
there was any RHU SCI-Camp Hill and/a DOC written policy/procedure authorizing the placing of such nor

17/ See Defendants' Memorandum in Support of Motion For Summary Judgment at 10.
18/ See Defendants' Statement of Undisputed Facts, at paragraph No. ___ , once here what a then

plaintiff's RHU cell door for such reason, & thus, because there are two substantially different versions here as to this claim, which squarely & substantially conflict with each other which are in significant dispute, such creates a genuine issue of disputed material facts and requires a credibility determination by the fact-finder, which must by law, be left and requires a credibility determination by the fact-finder, which must by law, be left jury in this case to decide and choose between, under the controlling federal law, the court may "not" legally grant the Defendants' Motion For Summary Judgment, herein in case and must deny such, with prejudice, and schedule the case for trial by a jury.

Finally, in sum on this, even if the Plaintiff has failed to establish claims upon which be granted under law (which he has "not") for Defendants' denials of his rights to shower and exercise and for Defendants' subjection of him to excessive heat/poor ventilation in the cell and for the placing of a plexiglas shield over his RHU cell door, he "has" clearly established state prison, statutory & constitutional law violations/claims for each of such by the herein in this case and thus, Plaintiff's claims do "not" fail in all respects as a matter of law action may "not" be legally dismissed by this Court, but "must" be scheduled for a trial by

## B. Access To The Courts

In response to what the Defendants claim & argue on this, on pp.10-11, of their Memorandum Support of Motion For Summary Judgment here in, the Plaintiff avers & submits that the Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996) was brought for inadequate prison law services. This case sub judice does "not" challenge prison law library services & thus is distinguishable from Lewis and Lewis does "not" apply to this here case, nor is Lewis of law in this case, nor does Lewis require this Plaintiff's claims to be dismissed here in

Furthermore, while what Defendants claim Lewis v. Casey requires to true, such is just one way the actual harm or injury requirement can be met and that such is "not" exclusively the only way such can be met, and the nexus of the "actual injury" requirement of Lewis, is such requires that the plaintiff show that "some" policy, program or practice of the prison p from pursuing his claim/case in the courts and this requirement, this Plaintiff "has" clearly met herein in this case, given what he alleges has been done by the Defendants in his complaint's and i and memoranda of law in support of Motion For A Temporary Restraining Order and/or A Preliminary Injunction this case. Furthermore of significant judicial import here, is the fact that Lewis v. Casey or do away with the requirement in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977), that prison authorities assist inmates in the preparation and filing of meaningful legal papers with the courts, see Bounds v.

Obviously, if prison authorities (the Defendants herein) deny this plaintiff access to/possess personal law books & legal papers/court case files necessary to enable him to prepare a plea case, thus causing him to miss the court-ordered filing deadline for such, then that can cause him the case, prison authorities/Defendants herein) have "not" met & complied with the constitutional requir that they assist prisoners in the preparation & filing of meaningful legal papers with the court plaintiff "has" shown an actual injury, in being denied access to the courts under Lewis v. Casey him to miss deadlines & to be unable to file court pleading(s) in this and also in his other which he other wise would have filed therein such. See also Gentry v. Duck worth, 65 F.3d CIR. 1995)

Furthermore, eight years before the U.S. Supreme Court decided Lewis v. Casey on 1996, that

Plaintiff further once avers & submits that since 1969, it has been the law that ----

of prisoners to the courts for purposes of presenting their complaints may not be denied or obstructed. Johnson v. Avery, 393 U.S. 483, 485, 89 S. Ct. 747, 21 L.Ed. 2d 718, 721 (1969). It was recognized in Johnson, 393 U.S., at 487, 21 L.Ed. 2d at 722 = "For all practical pur- if ---- prisoner cannot have the assistance of an adequate law library, their possibly valid constitutional claims will never be heard in any court." Likewise, herein this instan- the same can be said when Defendants denied this Plaintiff access to/posses- his own personal softcover law books & legal materials in the SCI-Camp Hill RHU, in the Complaints in this case.

Litigation itself is a form of expression protected by the First Amendment. Supreme Court has stressed litigation may be a vehicle for effective political expression as well as a means of communicating useful information to the public. When the plaintiff not permitted to have any of his own personal softcover law books & all of his materials & court case files in his cell in the SCI-Camp Hill RHU, & he was denied his stored property in the RHU, as stated & set forth in the complaints in this case, & is no way that he could adequately and/or effectively participate in his rights to lit

Furthermore, such has the potentially harmful effect of causing this Plaintiff courts filing deadline(s)/due date(s) for the filing of his Motions, Briefs, Reply Brief, etc., courts in his various active 12 State & Federal courts) civil actions & appeals an state criminal case and, in fact "has" already done so.

Prison officials may not deny an inmate access to the courts and retaliate against him for exercising that right. Rizzo v. Dawson, 778 F.2d ? 1985) ; Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed. 2d 935 (1974) a Avery, supra.

Right of Access to the courts is derived from the due process clause, priv immunities clause, and the First Amendment. Simmons v. Dickhaut, 804 F.2d 182 (1st allegation of intentional violation of rights to the courts states a cause of action in the which prohibits deprivation of federal statutory or constitutional rights under color of st

The right of access is a discrete, constitutional right, derived from various constitution in part from the due process clause, Chambers v. Baltimore & Ohio Rail Road, 207 U.S. 142, 148, 28 2, 143 (1907) and the First Amendment, California Motor Transportation Company v. Trucking Unlimit 508, 513, 92 S. Ct. 609, 613, 30 L.Ed. 2d 642 (1972). See also Ryland v. Shapiro, 708 F.2 (5th Cir. 1983). The right of access is fundamental. Bounds v. Smith, 430 U.S. 817, 828 (1977). It follows logically that the allegation of intentional violation of rights of acc states a cause of action under § 1983. In Bounds v. Smith, supra, the U.S. Supreme prison officials must have to t. to inmates in the preparation and filing of meaningful legal papers ----" (Bounds, 430 U.S. at 828, 97 S. Ct. 1491)

By the acts, acting & conduct in the case at hand, the Defendants h

in other cases of his, which he otherwise would

extensions of time in other cases of his, which he otherwise would have tried for & which this caused delay therein & thereby interfering w have tried for & which this caused delay therein & thereby interfering w delaying & denying him his rights under the 1st & 14th Amendments, U.S. Const to have "adequate", "effective" & "meaningful" access to the courts & Defenda "have" done so deliberately & intentionally, herein. Furthermore, see: Wright v. 799 F. 2d 964, 968 (11th Cir. 1986); Stanley v. Brown, 416 F. 2d 105, 107 (5th Cir. 1969); Jack Pecunter, 789 F. 2d 307, 310, 311 (5th Cir. 1986); Morello v. James, 627 F. Supp. 1571, 157 1986); Tillery v. Owens, 719 F. Supp. 1256, 1282, 1284 (W.D. Pa. 1989); Rentzke v. Dahm, 77 1121, 1130 (D. Neb. 1989); Toussaint v. McCarthy, 801 F. 2d 1080, 1108-10 (9th Cir. 1986); 211 981 F. 2d 694 (2d Cir. 1992) and Sowell v. Vose, 941 F. 2d 32, 34, 35 (1st Cir. 1991); 96 v. Carlson, 652 F. 2d 371, 374 (2d Cir. 1981) (right of access "must be freely exerc without hindrance or fear of retaliation"). Furthermore, it was stated/held in Hauck, 452 F. 2d 1071-72 (5th Cir. 1971), that:

access to the courts is a fundamental precept of our legal system of government. Not the zen, regardless of his transgressions, is ever to be legally consigned to the total and unreviewed power of any branch of government. To make the system work - to maintain the proper checks on the power balance, no person subject to the power of government can be denied communication with or access to any of the three spheres of governmental authority. This principle serves the highest government much as it serves the needs of the individual. (And Rade, 452 F. 2d at 1071-72

Furthermore, it has been held that; "mere presence of a law library, is no te cannot exercise their rights. See: Ruiz v. Estelle, 503 F. Supp. 1265

Furthermore on this, the Plaintiff avers & submits that seizure or deprivation legal papers may violate the constitution. See: Brownlee v. Conine, 957 F. (7th Cir. 1992); Roman v. Jeffes, 904 F. 2d 192, 198 (3d Cir. 1990); Morello v. James, 810 F. 1987); Simmons v. Dickhaut, 804 F. 2d 182, 183-85 (1st Cir. 1986); Wright v. New 968 (11th Cir. 1986); Patterson v. Mintzes, 717 F. 2d 284, 288 (6th Cir. 1983); Tyler v. 643, 644 (8th Cir. 1979); Williams v. ICC Committee, 812 F. Supp. 1029, 1032-33 Gallipeau v. Beard, 734 F. Supp. 48, 53 (D. R.I. 1990); Bala bin v. Scully, 606 F. S 1985); Stringer v. Thompson, 537 F. Supp. 133, 137 (N.D. Ill. 1982); Sigler v. Be F. Supp. 1264, 1265 (W.D.W. Va. 1981); Carter v. Hutto, 781 F. 2d 1028, 103 (claim stated when prisoner alleged prison officials confiscated materials); Procunier v. Martinez, 416 U.S. 396, 94 S. Ct. 1800 (1974) (a pri right of access to court if prison staff confiscate his legal materials or otherwise interfere with any communication between the prisoner an prison officials cannot deny a prisoner his legal research, scientific a paperwork in an area beyond prisoner control violates the case's p

and above, including the following = challenging the legality of their conviction or confinement, seeking redress for illegal conditions or treatment while under correctional control, pursuing remedies in connection with civil legal problems, and asserting claims against correctional or other governmental authority any other right protected by constitutional or statutory provisions or common law. Inmates seeking judicial relief are not subjected to reprisals or penalties because of the decision to seek relief.

Court access enters the picture through the First Amendment when officials bar ability to have the materials necessary to comprehend the transcript, and reports of one's criminal conviction. Transcripts and evidence are not generally specific to each conviction. Errors in one case may not appear in the next. Thus, prison cannot deny an inmate his legal research, scientific or otherwise, when this is his only chance for freedom is "in the books" through the courts.

Finally on this Seventh the plaintiff fails to establish a federal claim for Defendants' confiscation [denial] of his own personal soft cover lawbooks & legal materials and for their violation of plaintiff's 1st & 14th amendment, U.S. Constitutional rights to have "adequate", "effective", and "meaningful" access to the courts (which he does "not"), he still "has" established claims for such Pa. State Prison Policy Directives) and under Pa. State Constitutional laws. As DC-ADM.#801 VI.C.D.5 states=

   Disciplinary custody status inmates will be permitted legal materials that may be contained in one (1) records center box. Any additional legal material will be stored and made available upon request or an even exchange bas-...=5

and as DC-ADM.#801 VI.M.5, states=

   DC status inmates will be permitted to retain religious as well as legal materials that may be contained in one (1) records center box. Any additional legal or religious materials will be stored and made available upon request on an even exchange basis, not more than once every 30 days unless approved by FMCO.//

both of these above—listed prison policy directives contain mandatory language limiting the discretion of prison officials / the defendants, herein, and as Article 1, §1 of the Pa. State Constitution, states=

   All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

and as Article 1, §20 of the Pa. State Constitution, states,

   The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance.

and as Article 1, §26 of the Pa. State Constitution states=

   Neither the commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

and as the Defendants, herein, "have", violated all of the above, by their acts, actions, inaction in the complaints herein, his civil rights, actions, as such may legally be ...
so this is the prison or policy directive in effect at the relevant date/times, herein, in November ...

by this court, but must be scheduled for a jury trial.

Defendants, first of all, claim & argue, on this, that:
plaintiff asserts that on two isolated occasions he was denied
religious materials. He asserts that from December 1 through
December, 1999, that he was denied unidentified religious materials
(complaint, 16,17). He also claims that at the end of April, 2000,
his Bible was not returned to him after the staple slau/burying incident
(supplemental complaint, 10). Neither assertion states a claim
under the First Amendment.

However, by way of reply to the above, the plaintiff avers & submits that such claim
true and untrue, as it "is" untrue and Defendants "lie" when they state that plaintiff
that on two isolated occasions he was denied religious materials. He asserts
December 1 through December 1999, that he was denied unidentified religious ma
(complaint, 16,17)" as nowhere in his initial complaint does the plaintiff assert that two
occasions he was denied religious materials "nor" does he assert anywhere
complaint, that from December 1 through December, 1999, that he was denied unidentified
materials, however, what he "does" assert in his initial complaint, herein this case, here a
"on December 1, 1999, and December 4, 1999, the plaintiff attempted to inform Defendant Lt. R
nurse) of "is" being illegally denied his religious literature/materials, but Defendant Lt. Rha
to listen to and/or discuss the matter of the denial of his religious materials with c
Palakovich, reminded him of DOC B.P.G. DC-ADM.#801-2 Pon such, and verbally ask
the RHU staff to give me my religious materials, as I however, nowhere in his initial co
this plaintiff assert that from December 1 through December, 1999, that he was de
religious materials, in fact, the plaintiff does "not" ever state the exact date(s) as to w
denied his religious materials on, nor for how long he was denied such, in his initial complain
case 6/ however, it is true that he also claims that at the end of April, 2000, his Bible an
religious materials was not returned to him after the staple swallowing incident and pl
neither assertion states a claim under the First Amendment, based upon what set forth herein, as well as that a
initial complaint at paragraph Nos. 16-17, & based upon that set forth in his supplemental complaint at
16-17/ plaintiff avers & submits that he was "stated claims under the First Amendment at this, & thus th
"not" entitled to judgment as a matter of law at this claim, herein this case.

Defendants next claim & argue, on this, that:   cy of each to the

moreover the courts have recognized the legitimacy
religious material or immaterial as immaterial may pertain while housed in the RHU Ac
178 974 F.2d F.2d 1991, & the plaintiff avers & submits that, once again here, the Defendants
However, in reply to the above, the plaintiff have never any copy of the courts unpublished decision in Acosta's Body, no
attach to their memorandum, any copy of the courts unpublished decision in Acosta's Body, no
of this court there are, as a consequence, they are "not" entitled to use/rely upon Acosta's Body, no
legally consider such case herein this case, and as Defendants cite no such case this that to the co
must file.
23/ see Defendants' memorandum in support of motion for summary judgme
24/ see plaintiffs initial complaint at paragraph No. 16.
25/ see id. at paragraph No. 17.
26/ Although he does not state such in his initial complaint herein, the actual dates he was d
was on November 26, 1999 - January 30, 2000

Defendants next claim & argue on this, that:

In this case, the evidence shows that plaintiff was limited to one box of materials and a personal Bible while housed in the RHU (Livingood Dec., ¶¶ 25, 26 Exb). Moreover he could exchange these materials periodically on an even basis for others materials he maintained in Storage (Id.) In addition, the record shows that as of November 26, he had a personal Bible in his cell (Livingood Dec. ¶¶ 25, 26 Exb). Thus even though he may not have had religious materials, he did not suffer a violation of his First Amendment Rights. [25/]

However, in reply to such, the plaintiff was limited to one box of materials & a personal Bible while housed in the RHU from November 26, 1999, — January 30, 2000, the materials (as referred to here) were "legal materials", thus "untrue & Defendants "lie" when they claim that, he could exchange these materials periodically on an even basis ~~for others materials he maintained in storage.~~ Defendants have not submitted one scintilla of record evidence here showing that any DOC-SCI-Camp Hill Policy allowed an RHU inmate to exchange his bible or equivalent religious publication for other materials during the relevant time period in question here from November 26, 1999 - 30, 2000, and in fact, this very same DC-ADM #801 Inmate Disciplinary And Restricted Housing Unit Procedures Directive which Defendants have submitted, herein, as Exhibit Documents Supporting 'Defendants' Motion For Summary Judgment (DC-ADM #801) specifically states only legal materials can be exchanged on an even basis and such proves Defendant's are "lying" in a deliberate & malicious attempt to ~~mislead~~ Islead this Court & comm[...] here on this, and, second of all, Defendants' claim & argument that, "thus even though he have had other religious materials he did not suffer a violation of his First Amendment R[...] "Is" clearly contrary to federal law, as such denies plaintiff his rights to fully practice his religion (christianity), as, such denied him his religious study booklets, his strong concordance of the Bible & his Bible Dictionary, which he uses for his religion to learn & gather further information on different subjects/topics of the Bible & to enhance his knowledge & beliefs of the tenets of his religion — and as such further denied his Daily Guide posts 2,000 Book, this plaintiff, which he uses for his meditation & Devotional time with God and that a religious study and Devotional/Meditation time "Is" the foundation of his Religious beliefs and that without such strong Exhaustive Concordance, Dictionary, Dictionary serious Bible Study Booklets and a Daily Guide posts 2,000 Book plaintiff has no religious study/Devotional Materials & was unable to have & was unconstitutionally denied his daily religious study/meditation/Devotional & violation of the tenets of his religious beliefs from 11-26-99 - violation of his 1st & 14th Amendment U.S. Constitutional Rights & freely practice religion of his choice and such also ignored & violated the mandates of DC-ADM #801 ~ 2 & his Rights under Article I, §§ 1 & 3 of the Pa.-Stat[...]

Furthermore, requiring plaintiff to only be able to have one religious [...] or other equivalent publication to fully practice his religion, would be equivalent [...] giving a law school student only one law book, let's say, the Federal Constit[...] him to obtain all of the information/knowledge he needs to know to graduat[...]

Furthermore, on this, see: Mukmuk v. Commissioner of Department 529 F.2d 1276 (1976); Long v. Parker, 390 F.2d 816 (3d Cir. 1968) and Walker v. Blackwell, 411 F.2d 23 (5th Cir. 1969). Defendants finally claim and argue, on this, that:

Likewise, the record shows that at the end of April, 2000 materials were removed from his cell because he attempted suicide by swallowing staples (Supplemental Complaint ¶¶ 4). Some materials were returned to him before the month ended, and others were returned in early May (Livingood Dec. 25, 26 Ex. 7). In light of the circumstances, the relatively brief deprivation of the materials did not amount to a First Amendment violation."

However, in reply to the above, this Plaintiff avers & submits that, first of all, that while it is true that the records show that at the end of April, 2000 materials were removed from his cell because he attempted suicide by swallowing staples and that some of his materials returned to him before the month ended, "it is" untrue & Defendants "Fell when they claim" that others were returned in early May, ½ ette other materials which were removed from the Plaintiff's BB-57 cell in early April 2/, 2000 were "not" returned to this Plaintiff before the month ended ¾ ½ and, it "is" also untrue that in light of the circumstances, the relatively brief deprivation of his materials did not amount to a First Amendment violation, given the facts alleged in this Plaintiff's initial and supplemental complaints, herein this case, given the nature of the violation alleged and that as a matter of law, the continued deprivation of constitutional rights constitutes irreparable harm, see Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976) and Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981) and, given the fact that in this action Defendants here ignores the facts that Defendants Rubendall & Rager deliberately & maliciously ignored & disobeyed the orders of Drs. Lasky and Clark and also of their Superiors, Defendants Palakovitch & Dragovich & three different Lieutenants to get all of my property that was taken from my RHU cell on April 24, 2000 back to me for 18 days and this Defendants Rubendall & Rager had no authority to do so.

Furthermore, this Plaintiff avers & submits that, Defendants' claims on page - 12 - of their memorandum in support of motion for summary judgment ignores the fact that Defendants were required by their own DC-ADM #801-2, prison policy to have other religious materials, besides just a Bible which he permitted the Plaintiff to have other religious materials, besides just a Bible which contained in one record center box & this the Defendants did not do to allow this to have from November 26, 1999, — January 30, 2000, & that, Defendants violated their mandatory prison policy (DC-ADM #801-2) and this Plaintiff's rights under federal law to them to follow such.

Furthermore, here on this, even if this Plaintiff has failed to establish a First violation here on this claim (which he has not so failed) this action still should not be dismissed he has established a violation of state law on the Pendent State Law claims of this herein, under Article I, §§ 13 & 26 of the Pa. State constitution and under DC-ADM #801-2, VI.M.2 and under Title 37, Pa. code § 93.6 based up that which he has set forth and therein Plaintiff's initial, amended & supplemental complaints, herein this instant criminal so, see Defendants memorandum in support of motion for summary judgment, at
3) The material which was returned to Plaintiff by Defendant Rager in early May (on 5/19) was removed from Plaintiff's cell in the early month...

Again, herein this case sub judice, on one hand, the Plaintiff claims that on November 26, 1999, he was denied his religious materials other than a Bible from his personal property boxes because Defendant Lt. Rhoades told its Property Officer Charlie Craig and RHU 6-2 Shift Sgt. Ryles not to give Plaintiff such other religious materials; that, Plaintiff therefore did not have the opportunity to get such religious materials other than a Bible from his personal property boxes on November 26, 1999; and that Plaintiff continued to be denied his religious materials other than a Bible from November 26, 1999 — January 30, 2000.[33] On the other hand, the Defendants claim that day that Defendant Lt. Rhoades ordered RHU Property Officer Charlie Craig and RHU Sgt. Ryles not to give the Plaintiff his religious materials (other than a Bible) from his Property Boxes in the RHU Property Room;[34] that, Plaintiff had the opportunity to obtain the books;[35] and that the Plaintiff was not denied his own personal religious materials in the RHU from November 26, 1999, — January 6, 2000.[36]

Also, herein this case sub judice, on the one hand, the Plaintiff claims Defendant RHU Property Officer Rubendall disobeyed the April 27, 2000, order of Dr. Clark that this Plaintiff be given back all of his legal property, religious property and his other property from his RHU B2-57 cell on the next day (April 28, 2000)[37] and that, Defendant RHU Property Officer Rayer disobeyed the May 8, 2000, orders of Defendant Dragovich and Palakovich to immediately give this Plaintiff the remainder of his legal, religious & other property which had been taken from his RHU B2-57 cell.[37] On the other hand, the Defendants deny such.[37] Because there are substantially different versions here as to these religious freedom rights claims which squarely & substantially conflict with each other and which are significant in such credible genuine issues of disputed material facts and requires a credibility determination by the fact-finder which must, by law, be left to the jury herein this instant case to decide & choose between conflicting ▓▓▓▓▓▓ inferences from the basic facts and therefore, under the controlling federal law, this Court may "not" legally grant Defendants' motion for summary judgment on the Plaintiff's denial of religious materials claims in this case, and must deny such, with prejudice, and schedule this case for trial by a jury.

33/ See the Affidavit of Plaintiff Bhir Richard Cruz at Para. No's 2 & 12, attached on Exhibit -F- of the Appendix of Exhibits to Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support.
34/ See Defendants' Response To Interrogatory No. 3 of Plaintiff's Second Set Of Interrogatories attached on Exhibit -D- of the Appendix of Exhibits To Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support.
35/ See Defendants' Response To Interrogatory No. 2 & 3 of Plaintiff's First Set Of Interrogatories, attached on Exhibit -C- of the Appendix of Exhibits To Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support.
36/ See Defendants' Response To Interrogatory No. 3 of Plaintiff's Request For Admissions, attached on Exhibit -E- 3 of the Appendix of Exhibits to Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support.
37/ See Paragraph No's 11, 12 & 13 of the Plaintiff's Supplemental Complaint on file herein this case.
38/ See Paragraph No. 14 of the Plaintiff's Supplemental Complaint on file herein this case.
39/ See Paragraph No's 10 & 14 of Defendants' Answer To Plaintiff's Supplemental Complaint, attached as Exhibit -B- to the Appendix of Exhibits To Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support.

C.    PLAINTIFFS STATE LAW CLAIMS ARE "NOT" BARRED BY THE ELEVENTH
AMENDMENT AND STATE LAW SOVEREIGN IMMUNITY.

Defendants claim & argue, that:
Plaintiff's state law claims for injunctive relief are barred by the Eleventh
Amendment and his state law claims for damages are barred by state law
Sovereign immunity. [?]

However, in reply to such, this Plaintiff avers & argues that, the Defendants claim/argument that Plaintiff's
state law claims for injunctive relief are barred by the Eleventh Amendment, is "moot", as the Court has a
denied Plaintiff's Motion for a Temporary Restraining order And/or An Expedited Preliminary Injunction
on November 21, 2000, and his State law claims for damages is "not" barred by state law sovereign
immunity, as state law sovereign immunity defense is "not" applicable and cannot legally be
applied/used, herein this case, given & based upon the following arguments & citations of authority.

In Hafer v. Melo, 502 U.S._(1991) 112 S. Ct. 358 (1991), the U.S. Supreme Court stated the
Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed. 2d 114
(1985), the court sought to eliminate lingering confusion about the
distinction between personal- and official-capacity suits. We emphasized that
official-capacity suits "generally represent only another way of pleading
an action against an entity of which an officer is an agent." Id., at 165, 105
S. Ct. at 3099 (quoting Monell v. New York City Dept. of Social Services,
436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L.Ed. 2d 611 (1978)).
Suits against state officials in their official capacity therefore should
be treated as suits against the State. 473 U.S., at 166, 105 S. Ct.
at 3105. Indeed when OFFICIAL is sued in this capacity in federal
court the in leave OFFICE, their successors automatically assume
their place in the litigation. See Fed. Rule Civ. Proc. 25(d)(1); Fed.
Rule App. Proc. 43(c)(1) Plffs Court's Rule 35-3. Because the real party in
interest in an official-capacity suit is the government entity and
not the named official, the entity's "policy or custom" must have played a
part in the violation of federal law." Graham, supra, at 166, 105 S. Ct.
reason, the only immunities available to the defendant in an official-capacity
action are those that the governmental entity possesses. 473 U.S., at 166-67, 105
S. Ct. at 3105. Personal capacity suits, on the other hand, seek to impose
individual liability upon a government officer for actions taken under
color of state law. Thus, [T](o) on the merits, to establish personal liability
in a § 1983 action, it is enough to show that the official, acting under color
of State law caused the deprivation of a federal right." Id., at 166, 105 S. Ct.,
at 3105. (Hafer, 112 S. Ct., at 361-362).

See also Schever v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683 (1974).
Herein this case sub judice, the Plaintiff has sued each of the Defendants named in their
(personal) capacities.
Furthermore, in Howlett v. Rose, 496 U.S. 356, 110 S. Ct. 2430 (1990), the U.S. Supreme Court,
But as to persons Congress subjected to liability, individual states may not
exempt such persons from federal liability by denying a their authority under
heritage. If we were to uphold the immunity claim in this case, every
state would have the opportunity to extend the mantle of sovereign [
immunity to] "persons" who would otherwise be subject to § 1983
liability. States would be free to nullify for their own people
the legislative decisions that Congress has made on behalf of
all the people. (Howlett, 110 S. Ct., at 2476).

Finally, the Plaintiff avers & submits that, Defendants sovereign immunity
also violates the federal law that gives federal courts jurisdiction over pendent
claims and such state immunity law, [████] (Pa. C.S. 8523(b)), would improperly allow
federal court of the supplemental jurisdiction which the U.S. Congress
to hear pendent state law claims, something a state statute has no relevant
to do.

In the foregoing reasons/citations of authority, Defendants

## II. PLAINTIFF'S FURTHER/OTHER ARGUMENTS

Plaintiff avers & submits that, there remains substantial dispute over the claims herein this instant Civil Rights Action & the Defendants herein, have denied that they denied Plaintiff his own personal softcover law books, his legitimate his religious materials, his showers, his outside exercise/yard and that it was that there was poor ventilation in the Plaintiff's RHU Cell; & further there remains substantial dispute over the material facts herein this instant Civil action over why the Plexiglass shield was placed over the Plaintiff's Cell Door, with the Defendants claiming/arguing that such was done to to prevent Plaintiff from & preventing block with his yelling, with the Plaintiff claiming/arguing that such was done in retaliate him exercising his First Amendment Rights to Freedom of speech, and that he was not yelling November & Dec/April, whether Defendants actions were justified or not under the circumstances present. Furthermore, Defendants & the Plaintiff have presented conflicting evidence in relationship above genuine issues of disputed material facts. Furthermore the Plaintiff has right to have the jury determine whether the Defendants denied him his own personal books, legal materials and religious books/materials and whether the Defendant denied him showers and outside exercise/yard and whether it was hot in the Plaintiff's RHU Cell in November & December 1999, and whether there was poor ventilation in the Plaintiff's RHU Cell and what was the reason why the Plexiglass shield was placed over the Plaintiff's RHU Cell Door, and whether the Plaintiff was actually yelling and disrupting the Cell Block in November 21, 1999 and as the foregoing facts & claims all present questions of genuine issues of disputed material facts which factual & credibility determinations to be made by the Fact-Finder (jury) at the jury trial herein, and the are legally entitled to have the jury choose between conflicting inferences from basic facts herein presented

41/See Defendants' Answer To Complaint and Amended Complaint at p. 3, Para. No. 6, Defendants' Answers To Plaintiff's First Set of Interrogatories, Answer No. 3, Para. No. 6, Defendants' Answer To Plaintiff's Request For Admissions at Interrogatory No. 4 & 20, & Defendants' Answer To Plaintiff's Request For Admissions

42/See Defendants' Answer To Supplemental Complaint at P. 3, Para. No. 7, & D.

43/See Defendants' Answer To Complaint and Amended Complaint at p. 3, Para. No. 7/08/4 - Defendants' Answers To Plaintiff's Answer To Supplemental Complaint, at Para. No. 5 - 7/10 & 11 - Defendants' Answers To Plaintiff's Set of Interrogatories, Answer To Interrogatory No. 3 - 7, and Defendants' Answer To Plaintiff's Request For Admissions Set of Interrogatories, Answer To Interrogatory No. 23 - and Defendants' Answer

44/See Defendants' Answer To Complaint and Amended Complaint, at p. 3, Para No. Defendants' Answer To Plaintiff's Request For Admissions, at Para. No.

45/See Defendants' Answer To Complaint and Amended Complaint at p. 3, Para. No. Defendants' Answer To Plaintiff's Request For Admissions, at Para. No. 6

46/See Defendants' Answer To Complaint and Amended Complaint at p. 3, Para. No. 6 & 9 Answers To Plaintiff's First Set of Interrogatories, Answer To Interrogatory No.

47/See Defendants' Answer To Plaintiff's First Set of Interrogatories, Answer To Interrogatory No. 19 and Defendants' Answers To Plaintiff's Request For Admissions, at Para. No.

48/See Plaintiff's Complaint at Para. No. 24.

49/See P. S. Supra hereto

therefore, summary Judgment would be ill[egal] & improper in this case, given that

herein, & given that set forth in the complaints & other pleadings of this case,

& as this Plaintiff has requested a Jury trial herein, and said Jury could

should return a verdict in favor of all issues & claims

claims, herein, as such would be ill[egal] required by & under the applicable controlling of

Federal & Pa. State Law(s), Defendants Motion For Summary Judgment, must, as a matter of law, be denied, with prejudice in

this case.

## III. CONCLUSION

Here in this instant Civil Rights Action sub judice, the Statement of ge

issues of disputed material facts, this Plaintiff's Arguments & Claims of Avail

forth herein in this Brief in opposition to Defendants' Motion For Summary Judg

And Memorandum in support, Plaintiff's Exhibits in the Appendix of Exhibits

Brief in opposition to Defendants' Motion For Summary Judgment and Memo

in support, Plaintiff's Declaration in opposition to Defendant's Motion For Summ

Judgment and Defendants' Statement of Undisputed Facts, Plaintiff's First,

second set of Interrogatories and Defendants' Responses to Plaintiff's First & Second set of Interro

Plaintiff's Request For Admissions and Defendants' Response and supplemental Response to Plaintiff

For Admissions, Plaintiff's Initial, Amended and Supplemental Complaints &

other pleadings of this case, all show that within the limited abilities of a Pro

Plaintiff, Plaintiff John Richard Doe, has clearly & sufficiently shown &

demonstrated that Defendants' claims and Arguments are specious, ludicrous, un

& factually & legally frivolous & are nothing more that a smoke screen with w

Defendants hope to obfuscate the real issues, herein, and that Defendants

is not entitled to Judgment as a matter of law, here in this case as the credibil

of the parties remains an issue, herein, as there still remains genuine is

of disputed material facts, which will require factual and credibility determinations

be made by the Fact-Finder (the Jury) at the Trial, herein, that the Defendants

the Plaintiff have presented conflicting evidence, herein, that the parties a

legally entitled to have the Jury choose between conflicting inferences

from basic facts, herein, & that said Jury could & should return a verdict in fav

of this Plaintiff on all issues & claims, herein, as such would be ill[egal] required

by & under the controlling & other Federal & Pa. State Law(s) & that, therefore, the interes

of fundamental fairness & Judicial harmony & economy require that this Court

deny, with prejudice, Defendants' Motion For Summary Judgment, herein, this case sub

Justice & allow this case to proceed to & by fully developed at the Jury Trial, herein, for to

grant Defendants' Summary Judgment Motion in this case would constitute an abuse of this court's Judicial authority & discr

Would also be contrary to & violate the controlling & other Federal & Pa. State
Law(s) and would unconstitutionally deny this Plaintiff his Rights & the law under
Seventh Amendment of the United States Constitution to have a Jury
here in this case.

This here Brief of this Plaintiff's is Supported By The Following Below Listed Da

A. Defendants' Answer to Complaint And Amended Complaint.

B. Defendants' Answer to Supplemental Complaint.

C. Plaintiff's First Set of Interrogatories And Defendants' Response And Supplemental Response to

D. Plaintiff's Second Set of Interrogatories And Defendants' Response Thereto.

E. Plaintiff's Request For Admissions And Defendants' Response And Supplemental Res

F. Affidavit of Plaintiff John Richard Doe.

G. Plaintiff's Statement of Disputed Material Facts.

H. Plaintiff's Declaration In Opposition to Defendants' Motion For Summary Judgm
Defendants' Statement of Undisputed Facts.

I. The RHU Property Officer's Notes on Property For Plaintiff John Richard
J. Plaintiff's 12-05-99 Official Inmate Grievance Concerning the Claims of Denial of Plaintiff's
materials, showers, yard/outside exercise @ the Plexiglass shield/Excessive Heat/Ventila
and the Grievance Coordinator's 12-08-99 Rejection Form Letter on such Grie

K. Plaintiff's Official Inmate Grievance of May 8, 2000, Against Defendants Rudendall & K
Denial of Plaintiff Property and the August 11, 2000, and September 8, 2000, Decisions on App
L. Plaintiff's 11-28-01 Inmate Request, to S.C.I. Camphill Program Review Committee And the 12-4-
M. Plaintiff's 11-30-99 Letter to Executive Deputy Secretary Beard & the December 9, 1999, Reply t
N. Plaintiff's 5-24-00 Letter to Defendant Dragovich and Defendant Dragovich's 5-24-00 Reply T
O. The relevant portions of DC-ADM.#801, DC-ADM#801-2 and DC-ADM
Complaints and other pleadings in this case, all of which ar
now here by incorporated herein by reference here unto the same as they reach of each we set forth h

IV. RELIEF REQUESTED

(W) HEREFORE, the Defendants Motion For Summary Judgment should, as a
be denied, with prejudice, herein this case, and the case should be teste
By a Jury:

RESPECTFULLY SUBMIT
(S) John Richard D
MR. JOHN RICHARD D
#BQ-3219
SCI-Greensburg
175 Progress Drive
Waynesburg, PA. 1537

<u>Certificate of Service</u>

I Certify that on this 25th day of Octoeber, 2001, I mailed the person listed below, a true & correct copy of the within the Brief In Opposition To Defendants' Motion For Summary Judgment And Memorandum In Support *and Appendix of Exhibits* by way of U.S. 1st Classmail Postage Prepaid & addressed to:

> MR. Michael L. Harvey, SDAG
> Office Of the Attorney General
> 15th Floor — Strawberry Square
> Harrisburg, PA. 17120

I Certify that on 10/25/01  I gave to Prison Official here (err) mailing to this Court, the originals of the above same documents:

Signed under penalty of perjury at Waynesburgh, Pennsylvania on this 25th day of Octoeber, 2001:

> (S)_____
> MR. JOHN RICHARD JAE,
> Plaintiff and Pro Se Counsel